Clay M. Taylor
Texas Bar I.D. No. 24033261
C. Joshua Osborne
Texas Bar I.D. No. 24065856
Bryan C. Assink
Texas Bar I.D. No. 24089009
Harrison A. Pavlasek
Texas Bar I.D. No. 24126906
BONDS ELLIS EPPICH SCHAFER JONES LLP
420 Throckmorton Street, Suite 1000
Fort Worth, Texas 76102
(817) 405-6900 telephone
(817) 405-6902 facsimile
Email: clay.taylor@bondsellis.com
Email: c.joshosborne@bondsellis.com
Email: bryan.assink@bondsellis.com
Email: harrison.pavlasek@bondsellis.com

**COUNSEL FOR THE DEBTOR**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | CHAPTER 7 |
| | § | |
| WITH PURPOSE, INC., | § | CASE NO. 23-30246-mvl7 |
| | § | |
| Debtor.[1] | § | |
| | § | |

## DEBTOR'S NOTICE OF ISSUANCE OF
## SUBPOENA FOR PRODUCTION OF DOCUMENTS TO HUNTER BYWATERS, ET AL.

Debtor, With Purpose, Inc., by and through its undersigned counsel, and pursuant to

Federal Rule of Civil Procedure 45 as incorporated by Federal Rule of Bankruptcy Procedure 9016,

hereby gives notice that a *Subpoena to Produce Documents, Information, or Objects or to Permit*

*Inspection of Premises in a Bankruptcy Case (or Adversary Proceeding)* will be served on Ashburn

Hunter Bywaters III (attached as **Exhibit A**); Bywaters Company Management, LLC, c/o Ashburn

Hunter Bywaters III (attached as **Exhibit B**); The Bywaters Law Firm, PLLC, c/o Ashburn Hunter

---

[1] The Debtor's address is 11700 Preston Road, Suite 660-394, Dallas, TX 75230.

Bywaters III (attached as **Exhibit C**); and Adam Aleksander fashion house, LLC, c/o Jenny I Gruber (attached as **Exhibit D**) for the production of documents on, or before, March 9, 2023.

Dated: February 24, 2023

Respectfully submitted,

*/s/ Clay M. Taylor*
Clay M. Taylor
Texas Bar I.D. No. 24033261
C. Joshua Osborne
Texas Bar I.D. No. 24065856
Bryan C. Assink
Texas Bar I.D. No. 24089009
Harrison A. Pavlasek
Texas Bar I.D. No. 24126906
BONDS ELLIS EPPICH SCHAFER JONES LLP
420 Throckmorton Street, Suite 1000
Fort Worth, Texas 76102
(817) 405-6900 telephone
(817) 405-6902 facsimile
Email: clay.taylor@bondsellis.com
Email: c.joshosborne@bondsellis.com
Email: bryan.assink@bondsellis.com
Email: harrison.pavlasek@bondsellis.com

**COUNSEL FOR THE DEBTOR**

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that, on February 24, 2023, a true and correct copy of the foregoing document was served via the Court's CM/ECF system on all parties requesting such service in this case.

*/s/ Clay M. Taylor*
Clay M. Taylor

## Exhibit A

**"Subpoena for Ashburn Hunter Bywaters III"**

B257 (Form 257 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/13)

# UNITED STATES BANKRUPTCY COURT

_____ Northern _____ District of  Texas _____

In re ___ With Purpose, Inc., _____

_____ Debtor

_(Complete if issued in an adversary proceeding)_

Case No. _____ 23-30246 _____

Chapter 7 _____

_____

_____ Plaintiff

v.

Adv. Proc. No. _____

_____

_____ Defendant

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: _____ Ashburn Hunter Bywaters III, ████████████████ _____

_(Name of person to whom the subpoena is directed)_

■ _Production_: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: **See "Addendum—Documents to Produce"**

| PLACE: **Bonds Ellis Eppich Schafer Jones LLP 420 Throckmorton St., Suite 1000 Fort Worth, TX 76102 or electronically to clay.taylor@bondsellis.com**<br><br>**Munsch Hardt Kopf & Harr, P.C, 500 N. Akard Street, Suite 3800, Dallas, TX 75201 or electronically to drukavina@munsch.com** | DATE AND TIME: **On or before March 9, 2023** |
|---|---|

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: __February 24, 2023_____

CLERK OF COURT

OR

_____       _/s/ Clay M. Taylor_____
_Signature of Clerk or Deputy Clerk_          _Attorney's signature_

The name, address, email address, and telephone number of the attorney representing _(name of party)_ With Purpose, Inc., who issues or requests this subpoena, are:
Clay M. Taylor; 420 Throckmorton St., Suite 1000, Fort Worth, TX 76102; clay.taylor@bondsellis.com; (817)405-6900

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B257 (Form 257 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

B257 (Form 257 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

**Addendum—Documents to Produce**

Clay M. Taylor
Texas Bar I.D. No. 24033261
C. Joshua Osborne
Texas Bar I.D. No. 24065856
Bryan C. Assink
Texas Bar I.D. No. 24089009
Harrison A. Pavlasek
Texas Bar I.D. No. 24126906
BONDS ELLIS EPPICH SCHAFER JONES LLP
420 Throckmorton Street, Suite 1000
Fort Worth, Texas 76102
(817) 405-6900 telephone
(817) 405-6902 facsimile
Email: clay.taylor@bondsellis.com
Email: c.joshosborne@bondsellis.com
Email: bryan.assink@bondsellis.com
Email: harrison.pavlasek@bondsellis.com

**COUNSEL FOR THE DEBTOR**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | CHAPTER 7 |
| | § | |
| WITH PURPOSE, INC., | § | CASE NO. 23-30246-mvl7 |
| | § | |
| Debtor.[1] | § | |
| | § | |

## <u>ADDENDUM—DOCUMENTS TO PRODUCE</u>

TO:         Ashburn Hunter Bywaters III, ███████████████████████:

With Purpose, Inc., d/b/a GloriFi, the above-captioned debtor (the "**Debtor**" or "**WPI**"),

by and through its undersigned counsel, serves these Requests for Production of Documents (each

a "**Request**," and together, the "**Requests**"), in connection with the *Subpoena to Produce*

*Documents, Information, or Objects or to Permit Inspection of Premises in a Bankruptcy Case (or*

*Adversary Proceeding)* (the "**Subpoena**"), issued to Ashburn Hunter Bywaters III, (the

---

[1] The Debtor's address is 11700 Preston Road, Suite 660-394, Dallas, TX 75230.

"**Respondent**") pursuant to Rule 45 of the Federal Rules of Civil Procedure as incorporated by Bankruptcy Rule 9016 of the Federal Rules of Bankruptcy Procedure.[2] Respondent is requested to make its responses and production to the Requests on or before March 9, 2023, at (i) the offices of Bonds Ellis Eppich Schafer Jones LLP, 420 Throckmorton Street, Suite 1000, Fort Worth, TX 76102 or electronically to clay.taylor@bondsellis.com and (ii) at the offices of Munsch Hardt Kopf & Harr, P.C, 500 N. Akard Street, Suite 3800, Dallas, TX 75201 or electronically to drukavina@munsch.com.

## I.    DEFINITIONS

As used herein, the following terms, whether capitalized or not, have the following meanings:

1.    The term "Animo" shall mean Animo Services, LLC, and any of its agents, partners, members, employees, officers, directors, representatives, and any person acting on its behalf in any capacity.

2.    The term "Asset" shall mean any property, whether tangible or intangible, that has current or future economic value in the form of Money.

3.    The term "Bankruptcy Case" shall mean the above-captioned Chapter 7 Bankruptcy Case of With Purpose, Inc., pending before the U.S. Bankruptcy Court for the Northern District of Texas under Case Number 23-30246.

4.    The term "Board" shall mean the board of directors of WPI.

5.    The term "Board Minutes" shall mean all Documents relating to consents, resolutions, minutes, transcriptions, notes, and the like of any meetings, decisions, deliberations, discussions, or actions of the Board and all Documents related thereto.

6.    The term "Books and Records" shall all books, Records, Board Minutes, contracts, licenses, insurance policies, audits, business plans, files, computer files, computer discs and other data and software storage and media devices, accounting books and records, financial statements (actual and pro forma), filings with governmental authorities, and any and all records and instruments relating thereto.

---

[2] The Subpoena is also authorized pursuant to the Bankruptcy Court's Order in the Bankruptcy Case at ECF No. 23.

7.      The term "Communication" shall mean every manner or means of disclosure, transfer or exchange of information, whether orally or by Document, whether face to face, by telephone, mail, personal delivery, email, text message, letter, fax, instant message, direct message, private message, or otherwise.

8.      The term "Document" shall mean any written material, whether typed, handwritten, reproduced, printed or otherwise, or any electronic or magnetic data, photograph, picture, photostat, microfilm or other reproduction thereof, including, without limitation, email, text message, each note, journal, manual, ledger, statement, memoranda, work assignment, work paper, letter, telegram, telex, correspondence, abstract, check, diagram, survey, plan, voucher, credit memo, debit memo, circular, release, article, report, prospectus, memorandum of telephone or personal conversation, financial statement or date, blue print, specification, drawing, sketch, film, analysis, chart, account, book, draft, summary, diary, calendar, desk calendar, pocket calendar, list, log, transcript, agreement, contract, order, photo-record, publication, advertisement, instruction, agenda, purchase order, tape, photograph, slide, motion picture, graph, study, message, resume, summary, tabulation, analysis, account statement, portfolio, agreement, cablegram, radiogram, cable, recording, audio tape, magnetic tape, visual tape, transcript of tape or recording, press and publicity release, disciplinary action, biography, medical history, medical report, hospital report, statistic, information, accumulation, interoffice and intraoffice communication, offer, notation of any sort of conversation, bulletin, catalog, catalog sheet, printed matter, computer printout, teletype, telefax, receipt, minutes of meetings, and any other data compilation from which information can be obtained or translated through detection devices into reasonably usable form when translation is necessary, including the original and any nonidentical copy, whether different from the original because of handwritten notes, underlinings on the copy, or otherwise.

9.      The term "Fair Market Value" shall mean the monetary or nonmonetary value of any property or properties, whether tangible or intangible, as determined by a good faith purchaser who is both willing and capable of entering into a transaction.

10.     The term "GloriFi Insurance Agency" shall mean GloriFi Insurance Agency Holding Company, LLC, f/k/a RubiQon Holdings and any of its agents, partners, members, employees, officers, directors, representatives and any person acting on its behalf in any capacity.

11.     The term "GloriFi Insurance Holding" shall mean GloriFi Insurance Holding Company LLC and any of its agents, partners, members, employees, officers, directors, representatives and any person acting on its behalf in any capacity.

12.     The term "GloriFi Managing" shall mean GloriFi Managing General Agency, LLC, and any of its agents, partners, members, employees, officers, directors, representatives and any person acting on its behalf in any capacity.

13.     The term "GloriFi Receivables" shall mean GloriFi Receivables Acquisition Company LLC and any of its agents, partners, members, employees, officers, directors, representatives and any person acting on its behalf in any capacity.

14.    The term "GloriFi Reciprocal Funding" shall mean GloriFi Reciprocal Funding Company, LLC, and any of its agents, partners, members, employees, officers, directors, representatives and any person acting on its behalf in any capacity.

15.    The term "GloriFi Risk and Insurance" shall mean GloriFi Risk and Insurance Services, LLC, f/k/a RubiQon Risk and Insurance Services and any of its agents, partners, members, employees, officers, directors, representatives and any person acting on its behalf in any capacity.

16.    The term "GloriFi Risk Management" shall mean GloriFi Risk Management Services, LLC, and any of its agents, partners, members, employees, officers, directors, representatives and any person acting on its behalf in any capacity.

17.    The term "GloriFi Securities" shall mean GloriFi Securities LLC and any of its agents, partners, members, employees, officers, directors, representatives and any person acting on its behalf in any capacity.

18.    The term "Money" shall mean any medium of exchanged currently authorized or adopted by a domestic or foreign government. The term includes a monetary unit of account established by an intergovernmental organization or by agreement between two or more countries.

19.    The term "Mr. Bywaters," "You," or "Yours" shall mean Ashburn Hunter Bywaters III, and any of his agents, partners, members, employees, officers, directors, representatives, and any person acting on its behalf in any capacity.

20.    The term "Record" shall mean information that is inscribed on a tangible medium or that is stored in an electronic or other medium and is retrievable in in perceivable form.

21.    The terms "relating to," "relate to," "regarding," "concern," or "concerning" shall mean reflecting, referring to, having any relationship to, pertaining to, evidencing, or constituting, in whole or in part, the subject matter of the particular request, as well as any Document that contains, records, states, reflects, interprets, identifies, confirms, contradicts, or otherwise concerns that subject in any fashion whatsoever.

22.    The term "WPI" shall mean With Purpose, Inc., and its estate in the Bankruptcy Case, and any and all agents, partners, members, employees, officers, directors, representatives, attorneys, professionals, advisors, and trustees of the forgoing entity, debtor, estate, successors, and assigns.

## II.    INSTRUCTIONS

1.    All Document(s) and tangible things produced by You shall be produced as they are kept in the usual course of business or You shall organize and label them to correspond with the categories delineated in these Requests.

2.      You are required to produce all Document(s) and electronic data requested within Your possession, custody, or control. Possession, custody, or control includes constructive possession such that the person need not have actual physical possession. As long as the person has the right to compel the production from a third party (including an agency, authority, or representative), the person has possession, custody, or control. If any Document was, but is no longer, in Your possession, custody, or control, state what disposition was made of it, by whom, and the date or dates or proximate date or dates on which such deposition was made and why.

3.      With respect to these requests, the singular shall include the plural and the plural shall include the singular, and the masculine includes the feminine and neuter genders and vice versa.

4.      If You claim that any Document for which production is requested is privileged, and therefore beyond the scope of this Request, for each Document:

      a.      Identify the Document by specifying the date or approximate date of preparation, the nature of its contents, the name of its author, and the name of the business address of its custodian and

      b.      Specify the precise nature of the privilege claimed.

5.      Whenever a Request asks to identify or describe any Document, it is intended that the answer shall state the date of such Document; the general nature, description, and subject matter of such Document; the identity of the person who signed or prepared such Document; the identity of each person to whom the Document was addressed; the fact or facts that would tend to be established by such Document and the identity of the person who has present possession, custody, or control of such Document. If such Document once was but is no longer in Your possession, custody, or control, state what was made of such Document.

6.      If any of the requests for production cannot be answered in full, please answer to the extent possible, specifying the reason for Your inability to answer the remainder and stating whatever information or knowledge You have concerning the unanswered portion. You are hereby requested to fully comply with the Federal Rules of Civil Procedure and the Federal Rules of Bankruptcy Procedure and supplement Your answers to this Subpoena at such time as You acquire additional information, which would add to, retract from or change in any way any of Your prior responses.

7.      All Requests are requesting Documents and information for the time period from January 1, 2021 to present.

8.      For the purpose of interpreting and construing the scope of these Requests, You are instructed to give words their most expansive and inclusive meanings unless otherwise specifically limited by language of an individual Request.  Accordingly:

      a.      Construe the words "and" as well as "or" in the disjunctive or conjunctive, as necessary to make the request more inclusive;

     b.       Construe the term "including" to mean "including, but not limited to;"

     c.       Construe the singular form of a word to include the plural and the plural form to include the singular;

     d.       Construe a masculine noun or adjective to include the feminine and vice versa; and

     e.       Construe the words "all" and "each" to mean both all and each.

9.      If, in answering these Requests, You claim that any Request, Definition, or Instruction is ambiguous, do not use such claim as a basis for refusing to respond but rather set forth as part of the response the language You claim is ambiguous and the interpretation of the language that You have used to respond to the Request.

### III.     DOCUMENTS TO PRODUCE

1.      Produce all Documents and Communications exchanged, sent, or received between You and
    a.      Animo;
    b.      GloriFi Insurance Agency;
    c.      GloriFi Insurance Holding;
    d.      GloriFi Managing;
    e.      GloriFi Receivables;
    f.      GloriFi Reciprocal Funding;
    g.      GloriFi Risk and Insurance;
    h.      GloriFi Risk Management;
    i.      GloriFi Securities; and
    j.      WPI.

**RESPONSE:**

2.      Produce all Documents and Communications exchanged by, sent by, or received by You relating to
   a.      Animo;
   b.      GloriFi Insurance Agency;
   c.      GloriFi Insurance Holding;
   d.      GloriFi Managing;
   e.      GloriFi Receivables;
   f.      GloriFi Reciprocal Funding;
   g.      GloriFi Risk and Insurance;
   h.      GloriFi Risk Management;
   i.      GloriFi Securities; and
   j.      WPI.

**RESPONSE:**

3.      Produce all Board Minutes for
   a.      Animo;
   b.      GloriFi Insurance Agency;
   c.      GloriFi Insurance Holding;
   d.      GloriFi Managing;
   e.      GloriFi Receivables;
   f.      GloriFi Reciprocal Funding;
   g.      GloriFi Risk and Insurance;
   h.      GloriFi Risk Management;
   i.      GloriFi Securities; and
   j.      WPI.

**RESPONSE:**

4.      Produce all Documents and Communications relating to Board Minutes for
   a.      Animo;
   b.      GloriFi Insurance Agency;
   c.      GloriFi Insurance Holding;
   d.      GloriFi Managing;
   e.      GloriFi Receivables;
   f.      GloriFi Reciprocal Funding;
   g.      GloriFi Risk and Insurance;
   h.      GloriFi Risk Management;
   i.      GloriFi Securities; and
   j.      WPI.

**RESPONSE:**

5.      Produce all Books and Records for
        a.      Animo;
        b.      GloriFi Insurance Agency;
        c.      GloriFi Insurance Holding;
        d.      GloriFi Managing;
        e.      GloriFi Receivables;
        f.      GloriFi Reciprocal Funding;
        g.      GloriFi Risk and Insurance;
        h.      GloriFi Risk Management;
        i.      GloriFi Securities; and
        j.      WPI.

**RESPONSE:**

6.      Produce all Documents and Communications relating to Books and Records for
        a.      Animo;
        b.      GloriFi Insurance Agency;
        c.      GloriFi Insurance Holding;
        d.      GloriFi Managing;
        e.      GloriFi Receivables;
        f.      GloriFi Reciprocal Funding;
        g.      GloriFi Risk and Insurance;
        h.      GloriFi Risk Management;
        i.      GloriFi Securities; and
        j.      WPI.

**RESPONSE:**

7.      Produce all Documents and Communications relating to the Fair Market Value for
        a.      Animo;
        b.      GloriFi Insurance Agency;
        c.      GloriFi Insurance Holding;
        d.      GloriFi Managing;
        e.      GloriFi Receivables;
        f.      GloriFi Reciprocal Funding;
        g.      GloriFi Risk and Insurance;
        h.      GloriFi Risk Management;
        i.      GloriFi Securities; and
        j.      WPI.

**RESPONSE:**

8.      Produce all Documents and Communications relating to the value of Assets for
     a.      Animo;
     b.      GloriFi Insurance Agency;
     c.      GloriFi Insurance Holding;
     d.      GloriFi Managing;
     e.      GloriFi Receivables;
     f.      GloriFi Reciprocal Funding;
     g.      GloriFi Risk and Insurance;
     h.      GloriFi Risk Management;
     i.      GloriFi Securities; and
     j.      WPI.

**RESPONSE:**

## Exhibit B

**"Subpoena for Bywaters Company Management, LLC"**

B257 (Form 257 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/13)

# UNITED STATES BANKRUPTCY COURT

_____ Northern _____ District of  Texas _____

In re    With Purpose, Inc., _____
                          **Debtor**

*(Complete if issued in an adversary proceeding)*

Case No. _____ 23-30246 _____

Chapter 7 _____

_____
                          Plaintiff
                             v.

Adv. Proc. No. _____

_____
                          Defendant

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To:        Bywaters Company Management, LLC, c/o Ashburn Hunter Bywaters III, ▓▓▓▓▓▓▓▓▓▓▓▓▓ _____
                     *(Name of person to whom the subpoena is directed)*

☒ *Production*:  **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: **See "Addendum—Documents to Produce"**

| | |
|---|---|
| PLACE: **Bonds Ellis Eppich Schafer Jones LLP 420 Throckmorton St., Suite 1000 Fort Worth, TX 76102 or electronically to clay.taylor@bondsellis.com**<br><br>**Munsch Hardt Kopf & Harr, P.C, 500 N. Akard Street, Suite 3800, Dallas, TX 75201 or electronically to drukavina@munsch.com** | DATE AND TIME: **On or before March 9, 2023** |

        The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: February 24, 2023 _____

                          CLERK OF COURT

                                        OR

_____              */s/ Clay M. Taylor* _____
*Signature of Clerk or Deputy Clerk*              *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
With Purpose, Inc., who issues or requests this subpoena, are:
Clay M. Taylor; 420 Throckmorton St., Suite 1000, Fort Worth, TX 76102; clay.taylor@bondsellis.com; (817)405-6900

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B257 (Form 257 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

    I declare under penalty of perjury that this information is true and correct.

Date: _____

                                                    _____
                                                                *Server's signature*

                                                    _____
                                                              *Printed name and title*

                                                    _____
                                                                *Server's address*

Additional information concerning attempted service, etc.:

B257 (Form 257 – Subpoena to Produce Documents, Information, or Objects or to Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

### Addendum—Documents to Produce

Clay M. Taylor
Texas Bar I.D. No. 24033261
C. Joshua Osborne
Texas Bar I.D. No. 24065856
Bryan C. Assink
Texas Bar I.D. No. 24089009
Harrison A. Pavlasek
Texas Bar I.D. No. 24126906
BONDS ELLIS EPPICH SCHAFER JONES LLP
420 Throckmorton Street, Suite 1000
Fort Worth, Texas 76102
(817) 405-6900 telephone
(817) 405-6902 facsimile
Email: clay.taylor@bondsellis.com
Email: c.joshosborne@bondsellis.com
Email: bryan.assink@bondsellis.com
Email: harrison.pavlasek@bondsellis.com

**COUNSEL FOR THE DEBTOR**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | CHAPTER 7 |
| | § | |
| WITH PURPOSE, INC., | § | CASE NO. 23-30246-mvl7 |
| | § | |
| Debtor.[1] | § | |
| | § | |

## ADDENDUM—DOCUMENTS TO PRODUCE

TO:      Bywaters Company Management, LLC, c/o Ashburn Hunter Bywaters III, ███
███████████████████████ :

With Purpose, Inc., d/b/a GloriFi, the above-captioned debtor (the "**Debtor**" or "**WPI**"),

by and through its undersigned counsel, serves these Requests for Production of Documents (each

a "**Request**," and together, the "**Requests**"), in connection with the *Subpoena to Produce*

*Documents, Information, or Objects or to Permit Inspection of Premises in a Bankruptcy Case (or*

*Adversary Proceeding)* (the "**Subpoena**"), issued to Bywaters Company Management, LLC, (the

---

[1] The Debtor's address is 11700 Preston Road, Suite 660-394, Dallas, TX 75230.

"**Respondent**") pursuant to Rule 45 of the Federal Rules of Civil Procedure as incorporated by Bankruptcy Rule 9016 of the Federal Rules of Bankruptcy Procedure.[2] Respondent is requested to make its responses and production to the Requests on or before March 9, 2023, at (i) the offices of Bonds Ellis Eppich Schafer Jones LLP, 420 Throckmorton Street, Suite 1000, Fort Worth, TX 76102 or electronically to clay.taylor@bondsellis.com and (ii) at the offices of Munsch Hardt Kopf & Harr, P.C, 500 N. Akard Street, Suite 3800, Dallas, TX 75201 or electronically to drukavina@munsch.com.

## I.    DEFINITIONS

As used herein, the following terms, whether capitalized or not, have the following meanings:

1.    The term "Animo" shall mean Animo Services, LLC, and any of its agents, partners, members, employees, officers, directors, representatives, and any person acting on its behalf in any capacity.

2.    The term "Asset" shall mean any property, whether tangible or intangible, that has current or future economic value in the form of Money.

3.    The term "Bankruptcy Case" shall mean the above-captioned Chapter 7 Bankruptcy Case of With Purpose, Inc., pending before the U.S. Bankruptcy Court for the Northern District of Texas under Case Number 23-30246.

4.    The term "Board" shall mean the board of directors of WPI.

5.    The term "Board Minutes" shall mean all Documents relating to consents, resolutions, minutes, transcriptions, notes, and the like of any meetings, decisions, deliberations, discussions, or actions of the Board and all Documents related thereto.

6.    The term "Books and Records" shall all books, Records, Board Minutes, contracts, licenses, insurance policies, audits, business plans, files, computer files, computer discs and other data and software storage and media devices, accounting books and records, financial statements (actual and pro forma), filings with governmental authorities, and any and all records and instruments relating thereto.

---

[2] The Subpoena is also authorized pursuant to the Bankruptcy Court's Order in the Bankruptcy Case at ECF No. 23.

7.      The term "Bywaters Company Management," "You," or "Yours" shall mean Bywaters Company Management, LLC, and any of its agents, partners, members, employees, officers, directors, representatives, and any person acting on its behalf in any capacity.

8.      The term "Communication" shall mean every manner or means of disclosure, transfer or exchange of information, whether orally or by Document, whether face to face, by telephone, mail, personal delivery, email, text message, letter, fax, instant message, direct message, private message, or otherwise.

9.      The term "Document" shall mean any written material, whether typed, handwritten, reproduced, printed or otherwise, or any electronic or magnetic data, photograph, picture, photostat, microfilm or other reproduction thereof, including, without limitation, email, text message, each note, journal, manual, ledger, statement, memoranda, work assignment, work paper, letter, telegram, telex, correspondence, abstract, check, diagram, survey, plan, voucher, credit memo, debit memo, circular, release, article, report, prospectus, memorandum of telephone or personal conversation, financial statement or date, blue print, specification, drawing, sketch, film, analysis, chart, account, book, draft, summary, diary, calendar, desk calendar, pocket calendar, list, log, transcript, agreement, contract, order, photo-record, publication, advertisement, instruction, agenda, purchase order, tape, photograph, slide, motion picture, graph, study, message, resume, summary, tabulation, analysis, account statement, portfolio, agreement, cablegram, radiogram, cable, recording, audio tape, magnetic tape, visual tape, transcript of tape or recording, press and publicity release, disciplinary action, biography, medical history, medical report, hospital report, statistic, information, accumulation, interoffice and intraoffice communication, offer, notation of any sort of conversation, bulletin, catalog, catalog sheet, printed matter, computer printout, teletype, telefax, receipt, minutes of meetings, and any other data compilation from which information can be obtained or translated through detection devices into reasonably usable form when translation is necessary, including the original and any nonidentical copy, whether different from the original because of handwritten notes, underlinings on the copy, or otherwise.

10.      The term "Fair Market Value" shall mean the monetary or nonmonetary value of any property or properties, whether tangible or intangible, as determined by a good faith purchaser who is both willing and capable of entering into a transaction.

11.      The term "GloriFi Insurance Agency" shall mean GloriFi Insurance Agency Holding Company, LLC, f/k/a RubiQon Holdings and any of its agents, partners, members, employees, officers, directors, representatives and any person acting on its behalf in any capacity.

12.      The term "GloriFi Insurance Holding" shall mean GloriFi Insurance Holding Company LLC and any of its agents, partners, members, employees, officers, directors, representatives and any person acting on its behalf in any capacity.

13.      The term "GloriFi Managing" shall mean GloriFi Managing General Agency, LLC, and any of its agents, partners, members, employees, officers, directors, representatives and any person acting on its behalf in any capacity.

14.    The term "GloriFi Receivables" shall mean GloriFi Receivables Acquisition Company LLC and any of its agents, partners, members, employees, officers, directors, representatives and any person acting on its behalf in any capacity.

15.    The term "GloriFi Reciprocal Funding" shall mean GloriFi Reciprocal Funding Company, LLC, and any of its agents, partners, members, employees, officers, directors, representatives and any person acting on its behalf in any capacity.

16.    The term "GloriFi Risk and Insurance" shall mean GloriFi Risk and Insurance Services, LLC, f/k/a RubiQon Risk and Insurance Services and any of its agents, partners, members, employees, officers, directors, representatives and any person acting on its behalf in any capacity.

17.    The term "GloriFi Risk Management" shall mean GloriFi Risk Management Services, LLC, and any of its agents, partners, members, employees, officers, directors, representatives and any person acting on its behalf in any capacity.

18.    The term "GloriFi Securities" shall mean GloriFi Securities LLC and any of its agents, partners, members, employees, officers, directors, representatives and any person acting on its behalf in any capacity.

19.    The term "Money" shall mean any medium of exchanged currently authorized or adopted by a domestic or foreign government. The term includes a monetary unit of account established by an intergovernmental organization or by agreement between two or more countries.

20.    The term "Record" shall mean information that is inscribed on a tangible medium or that is stored in an electronic or other medium and is retrievable in in perceivable form.

21.    The terms "relating to," "relate to," "regarding," "concern," or "concerning" shall mean reflecting, referring to, having any relationship to, pertaining to, evidencing, or constituting, in whole or in part, the subject matter of the particular request, as well as any Document that contains, records, states, reflects, interprets, identifies, confirms, contradicts, or otherwise concerns that subject in any fashion whatsoever.

22.    The term "WPI" shall mean With Purpose, Inc., and its estate in the Bankruptcy Case, and any and all agents, partners, members, employees, officers, directors, representatives, attorneys, professionals, advisors, and trustees of the forgoing entity, debtor, estate, successors, and assigns.

## II.    INSTRUCTIONS

1.    All Document(s) and tangible things produced by You shall be produced as they are kept in the usual course of business or You shall organize and label them to correspond with the categories delineated in these Requests.

2.      You are required to produce all Document(s) and electronic data requested within Your possession, custody, or control. Possession, custody, or control includes constructive possession such that the person need not have actual physical possession. As long as the person has the right to compel the production from a third party (including an agency, authority, or representative), the person has possession, custody, or control. If any Document was, but is no longer, in Your possession, custody, or control, state what disposition was made of it, by whom, and the date or dates or proximate date or dates on which such deposition was made and why.

3.      With respect to these requests, the singular shall include the plural and the plural shall include the singular, and the masculine includes the feminine and neuter genders and vice versa.

4.      If You claim that any Document for which production is requested is privileged, and therefore beyond the scope of this Request, for each Document:

      a.      Identify the Document by specifying the date or approximate date of preparation, the nature of its contents, the name of its author, and the name of the business address of its custodian and

      b.      Specify the precise nature of the privilege claimed.

5.      Whenever a Request asks to identify or describe any Document, it is intended that the answer shall state the date of such Document; the general nature, description, and subject matter of such Document; the identity of the person who signed or prepared such Document; the identity of each person to whom the Document was addressed; the fact or facts that would tend to be established by such Document and the identity of the person who has present possession, custody, or control of such Document. If such Document once was but is no longer in Your possession, custody, or control, state what was made of such Document.

6.      If any of the requests for production cannot be answered in full, please answer to the extent possible, specifying the reason for Your inability to answer the remainder and stating whatever information or knowledge You have concerning the unanswered portion. You are hereby requested to fully comply with the Federal Rules of Civil Procedure and the Federal Rules of Bankruptcy Procedure and supplement Your answers to this Subpoena at such time as You acquire additional information, which would add to, retract from or change in any way any of Your prior responses.

7.      All Requests are requesting Documents and information for the time period from January 1, 2021 to present.

8.      For the purpose of interpreting and construing the scope of these Requests, You are instructed to give words their most expansive and inclusive meanings unless otherwise specifically limited by language of an individual Request.  Accordingly:

      a.      Construe the words "and" as well as "or" in the disjunctive or conjunctive, as necessary to make the request more inclusive;

      b.        Construe the term "including" to mean "including, but not limited to;"

      c.        Construe the singular form of a word to include the plural and the plural form to include the singular;

      d.        Construe a masculine noun or adjective to include the feminine and vice versa; and

      e.        Construe the words "all" and "each" to mean both all and each.

9.      If, in answering these Requests, You claim that any Request, Definition, or Instruction is ambiguous, do not use such claim as a basis for refusing to respond but rather set forth as part of the response the language You claim is ambiguous and the interpretation of the language that You have used to respond to the Request.

## III.    DOCUMENTS TO PRODUCE

1.      Produce all Documents and Communications exchanged, sent, or received between You and
    a.     Animo;
    b.     GloriFi Insurance Agency;
    c.     GloriFi Insurance Holding;
    d.     GloriFi Managing;
    e.     GloriFi Receivables;
    f.     GloriFi Reciprocal Funding;
    g.     GloriFi Risk and Insurance;
    h.     GloriFi Risk Management;
    i.     GloriFi Securities; and
    j.     WPI.

**RESPONSE:**

2.    Produce all Documents and Communications exchanged by, sent by, or received by You relating to
    a.    Animo;
    b.    GloriFi Insurance Agency;
    c.    GloriFi Insurance Holding;
    d.    GloriFi Managing;
    e.    GloriFi Receivables;
    f.    GloriFi Reciprocal Funding;
    g.    GloriFi Risk and Insurance;
    h.    GloriFi Risk Management;
    i.    GloriFi Securities; and
    j.    WPI.

**RESPONSE:**

3.    Produce all Board Minutes for
    a.    Animo;
    b.    GloriFi Insurance Agency;
    c.    GloriFi Insurance Holding;
    d.    GloriFi Managing;
    e.    GloriFi Receivables;
    f.    GloriFi Reciprocal Funding;
    g.    GloriFi Risk and Insurance;
    h.    GloriFi Risk Management;
    i.    GloriFi Securities; and
    j.    WPI.

**RESPONSE:**

4.    Produce all Documents and Communications relating to Board Minutes for
    a.    Animo;
    b.    GloriFi Insurance Agency;
    c.    GloriFi Insurance Holding;
    d.    GloriFi Managing;
    e.    GloriFi Receivables;
    f.    GloriFi Reciprocal Funding;
    g.    GloriFi Risk and Insurance;
    h.    GloriFi Risk Management;
    i.    GloriFi Securities; and
    j.    WPI.

**RESPONSE:**

5.      Produce all Books and Records for
    a.      Animo;
    b.      GloriFi Insurance Agency;
    c.      GloriFi Insurance Holding;
    d.      GloriFi Managing;
    e.      GloriFi Receivables;
    f.      GloriFi Reciprocal Funding;
    g.      GloriFi Risk and Insurance;
    h.      GloriFi Risk Management;
    i.      GloriFi Securities; and
    j.      WPI.

**RESPONSE:**

6.      Produce all Documents and Communications relating to Books and Records for
    a.      Animo;
    b.      GloriFi Insurance Agency;
    c.      GloriFi Insurance Holding;
    d.      GloriFi Managing;
    e.      GloriFi Receivables;
    f.      GloriFi Reciprocal Funding;
    g.      GloriFi Risk and Insurance;
    h.      GloriFi Risk Management;
    i.      GloriFi Securities; and
    j.      WPI.

**RESPONSE:**

7.      Produce all Documents and Communications relating to the Fair Market Value for
    a.      Animo;
    b.      GloriFi Insurance Agency;
    c.      GloriFi Insurance Holding;
    d.      GloriFi Managing;
    e.      GloriFi Receivables;
    f.      GloriFi Reciprocal Funding;
    g.      GloriFi Risk and Insurance;
    h.      GloriFi Risk Management;
    i.      GloriFi Securities; and
    j.      WPI.

**RESPONSE:**

8.      Produce all Documents and Communications relating to the value of Assets for
        a.      Animo;
        b.      GloriFi Insurance Agency;
        c.      GloriFi Insurance Holding;
        d.      GloriFi Managing;
        e.      GloriFi Receivables;
        f.      GloriFi Reciprocal Funding;
        g.      GloriFi Risk and Insurance;
        h.      GloriFi Risk Management;
        i.      GloriFi Securities; and
        j.      WPI.

**RESPONSE:**

## **Exhibit C**

**"Subpoena for The Bywaters Law Firm, PLLC"**

B257 (Form 257 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/13)

# UNITED STATES BANKRUPTCY COURT

_____ Northern _____ District of  Texas _____

In re    With Purpose, Inc., _____

Debtor

*(Complete if issued in an adversary proceeding)*

Case No. _____ 23-30246 _____

Chapter 7 _____

_____

Plaintiff

v.

Adv. Proc. No. _____

_____

Defendant

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To:    The Bywaters Law Firm, PLLC, c/o Ashburn Hunter Bywaters III, ████████████████████

*(Name of person to whom the subpoena is directed)*

■ *Production*:  **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: **See "Addendum—Documents to Produce"**

| PLACE: **Bonds Ellis Eppich Schafer Jones LLP 420 Throckmorton St., Suite 1000 Fort Worth, TX 76102 or electronically to clay.taylor@bondsellis.com**<br><br>**Munsch Hardt Kopf & Harr, P.C, 500 N. Akard Street, Suite 3800, Dallas, TX 75201 or electronically to drukavina@munsch.com** | DATE AND TIME: **On or before March 9, 2023** |
|---|---|

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: February 24, 2023 _____

CLERK OF COURT

OR

_____          */s/ Clay M. Taylor* _____

*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
With Purpose, Inc.,  who issues or requests this subpoena, are:
Clay M. Taylor; 420 Throckmorton St., Suite 1000, Fort Worth, TX 76102; clay.taylor@bondsellis.com; (817)405-6900

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B257 (Form 257 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the
witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .


I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*


Additional information concerning attempted service, etc.:

B257 (Form 257 – Subpoena to Produce Documents, Information, or Objects or to Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

**Addendum—Documents to Produce**

Clay M. Taylor
Texas Bar I.D. No. 24033261
C. Joshua Osborne
Texas Bar I.D. No. 24065856
Bryan C. Assink
Texas Bar I.D. No. 24089009
Harrison A. Pavlasek
Texas Bar I.D. No. 24126906
BONDS ELLIS EPPICH SCHAFER JONES LLP
420 Throckmorton Street, Suite 1000
Fort Worth, Texas 76102
(817) 405-6900 telephone
(817) 405-6902 facsimile
Email: clay.taylor@bondsellis.com
Email: c.joshosborne@bondsellis.com
Email: bryan.assink@bondsellis.com
Email: harrison.pavlasek@bondsellis.com

**COUNSEL FOR THE DEBTOR**

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | CHAPTER 7 |
| | § | |
| WITH PURPOSE, INC., | § | CASE NO. 23-30246-mvl7 |
| | § | |
| Debtor.[1] | § | |
| | § | |

### ADDENDUM—DOCUMENTS TO PRODUCE

TO:        The Bywaters Law Firm, PLLC, c/o Ashburn Hunter Bywaters III, ▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮:

With Purpose, Inc., d/b/a GloriFi, the above-captioned debtor (the "**Debtor**" or "**WPI**"),

by and through its undersigned counsel, serves these Requests for Production of Documents (each

a "**Request**," and together, the "**Requests**") in connection with the *Subpoena to Produce*

*Documents, Information, or Objects or to Permit Inspection of Premises in a Bankruptcy Case (or*

*Adversary Proceeding)* (the "**Subpoena**"), issued to The Bywaters Law Firm, PLLC, (the

---

[1] The Debtor's address is 11700 Preston Road, Suite 660-394, Dallas, TX 75230.

"**Respondent**") pursuant to Rule 45 of the Federal Rules of Civil Procedure as incorporated by Bankruptcy Rule 9016 of the Federal Rules of Bankruptcy Procedure.[2] Respondent is requested to make its responses and production to the Requests on or before March 9, 2023, at (i) the offices of Bonds Ellis Eppich Schafer Jones LLP, 420 Throckmorton Street, Suite 1000, Fort Worth, TX 76102 or electronically to clay.taylor@bondsellis.com and (ii) at the offices of Munsch Hardt Kopf & Harr, P.C, 500 N. Akard Street, Suite 3800, Dallas, TX 75201 or electronically to drukavina@munsch.com.

## I.    DEFINITIONS

As used herein, the following terms, whether capitalized or not, have the following meanings:

1.      The term "Animo" shall mean Animo Services, LLC, and any of its agents, partners, members, employees, officers, directors, representatives, and any person acting on its behalf in any capacity.

2.      The term "Asset" shall mean any property, whether tangible or intangible, that has current or future economic value in the form of Money.

3.      The term "Bankruptcy Case" shall mean the above-captioned Chapter 7 Bankruptcy Case of With Purpose, Inc., pending before the U.S. Bankruptcy Court for the Northern District of Texas under Case Number 23-30246.

4.      The term "Board" shall mean the board of directors of WPI.

5.      The term "Board Minutes" shall mean all Documents relating to consents, resolutions, minutes, transcriptions, notes, and the like of any meetings, decisions, deliberations, discussions, or actions of the Board and all Documents related thereto.

6.      The term "Books and Records" shall all books, Records, Board Minutes, contracts, licenses, insurance policies, audits, business plans, files, computer files, computer discs and other data and software storage and media devices, accounting books and records, financial statements (actual and pro forma), filings with governmental authorities, and any and all records and instruments relating thereto.

---

[2] The Subpoena is also authorized pursuant to the Bankruptcy Court's Order in the Bankruptcy Case at ECF No. 23.

7.      The term "Communication" shall mean every manner or means of disclosure, transfer or exchange of information, whether orally or by Document, whether face to face, by telephone, mail, personal delivery, email, text message, letter, fax, instant message, direct message, private message, or otherwise.

8.      The term "Document" shall mean any written material, whether typed, handwritten, reproduced, printed or otherwise, or any electronic or magnetic data, photograph, picture, photostat, microfilm or other reproduction thereof, including, without limitation, email, text message, each note, journal, manual, ledger, statement, memoranda, work assignment, work paper, letter, telegram, telex, correspondence, abstract, check, diagram, survey, plan, voucher, credit memo, debit memo, circular, release, article, report, prospectus, memorandum of telephone or personal conversation, financial statement or date, blue print, specification, drawing, sketch, film, analysis, chart, account, book, draft, summary, diary, calendar, desk calendar, pocket calendar, list, log, transcript, agreement, contract, order, photo-record, publication, advertisement, instruction, agenda, purchase order, tape, photograph, slide, motion picture, graph, study, message, resume, summary, tabulation, analysis, account statement, portfolio, agreement, cablegram, radiogram, cable, recording, audio tape, magnetic tape, visual tape, transcript of tape or recording, press and publicity release, disciplinary action, biography, medical history, medical report, hospital report, statistic, information, accumulation, interoffice and intraoffice communication, offer, notation of any sort of conversation, bulletin, catalog, catalog sheet, printed matter, computer printout, teletype, telefax, receipt, minutes of meetings, and any other data compilation from which information can be obtained or translated through detection devices into reasonably usable form when translation is necessary, including the original and any nonidentical copy, whether different from the original because of handwritten notes, underlinings on the copy, or otherwise.

9.      The term "Fair Market Value" shall mean the monetary or nonmonetary value of any property or properties, whether tangible or intangible, as determined by a good faith purchaser who is both willing and capable of entering into a transaction.

10.     The term "GloriFi Insurance Agency" shall mean GloriFi Insurance Agency Holding Company, LLC, f/k/a RubiQon Holdings and any of its agents, partners, members, employees, officers, directors, representatives and any person acting on its behalf in any capacity.

11.     The term "GloriFi Insurance Holding" shall mean GloriFi Insurance Holding Company LLC and any of its agents, partners, members, employees, officers, directors, representatives and any person acting on its behalf in any capacity.

12.     The term "GloriFi Managing" shall mean GloriFi Managing General Agency, LLC, and any of its agents, partners, members, employees, officers, directors, representatives and any person acting on its behalf in any capacity.

13.     The term "GloriFi Receivables" shall mean GloriFi Receivables Acquisition Company LLC and any of its agents, partners, members, employees, officers, directors, representatives and any person acting on its behalf in any capacity.

14.    The term "GloriFi Reciprocal Funding" shall mean GloriFi Reciprocal Funding Company, LLC, and any of its agents, partners, members, employees, officers, directors, representatives and any person acting on its behalf in any capacity.

15.    The term "GloriFi Risk and Insurance" shall mean GloriFi Risk and Insurance Services, LLC, f/k/a RubiQon Risk and Insurance Services and any of its agents, partners, members, employees, officers, directors, representatives and any person acting on its behalf in any capacity.

16.    The term "GloriFi Risk Management" shall mean GloriFi Risk Management Services, LLC, and any of its agents, partners, members, employees, officers, directors, representatives and any person acting on its behalf in any capacity.

17.    The term "GloriFi Securities" shall mean GloriFi Securities LLC and any of its agents, partners, members, employees, officers, directors, representatives and any person acting on its behalf in any capacity.

18.    The term "Law Firm," "You," or "Yours" shall mean The Bywaters Law Firm, PLLC, and any of its agents, partners, members, employees, officers, directors, representatives, and any person acting on its behalf in any capacity.

19.    The term "Money" shall mean any medium of exchanged currently authorized or adopted by a domestic or foreign government. The term includes a monetary unit of account established by an intergovernmental organization or by agreement between two or more countries.

20.    The term "Record" shall mean information that is inscribed on a tangible medium or that is stored in an electronic or other medium and is retrievable in in perceivable form.

21.    The terms "relating to," "relate to," "regarding," "concern," or "concerning" shall mean reflecting, referring to, having any relationship to, pertaining to, evidencing, or constituting, in whole or in part, the subject matter of the particular request, as well as any Document that contains, records, states, reflects, interprets, identifies, confirms, contradicts, or otherwise concerns that subject in any fashion whatsoever.

22.    The term "WPI" shall mean With Purpose, Inc., and its estate in the Bankruptcy Case, and any and all agents, partners, members, employees, officers, directors, representatives, attorneys, professionals, advisors, and trustees of the forgoing entity, debtor, estate, successors, and assigns.

## II.    INSTRUCTIONS

1.    All Document(s) and tangible things produced by You shall be produced as they are kept in the usual course of business or You shall organize and label them to correspond with the categories delineated in these Requests.

2.      You are required to produce all Document(s) and electronic data requested within Your possession, custody, or control. Possession, custody, or control includes constructive possession such that the person need not have actual physical possession. As long as the person has the right to compel the production from a third party (including an agency, authority, or representative), the person has possession, custody, or control. If any Document was, but is no longer, in Your possession, custody, or control, state what disposition was made of it, by whom, and the date or dates or proximate date or dates on which such deposition was made and why.

3.      With respect to these requests, the singular shall include the plural and the plural shall include the singular, and the masculine includes the feminine and neuter genders and vice versa.

4.      If You claim that any Document for which production is requested is privileged, and therefore beyond the scope of this Request, for each Document:

      a.      Identify the Document by specifying the date or approximate date of preparation, the nature of its contents, the name of its author, and the name of the business address of its custodian and

      b.      Specify the precise nature of the privilege claimed.

5.      Whenever a Request asks to identify or describe any Document, it is intended that the answer shall state the date of such Document; the general nature, description, and subject matter of such Document; the identity of the person who signed or prepared such Document; the identity of each person to whom the Document was addressed; the fact or facts that would tend to be established by such Document and the identity of the person who has present possession, custody, or control of such Document. If such Document once was but is no longer in Your possession, custody, or control, state what was made of such Document.

6.      If any of the requests for production cannot be answered in full, please answer to the extent possible, specifying the reason for Your inability to answer the remainder and stating whatever information or knowledge You have concerning the unanswered portion. You are hereby requested to fully comply with the Federal Rules of Civil Procedure and the Federal Rules of Bankruptcy Procedure and supplement Your answers to this Subpoena at such time as You acquire additional information, which would add to, retract from or change in any way any of Your prior responses.

7.      All Requests are requesting Documents and information for the time period from January 1, 2021 to present.

8.      For the purpose of interpreting and construing the scope of these Requests, You are instructed to give words their most expansive and inclusive meanings unless otherwise specifically limited by language of an individual Request.  Accordingly:

      a.      Construe the words "and" as well as "or" in the disjunctive or conjunctive, as necessary to make the request more inclusive;

      b.      Construe the term "including" to mean "including, but not limited to;"

      c.      Construe the singular form of a word to include the plural and the plural form to include the singular;

      d.      Construe a masculine noun or adjective to include the feminine and vice versa; and

      e.      Construe the words "all" and "each" to mean both all and each.

9.      If, in answering these Requests, You claim that any Request, Definition, or Instruction is ambiguous, do not use such claim as a basis for refusing to respond but rather set forth as part of the response the language You claim is ambiguous and the interpretation of the language that You have used to respond to the Request.

## III.    DOCUMENTS TO PRODUCE

1.    Produce all Documents and Communications exchanged, sent, or received between You and
    a.    Animo;
    b.    GloriFi Insurance Agency;
    c.    GloriFi Insurance Holding;
    d.    GloriFi Managing;
    e.    GloriFi Receivables;
    f.    GloriFi Reciprocal Funding;
    g.    GloriFi Risk and Insurance;
    h.    GloriFi Risk Management;
    i.    GloriFi Securities; and
    j.    WPI.

**RESPONSE:**

2.      Produce all Documents and Communications exchanged by, sent by, or received by You relating to
     a.      Animo;
     b.      GloriFi Insurance Agency;
     c.      GloriFi Insurance Holding;
     d.      GloriFi Managing;
     e.      GloriFi Receivables;
     f.      GloriFi Reciprocal Funding;
     g.      GloriFi Risk and Insurance;
     h.      GloriFi Risk Management;
     i.      GloriFi Securities; and
     j.      WPI.

**RESPONSE:**

3.      Produce all Board Minutes for
     a.      Animo;
     b.      GloriFi Insurance Agency;
     c.      GloriFi Insurance Holding;
     d.      GloriFi Managing;
     e.      GloriFi Receivables;
     f.      GloriFi Reciprocal Funding;
     g.      GloriFi Risk and Insurance;
     h.      GloriFi Risk Management;
     i.      GloriFi Securities; and
     j.      WPI.

**RESPONSE:**

4.      Produce all Documents and Communications relating to Board Minutes for
     a.      Animo;
     b.      GloriFi Insurance Agency;
     c.      GloriFi Insurance Holding;
     d.      GloriFi Managing;
     e.      GloriFi Receivables;
     f.      GloriFi Reciprocal Funding;
     g.      GloriFi Risk and Insurance;
     h.      GloriFi Risk Management;
     i.      GloriFi Securities; and
     j.      WPI.

**RESPONSE:**

5.      Produce all Books and Records for
        a.      Animo;
        b.      GloriFi Insurance Agency;
        c.      GloriFi Insurance Holding;
        d.      GloriFi Managing;
        e.      GloriFi Receivables;
        f.      GloriFi Reciprocal Funding;
        g.      GloriFi Risk and Insurance;
        h.      GloriFi Risk Management;
        i.      GloriFi Securities; and
        j.      WPI.

**RESPONSE:**

6.      Produce all Documents and Communications relating to Books and Records for
        a.      Animo;
        b.      GloriFi Insurance Agency;
        c.      GloriFi Insurance Holding;
        d.      GloriFi Managing;
        e.      GloriFi Receivables;
        f.      GloriFi Reciprocal Funding;
        g.      GloriFi Risk and Insurance;
        h.      GloriFi Risk Management;
        i.      GloriFi Securities; and
        j.      WPI.

**RESPONSE:**

7.      Produce all Documents and Communications relating to the Fair Market Value for
        a.      Animo;
        b.      GloriFi Insurance Agency;
        c.      GloriFi Insurance Holding;
        d.      GloriFi Managing;
        e.      GloriFi Receivables;
        f.      GloriFi Reciprocal Funding;
        g.      GloriFi Risk and Insurance;
        h.      GloriFi Risk Management;
        i.      GloriFi Securities; and
        j.      WPI.

**RESPONSE:**

8.     Produce all Documents and Communications relating to the value of Assets for
  a.     Animo;
  b.     GloriFi Insurance Agency;
  c.     GloriFi Insurance Holding;
  d.     GloriFi Managing;
  e.     GloriFi Receivables;
  f.     GloriFi Reciprocal Funding;
  g.     GloriFi Risk and Insurance;
  h.     GloriFi Risk Management;
  i.     GloriFi Securities; and
  j.     WPI.

**RESPONSE:**

## **Exhibit D**

**"Subpoena for Adam Aleksander fashion house, LLC"**

B257 (Form 257 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/13)

# UNITED STATES BANKRUPTCY COURT

_____ Northern _____ District of  Texas _____

In re ____ With Purpose, Inc., _____

                    **Debtor**

*(Complete if issued in an adversary proceeding)*

_____

                    **Plaintiff**

                    **v.**

_____

                    **Defendant**

Case No. _____ 23-30246 _____

Chapter 7 _____

Adv. Proc. No. _____

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To:     Adam Aleksander fashion house, LLC, c/o Jenny I Gruber, ████████████ _____

*(Name of person to whom the subpoena is directed)*

■ *Production*:  **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: **See "Addendum—Documents to Produce"**

| PLACE: **Bonds Ellis Eppich Schafer Jones LLP 420 Throckmorton St., Suite 1000 Fort Worth, TX 76102 or electronically to clay.taylor@bondsellis.com**<br><br>**Munsch Hardt Kopf & Harr, P.C, 500 N. Akard Street, Suite 3800, Dallas, TX 75201 or electronically to drukavina@munsch.com** | DATE AND TIME: **On or before March 9, 2023** |
|---|---|

      The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: __February 24, 2023_____

                    CLERK OF COURT

                              OR

_____                    */s/ Clay M. Taylor_____

*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* With Purpose, Inc., who issues or requests this subpoena, are:
Clay M. Taylor; 420 Throckmorton St., Suite 1000, Fort Worth, TX 76102; clay.taylor@bondsellis.com; (817)405-6900

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B257 (Form 257 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

B257 (Form 257 – Subpoena to Produce Documents, Information, or Objects or to Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
  (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or

    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

**Addendum—Documents to Produce**

Clay M. Taylor
Texas Bar I.D. No. 24033261
C. Joshua Osborne
Texas Bar I.D. No. 24065856
Bryan C. Assink
Texas Bar I.D. No. 24089009
Harrison A. Pavlasek
Texas Bar I.D. No. 24126906
BONDS ELLIS EPPICH SCHAFER JONES LLP
420 Throckmorton Street, Suite 1000
Fort Worth, Texas 76102
(817) 405-6900 telephone
(817) 405-6902 facsimile
Email: clay.taylor@bondsellis.com
Email: c.joshosborne@bondsellis.com
Email: bryan.assink@bondsellis.com
Email: harrison.pavlasek@bondsellis.com

**COUNSEL FOR THE DEBTOR**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | CHAPTER 7 |
| | § | |
| WITH PURPOSE, INC., | § | CASE NO. 23-30246-mvl7 |
| | § | |
| Debtor.[1] | § | |
| | § | |

## ADDENDUM—DOCUMENTS TO PRODUCE

TO:      Adam Aleksander fashion house, LLC, c/o Jenny I Gruber, ██████
██████████████████

    With Purpose, Inc., d/b/a GloriFi, the above-captioned debtor (the "**Debtor**" or "**WPI**"),

by and through its undersigned counsel, serves these Requests for Production of Documents (each

a "**Request**," and together, the "**Requests**"), in connection with the *Subpoena to Produce*

*Documents, Information, or Objects or to Permit Inspection of Premises in a Bankruptcy Case (or*

*Adversary Proceeding)* (the "**Subpoena**"), issued to Adam Aleksander fashion house, LLC, (the

---

[1] The Debtor's address is 11700 Preston Road, Suite 660-394, Dallas, TX 75230.

"**Respondent**") pursuant to Rule 45 of the Federal Rules of Civil Procedure as incorporated by Bankruptcy Rule 9016 of the Federal Rules of Bankruptcy Procedure.[2] Respondent is requested to make its responses and production to the Requests on or before March 9, 2023, at (i) the offices of Bonds Ellis Eppich Schafer Jones LLP, 420 Throckmorton Street, Suite 1000, Fort Worth, TX 76102 or electronically to clay.taylor@bondsellis.com and (ii) at the offices of Munsch Hardt Kopf & Harr, P.C, 500 N. Akard Street, Suite 3800, Dallas, TX 75201 or electronically to drukavina@munsch.com.

## I.   DEFINITIONS

As used herein, the following terms, whether capitalized or not, have the following meanings:

1.      The term "Adam Aleksander," "You," or "Yours" shall mean Adam Aleksander fashion house, LLC, and any of its agents, partners, members, employees, officers, directors, representatives, and any person acting on its behalf in any capacity.

2.      The term "Animo" shall mean Animo Services, LLC, and any of its agents, partners, members, employees, officers, directors, representatives, and any person acting on its behalf in any capacity.

3.      The term "Asset" shall mean any property, whether tangible or intangible, that has current or future economic value in the form of Money.

4.      The term "Bankruptcy Case" shall mean the above-captioned Chapter 7 Bankruptcy Case of With Purpose, Inc., pending before the U.S. Bankruptcy Court for the Northern District of Texas under Case Number 23-30246.

5.      The term "Board" shall mean the board of directors of WPI.

6.      The term "Board Minutes" shall mean all Documents relating to consents, resolutions, minutes, transcriptions, notes, and the like of any meetings, decisions, deliberations, discussions, or actions of the Board and all Documents related thereto.

7.      The term "Books and Records" shall all books, Records, Board Minutes, contracts, licenses, insurance policies, audits, business plans, files, computer files, computer discs and other data and software storage and media devices, accounting books and records, financial statements

---

[2] The Subpoena is also authorized pursuant to the Bankruptcy Court's Order in the Bankruptcy Case at ECF No. 23.

(actual and pro forma), filings with governmental authorities, and any and all records and instruments relating thereto.

8.      The term "Communication" shall mean every manner or means of disclosure, transfer or exchange of information, whether orally or by Document, whether face to face, by telephone, mail, personal delivery, email, text message, letter, fax, instant message, direct message, private message, or otherwise.

9.      The term "Document" shall mean any written material, whether typed, handwritten, reproduced, printed or otherwise, or any electronic or magnetic data, photograph, picture, photostat, microfilm or other reproduction thereof, including, without limitation, email, text message, each note, journal, manual, ledger, statement, memoranda, work assignment, work paper, letter, telegram, telex, correspondence, abstract, check, diagram, survey, plan, voucher, credit memo, debit memo, circular, release, article, report, prospectus, memorandum of telephone or personal conversation, financial statement or date, blue print, specification, drawing, sketch, film, analysis, chart, account, book, draft, summary, diary, calendar, desk calendar, pocket calendar, list, log, transcript, agreement, contract, order, photo-record, publication, advertisement, instruction, agenda, purchase order, tape, photograph, slide, motion picture, graph, study, message, resume, summary, tabulation, analysis, account statement, portfolio, agreement, cablegram, radiogram, cable, recording, audio tape, magnetic tape, visual tape, transcript of tape or recording, press and publicity release, disciplinary action, biography, medical history, medical report, hospital report, statistic, information, accumulation, interoffice and intraoffice communication, offer, notation of any sort of conversation, bulletin, catalog, catalog sheet, printed matter, computer printout, teletype, telefax, receipt, minutes of meetings, and any other data compilation from which information can be obtained or translated through detection devices into reasonably usable form when translation is necessary, including the original and any nonidentical copy, whether different from the original because of handwritten notes, underlinings on the copy, or otherwise.

10.     The term "Fair Market Value" shall mean the monetary or nonmonetary value of any property or properties, whether tangible or intangible, as determined by a good faith purchaser who is both willing and capable of entering into a transaction.

11.     The term "GloriFi Insurance Agency" shall mean GloriFi Insurance Agency Holding Company, LLC, f/k/a RubiQon Holdings and any of its agents, partners, members, employees, officers, directors, representatives and any person acting on its behalf in any capacity.

12.     The term "GloriFi Insurance Holding" shall mean GloriFi Insurance Holding Company LLC and any of its agents, partners, members, employees, officers, directors, representatives and any person acting on its behalf in any capacity.

13.     The term "GloriFi Managing" shall mean GloriFi Managing General Agency, LLC, and any of its agents, partners, members, employees, officers, directors, representatives and any person acting on its behalf in any capacity.

14. The term "GloriFi Receivables" shall mean GloriFi Receivables Acquisition Company LLC and any of its agents, partners, members, employees, officers, directors, representatives and any person acting on its behalf in any capacity.

15. The term "GloriFi Reciprocal Funding" shall mean GloriFi Reciprocal Funding Company, LLC, and any of its agents, partners, members, employees, officers, directors, representatives and any person acting on its behalf in any capacity.

16. The term "GloriFi Risk and Insurance" shall mean GloriFi Risk and Insurance Services, LLC, f/k/a RubiQon Risk and Insurance Services and any of its agents, partners, members, employees, officers, directors, representatives and any person acting on its behalf in any capacity.

17. The term "GloriFi Risk Management" shall mean GloriFi Risk Management Services, LLC, and any of its agents, partners, members, employees, officers, directors, representatives and any person acting on its behalf in any capacity.

18. The term "GloriFi Securities" shall mean GloriFi Securities LLC and any of its agents, partners, members, employees, officers, directors, representatives and any person acting on its behalf in any capacity.

19. The term "Money" shall mean any medium of exchanged currently authorized or adopted by a domestic or foreign government. The term includes a monetary unit of account established by an intergovernmental organization or by agreement between two or more countries.

20. The term "Record" shall mean information that is inscribed on a tangible medium or that is stored in an electronic or other medium and is retrievable in in perceivable form.

21. The terms "relating to," "relate to," "regarding," "concern," or "concerning" shall mean reflecting, referring to, having any relationship to, pertaining to, evidencing, or constituting, in whole or in part, the subject matter of the particular request, as well as any Document that contains, records, states, reflects, interprets, identifies, confirms, contradicts, or otherwise concerns that subject in any fashion whatsoever.

22. The term "WPI" shall mean With Purpose, Inc., and its estate in the Bankruptcy Case, and any and all agents, partners, members, employees, officers, directors, representatives, attorneys, professionals, advisors, and trustees of the forgoing entity, debtor, estate, successors, and assigns.

## II.   INSTRUCTIONS

1. All Document(s) and tangible things produced by You shall be produced as they are kept in the usual course of business or You shall organize and label them to correspond with the categories delineated in these Requests.

2.      You are required to produce all Document(s) and electronic data requested within Your possession, custody, or control. Possession, custody, or control includes constructive possession such that the person need not have actual physical possession. As long as the person has the right to compel the production from a third party (including an agency, authority, or representative), the person has possession, custody, or control. If any Document was, but is no longer, in Your possession, custody, or control, state what disposition was made of it, by whom, and the date or dates or proximate date or dates on which such deposition was made and why.

3.      With respect to these requests, the singular shall include the plural and the plural shall include the singular, and the masculine includes the feminine and neuter genders and vice versa.

4.      If You claim that any Document for which production is requested is privileged, and therefore beyond the scope of this Request, for each Document:

      a.      Identify the Document by specifying the date or approximate date of preparation, the nature of its contents, the name of its author, and the name of the business address of its custodian and

      b.      Specify the precise nature of the privilege claimed.

5.      Whenever a Request asks to identify or describe any Document, it is intended that the answer shall state the date of such Document; the general nature, description, and subject matter of such Document; the identity of the person who signed or prepared such Document; the identity of each person to whom the Document was addressed; the fact or facts that would tend to be established by such Document and the identity of the person who has present possession, custody, or control of such Document. If such Document once was but is no longer in Your possession, custody, or control, state what was made of such Document.

6.      If any of the requests for production cannot be answered in full, please answer to the extent possible, specifying the reason for Your inability to answer the remainder and stating whatever information or knowledge You have concerning the unanswered portion. You are hereby requested to fully comply with the Federal Rules of Civil Procedure and the Federal Rules of Bankruptcy Procedure and supplement Your answers to this Subpoena at such time as You acquire additional information, which would add to, retract from or change in any way any of Your prior responses.

7.      All Requests are requesting Documents and information for the time period from January 1, 2021 to present.

8.      For the purpose of interpreting and construing the scope of these Requests, You are instructed to give words their most expansive and inclusive meanings unless otherwise specifically limited by language of an individual Request.  Accordingly:

      a.      Construe the words "and" as well as "or" in the disjunctive or conjunctive, as necessary to make the request more inclusive;

     b.       Construe the term "including" to mean "including, but not limited to;"

     c.       Construe the singular form of a word to include the plural and the plural form to include the singular;

     d.       Construe a masculine noun or adjective to include the feminine and vice versa; and

     e.       Construe the words "all" and "each" to mean both all and each.

9.     If, in answering these Requests, You claim that any Request, Definition, or Instruction is ambiguous, do not use such claim as a basis for refusing to respond but rather set forth as part of the response the language You claim is ambiguous and the interpretation of the language that You have used to respond to the Request.

### III.    DOCUMENTS TO PRODUCE

1.     Produce all Documents and Communications exchanged, sent, or received between You and
   a.     Animo;
   b.     GloriFi Insurance Agency;
   c.     GloriFi Insurance Holding;
   d.     GloriFi Managing;
   e.     GloriFi Receivables;
   f.     GloriFi Reciprocal Funding;
   g.     GloriFi Risk and Insurance;
   h.     GloriFi Risk Management;
   i.     GloriFi Securities; and
   j.     WPI.

**RESPONSE:**

2.      Produce all Documents and Communications exchanged by, sent by, or received by You relating to
   a.      Animo;
   b.      GloriFi Insurance Agency;
   c.      GloriFi Insurance Holding;
   d.      GloriFi Managing;
   e.      GloriFi Receivables;
   f.      GloriFi Reciprocal Funding;
   g.      GloriFi Risk and Insurance;
   h.      GloriFi Risk Management;
   i.      GloriFi Securities; and
   j.      WPI.

**RESPONSE:**

3.      Produce all Board Minutes for
   a.      Animo;
   b.      GloriFi Insurance Agency;
   c.      GloriFi Insurance Holding;
   d.      GloriFi Managing;
   e.      GloriFi Receivables;
   f.      GloriFi Reciprocal Funding;
   g.      GloriFi Risk and Insurance;
   h.      GloriFi Risk Management;
   i.      GloriFi Securities; and
   j.      WPI.

**RESPONSE:**

4.      Produce all Documents and Communications relating to Board Minutes for
   a.      Animo;
   b.      GloriFi Insurance Agency;
   c.      GloriFi Insurance Holding;
   d.      GloriFi Managing;
   e.      GloriFi Receivables;
   f.      GloriFi Reciprocal Funding;
   g.      GloriFi Risk and Insurance;
   h.      GloriFi Risk Management;
   i.      GloriFi Securities; and
   j.      WPI.

**RESPONSE:**

5.      Produce all Books and Records for
        a.      Animo;
        b.      GloriFi Insurance Agency;
        c.      GloriFi Insurance Holding;
        d.      GloriFi Managing;
        e.      GloriFi Receivables;
        f.      GloriFi Reciprocal Funding;
        g.      GloriFi Risk and Insurance;
        h.      GloriFi Risk Management;
        i.      GloriFi Securities; and
        j.      WPI.

**RESPONSE:**

6.      Produce all Documents and Communications relating to Books and Records for
        a.      Animo;
        b.      GloriFi Insurance Agency;
        c.      GloriFi Insurance Holding;
        d.      GloriFi Managing;
        e.      GloriFi Receivables;
        f.      GloriFi Reciprocal Funding;
        g.      GloriFi Risk and Insurance;
        h.      GloriFi Risk Management;
        i.      GloriFi Securities; and
        j.      WPI.

**RESPONSE:**

7.      Produce all Documents and Communications relating to the Fair Market Value for
        a.      Animo;
        b.      GloriFi Insurance Agency;
        c.      GloriFi Insurance Holding;
        d.      GloriFi Managing;
        e.      GloriFi Receivables;
        f.      GloriFi Reciprocal Funding;
        g.      GloriFi Risk and Insurance;
        h.      GloriFi Risk Management;
        i.      GloriFi Securities; and
        j.      WPI.

**RESPONSE:**

8.      Produce all Documents and Communications relating to the value of Assets for
     a.      Animo;
     b.      GloriFi Insurance Agency;
     c.      GloriFi Insurance Holding;
     d.      GloriFi Managing;
     e.      GloriFi Receivables;
     f.      GloriFi Reciprocal Funding;
     g.      GloriFi Risk and Insurance;
     h.      GloriFi Risk Management;
     i.      GloriFi Securities; and
     j.      WPI.

**RESPONSE:**