Clay M. Taylor
Texas Bar I.D. No. 24033261
C. Josh Osborne
Texas Bar I.D. No. 24065856
Bryan C. Assink
Texas Bar I.D. No. 24089009
Harrison A. Pavlasek
Texas Bar I.D. No. 24126906
Bonds Ellis Eppich Schafer Jones LLP
420 Throckmorton Street, Suite 1000
Fort Worth, Texas 76102
(817) 405-6900 telephone
(817) 405-6902 facsimile
Email: clay.taylor@bondsellis.com
Email: c.joshosborne@bondsellis.com
Email: bryan.assink@bondsellis.com
Email: harrison.pavlasek@bondsellis.com

**COUNSEL FOR THE DEBTOR**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | CHAPTER 7 |
| | § | |
| WITH PURPOSE, INC., | § | CASE NO. 23-30246-7 |
| | § | |
| Debtor.[1] | § | |
| | § | |

## GLOBAL NOTES AND STATEMENT OF LIMITATIONS,
## METHODS, AND DISCLAIMERS REGARDING THE DEBTOR'S SCHEDULE
## OF ASSETS AND LIABILITIES AND STATEMENT OF FINANCIAL AFFAIRS

The above-captioned debtor (the "**Debtor**"), by and through its undersigned counsel, is filing its Schedule of Assets and Liabilities (the "**Schedules**") and Statement of Financial Affairs (the "**SOFA**") in the United States Bankruptcy Court for the Northern District of Texas, Dallas Division (the "**Bankruptcy Court**"). The Debtor prepared the Schedules and SOFA in accordance with § 521 of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

These Global Notes and Statement of Limitations, Methods, and Disclaimers Regarding the Debtor's Schedules of Assets and Liabilities and Statements of Financial Affairs (collectively, the "**Global Notes**") pertain to, are incorporated by reference in, and comprise an integral part of the Schedules and SOFA. These Global Notes should be referred to and reviewed in connection with any review of the Schedules and SOFA.

---

[1] The Debtor's address is 11700 Preston Road, Suite 660-394, Dallas, TX 75230.

{00010160:1}

The Schedules and SOFA have been prepared by the Debtor's management and are unaudited and subject to further review and potential revision. In preparing the Schedules and SOFA, the Debtor relied on financial data derived from its books and records as it was available at the time of preparation. The Debtor's management and advisors have made reasonable efforts to ensure that they are as accurate and complete as possible under the circumstances. However, subsequent information or discovery may result in material changes to the Schedules and SOFA, and inadvertent errors or omissions may exist. Notwithstanding any such discovery or new information however, the Debtor may, but shall not be required to, update the Schedules and SOFA.

**Reservation of Rights.** Nothing contained in the Schedules and SOFA or these Global Notes shall constitute a waiver of any of the Debtor's rights or an admission with respect to its bankruptcy case, including, but not limited to, any issues involving objections to claims, substantive consolidation, equitable subordination, defenses, characterization or recharacterization of contracts, assumption or rejection of contracts under the provisions of chapter 3 of the Bankruptcy Code, or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code or any other relevant applicable laws to recover assets or avoid transfers.

**Description of the Case and "as of" Information Date.** On February 8, 2023 (the "**Petition Date**"), the Debtor filed a petition for relief with the Bankruptcy Court under chapter 7 of the Bankruptcy Code.

Given the nature of the case and the Debtor's assets, the valuations given are estimates at varying points in time. This is because those values fluctuate in time and given the fractured nature of the Debtor's allegedly foreclosed upon assets and lack of access to its own books, records, and intellectual property, the Debtor is presenting these filings in its best attempt to "mark to market" the types of assets its owns in each category of assets and liabilities.

**Amendment.** Although reasonable efforts were made to file complete and accurate Schedules and SOFA, inadvertent errors or omissions may exist. Thus, the Debtor reserves all rights, but shall not be required to, to amend or supplement its Schedules and SOFA from time to time as may be necessary or appropriate.

**Basis of Presentation.** Although these Schedules and SOFA may, at times, incorporate information prepared in accordance with generally accepted accounting principles ("**GAAP**"), the Schedules and SOFA do not purport to represent or reconcile financial statements otherwise prepared or distributed by the Debtor in accordance with GAAP, income tax basis, or otherwise. To the extent that the Debtor shows more assets than liabilities, this is not an admission that the Debtor was solvent or insolvent on the Petition Date or at any time prior to the Petition Date. Likewise, to the extent that the Debtor shows more liabilities than assets, this is not an admission that the Debtor was solvent or insolvent on the Petition Date or at any time prior to the Petition Date.

**Insiders.** For purposes of the Schedules and SOFA, the term "insiders" shall have the meaning set forth in Bankruptcy Code § 101(31).

Persons listed in the SOFA as insiders have been included for informational purposes only. The Debtor does not take any position with respect to (a) such person's influence over the control of

the Debtor; (b) the management responsibilities or functions of such individual; (c) the decision-making or corporate authority of such individual; or (d) whether such individual could successfully argue that he or she is not an insider under applicable law, including, without limitation, the federal securities laws, or with respect to any theories of liability or for any other purpose.

**Recharacterization.** The Debtor has made reasonable efforts to characterize, classify, categorize, and designate the claims, assets, executory contracts, unexpired leases, and other items reported in the Schedules and SOFA correctly. The Debtor reserves all rights to recharacterize, reclassify, recategorize, and redesignate items reported in the Schedules and SOFA at a later time as is necessary or appropriate as additional information becomes available, including, without limitation, whether contracts listed herein were executory as of the Petition Date or remain executory post-petition and whether leases listed herein were unexpired as of the Petition Date or remain unexpired post-petition.

**Subpoenas.** Upon the Debtor filing its voluntary petition for relief under Chapter 7 of the Bankruptcy Code, on February 13, 2023, the Bankruptcy Court issued its *Order Granting Debtor's Motion to File Amended Schedules of Assets and Liabilities, Statement of Financial Affairs, and Other Documents* (the "**Order**") [Bankr. ECF No. 23]. As contained in the Order, the Bankruptcy Court endowed the Debtor with the power to issue subpoenas. Since the entry of the Order, the Debtor has, or will have, issued a subpoena *duces tecum* to the following:

    a.      Origin Bank;

    b.      The former members of the board of directors (the "**Board**") for With Purpose, Inc., d/b/a/ GloriFif, Inc. ("**WPI**"); and

    c.      Certain other persons or entities that the Debtor believes has or has had relevant information regarding the Debtor's Schedules and SOFA.

## Summary of Significant Reporting Policies.

Current Market Value and Net Book Value. In many instances, current market valuations are neither maintained by nor readily ascertainable by the Debtor. The Debtor has used its best efforts to estimate the assets value or provided that the value is unknown.

Liabilities. Unless otherwise indicated, all liabilities are listed as of the Petition Date.

Credits and Adjustments. The claims of individual creditors are listed as the amounts entered on the Debtor's books and records and may not reflect credits, allowances, or other adjustments due from such creditors to the Debtor. The Debtor reserves all rights with regard to such credits, allowances, and other adjustments, including the right to assert claims objections and/or setoffs with respect to the same.

Undetermined Amounts. The description of an amount as "unknown," "TBD," or "undetermined" is not intended to reflect upon the materiality of such amount.

{00010160:1}

Totals. All totals that are included in the Schedules and SOFA's represent totals of all currently known amounts included in the Debtor's books and records as of the Petition Date. To the extent that there are undetermined amounts, the actual total may be different from the listed total.

Classifications. Listing a claim (a) on Schedule D as "secured," (b) on Schedule E as "priority," or (c) on Schedule F as "unsecured priority," or listing a contract or lease on Schedule G as "executory" or "unexpired" does not constitute an admission by the Debtor of the legal rights of the claimant or a waiver of the Debtor's right to recharacterize or reclassify such claim, contract, or lease.

Claims Description. Any failure to designate a claim on a given Debtor's Schedules as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtor that such amount is not "disputed," "contingent," or "unliquidated." The Debtor reserves all rights to dispute, or to assert any offsets or defenses to, any claim reflected on its respective Schedules on any grounds, including, without limitation, amount, liability, validity, priority, or classification, or to otherwise subsequently designate any claim as "disputed," "contingent," or "unliquidated." Listing a claim does not constitute an admission of liability by the Debtor, and the Debtor reserves the right, but shall not be required, to amend the Schedules accordingly.

Guarantees and Other Secondary Liability Claims. The Debtor has used reasonable efforts to locate and identify guarantees and other secondary liability claims (collectively, the "**Guarantees**") in its executory contracts, unexpired leases, secured financing, debt instruments, and other such agreements. The Debtor's review of its contracts in such regard is ongoing. Where such Guarantees have been identified, they have been included in the relevant Schedule for the Debtor. Further, certain Guarantees embedded in the Debtor's executory contracts, unexpired leases, secured financings, debt instruments, and other such agreements may have been inadvertently omitted. Thus, the Debtor reserves its right to amend the Schedules to the extent that additional Guarantees are identified. In addition, the Debtor reserves the right, but shall not be required, to amend the Schedules and SOFA to recharacterize or reclassify any such contract, lease, claim, or Guarantee.

Causes of Action. The Debtor, despite its best efforts, may not have listed all of its causes of action (filed or potential) against third parties as assets in the Schedules and SOFA. The Debtor reserves all of its rights with respect to any causes of action they may have, and neither these Global Notes nor the Schedules and SOFA shall be deemed a waiver of any such causes of action.

**Schedule A – Real Property.** The Debtor's failure to list any rights in real property on Schedule A should not be construed as a waiver of any such rights that may exist, whether known or unknown at this time.

**Schedule B – Personal Property.** Personal property owned by the Debtor is listed in the Schedule B. To the extent that the Debtor has not been able to identify the actual physical location of certain personal property, the Debtor has reported the address of the Debtor's principal place of business.

Exclusion of certain intellectual property shall not be construed as an admission that such intellectual property rights have been abandoned, terminated, assigned, expired by its terms, or otherwise transferred pursuant to a sale, acquisition, or other transaction.

**Schedule D – Creditors Holding Secured Claims.** All parties in interest and the Chapter 7 Trustee have whatever rights they may have under the Bankruptcy Code and hereby reserve the right to dispute or challenge the validity, perfection, or immunity from avoidance of any lien purported to be granted or perfected in any specific asset to a creditor listed on Schedule D of the Debtor. Moreover, although the Debtor may have scheduled claims of various creditors as secured claims for informational purposes, no current valuation of the Debtor's assets in which such all creditors may have a lien has been undertaken.

Moreover, as indicated above, parties in interest and the Chapter 7 Trustee, presumably each reserve all rights to dispute or challenge the secured nature of any such creditor's claim or the characterization of the structure of any such transaction or any document or instrument (including, without limitation, any intercompany agreement) related to such creditor's claim. The descriptions in Schedule D are intended to be only a summary. Reference to the applicable agreements and related documents and a determination of the creditors' compliance with applicable law is necessary for a complete description of the collateral and the nature, extent, and priority of any liens. Nothing in the Global Notes or the Schedules and SOFA shall be deemed a modification or interpretation of the terms of such agreements or related documents.

**Schedule E – Creditors Holding Unsecured Priority Claims.** Listing a claim on Schedule E as "unsecured priority" does not constitute the Debtor taking a position on the legal rights of the claimant. The Debtor hereby expressly reserves the right for all parties to assert that any claim listed on Schedule E, does not constitute an unsecured priority claim under § 507 of the Bankruptcy Code thereby constituting an unsecured nonpriority claim.

The claims listed on Schedule E arose, or were incurred on, various dates and a determination of each date upon which each claim arose, or was incurred, would be unduly burdensome and cost prohibitive. Accordingly, not all such dates are included for each claim. All claims listed on Schedule E, however, appear to have arisen, or to have been incurred, on or before the Petition Date.

**Schedule F – Creditors Holding Unsecured Nonpriority Claims.** Listing a claim on Schedule F as "unsecured nonpriority" does not constitute an admission by the Debtor of any legal rights of the claimant. The Debtor hereby expressly reserves the right for all parties to assert that any claim listed on Schedule F does not constitute an unsecured nonpriority claim (including the right to assert that any such claim constitutes a secured or priority claim). Additionally, noting that a claim on Schedule F is "subject to setoff" does not constitute an admission by the Debtor of the legal rights of the claimant. The Debtor hereby expressly reserves the right for all parties to assert that any claim listed on Schedule F is not subject to setoff or dispute any claim to such setoff.

Certain creditors may assert mechanic's, materialman's, or other statutory liens against the Debtor for amounts listed on Schedule F. The Debtor reserves its right to dispute or challenge the validity, perfection, or immunity from avoidance of any lien purported to be perfected by a creditor listed on Schedule F.

The claims listed on Schedule F arose, or were incurred, on various dates, and a determination of each date upon which each claim arose, or was incurred, would be unduly burdensome and cost

{00010160:1}

prohibitive. Accordingly, not all such dates are included for each claim. All claims listed on Schedule F, however, appear to have arisen, or to have been incurred, prior to the Petition Date.

**Schedule G – Executory Contracts and Unexpired Leases.** Although reasonable efforts have been made to ensure the accuracy of Schedule G regarding executory contracts and unexpired leases, the Debtor's review is ongoing, and inadvertent errors, omissions, or over- inclusion may have occurred.

The Debtor reserves all of the Chapter 7 Trustee's and other parties in interest's rights, claims, and causes of action with respect to the contracts and agreements listed on Schedule G, including the right to dispute or challenge the characterization or the structure of any transaction, document, or instrument. Certain executory agreements may not have been memorialized in writing and could be subject to dispute. Generally, executory agreements that are oral in nature have not been included in the Schedule. Further, the Debtor may be a party to various other agreements concerning real property, such as supplemental agreements, amendments/letter agreements, title documents, consents, site plans, maps, and other miscellaneous agreements. Such agreements, if any, are not set forth in Schedule G.

**Schedule H – Co-Obligors.** Although the Debtor has made every effort to ensure the accuracy of Schedule H, inadvertent errors, omissions, or inclusions may have occurred. The Debtor hereby reserves all rights for all parties to dispute the validity, status, and enforceability of any obligations set forth on Schedule H and to further amend or supplement such Schedule as necessary.

The Debtor further reserves all rights, claims, and causes of action for all parties with respect to the obligations listed on Schedule H, including the right to dispute or challenge the characterization or the structure of any transaction, document, or instrument related to a creditor's claim. The listing of a contract, guarantee, or other obligation on Schedule H shall not be deemed an admission that such obligation is binding, valid, or enforceable.

**SOFA – Transfers Outside of the Ordinary Course of Business.** Nothing in the Debtor's response to Question 10 constitutes an admission by the Debtor that such transfers were outside of the ordinary course of the Debtor's business.

<table>
<tr><td colspan="2" style="background:black;color:white">Fill in this information to identify the case:</td></tr>
</table>

| Fill in this information to identify the case: |
| --- |

Debtor name  **With Purpose, Inc.**

United States Bankruptcy Court for the:  NORTHERN DISTRICT OF TEXAS

Case number (if known)  **23-30246**

☐ Check if this is an amended filing

## Official Form 207
## Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy

04/22

The debtor must answer every question. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known).

**Part 1:    Income**

1. **Gross revenue from business**

   ☐ None.

| Identify the beginning and ending dates of the debtor's fiscal year, which may be a calendar year | Sources of revenue<br>Check all that apply | Gross revenue<br>(before deductions and exclusions) |
| --- | --- | --- |
| **From the beginning of the fiscal year to filing date:**<br>From  **1/01/2023** to **Filing Date** | ■ Operating a business<br>☐ Other _____ | **$0.00** |
| **For prior year:**<br>From  **1/01/2022** to **12/31/2022** | ■ Operating a business<br>☐ Other _____ | **$38.08** |
| **For year before that:**<br>From  **1/01/2021** to **12/31/2021** | ■ Operating a business<br>☐ Other _____ | **$0.00** |

2. **Non-business revenue**
   Include revenue regardless of whether that revenue is taxable. *Non-business income* may include interest, dividends, money collected from lawsuits, and royalties. List each source and the gross revenue for each separately. Do not include revenue listed in line 1.

   ■ None.

| | Description of sources of revenue | Gross revenue from each source<br>(before deductions and exclusions) |
| --- | --- | --- |

**Part 2:    List Certain Transfers Made Before Filing for Bankruptcy**

3. **Certain payments or transfers to creditors within 90 days before filing this case**
   List payments or transfers--including expense reimbursements--to any creditor, other than regular employee compensation, within 90 days before filing this case unless the aggregate value of all property transferred to that creditor is less than $7,575. (This amount may be adjusted on 4/01/25 and every 3 years after that with respect to cases filed on or after the date of adjustment.)

   ☐ None.

| Creditor's Name and Address | Dates | Total amount of value | Reasons for payment or transfer<br>*Check all that apply* |
| --- | --- | --- | --- |

Debtor   **With Purpose, Inc.**                                Case number *(if known)*   **23-30246**

| | Creditor's Name and Address | Dates | Total amount of value | Reasons for payment or transfer *Check all that apply* |
|---|---|---|---|---|
| 3.1. | **Concur Technologies, Inc.** **1000 601 108th Ave NE** **Bellevue, WA 98004** | **11/21/22 - $22,307.42** **11/23/22 - $2,600.58** | **$24,905.00** | ☐ Secured debt ☐ Unsecured loan repayments ☐■ Suppliers or vendors ☐ Services ☐ Other___ |
| 3.2. | **Deserve** **195 Page Mill Road, Suite 109** **Palo Alto, CA 94306** | **11/16/22** | **$250,000.00** | ☐ Secured debt ☐ Unsecured loan repayments ☐■ Suppliers or vendors ☐ Services ☐ Other___ |
| 3.3. | **Equifax** **4076 Paysphere Circle** **Chicago, IL 60674** | **11/16/2022** | **$10,000.00** | ☐ Secured debt ☐ Unsecured loan repayments ☐■ Suppliers or vendors ☐ Services ☐ Other___ |
| 3.4. | **Greenberg Traurig** **PA 8400 NW 36th Street, Suite 400** **Miami, FL 33166** | **11/16/2022** | **$7,916.00** | ☐ Secured debt ☐ Unsecured loan repayments ☐ Suppliers or vendors ☐■ Services ☐ Other___ |
| 3.5. | **Texas Series of Lockton Companies, LLC** **2100 Ross Ave, Suite 1400** **Dallas, TX 75201** | **11/16/2022** | **$28,091.03** | ☐ Secured debt ☐ Unsecured loan repayments ☐■ Suppliers or vendors ☐ Services ☐ Other___ |
| 3.6. | **Savana** **50 Valley Stream Parkway** **Malvern, PA 19355** | **11/10/2022** | **$500,000.00** | ☐ Secured debt ☐ Unsecured loan repayments ☐ Suppliers or vendors ☐ Services ☐ Other___ |
| 3.7. | **Vouched** **506 2nd Ave, Suite 1400** **Seattle, WA 98104** | **11/16/2022** | **$29,260.00** | ☐ Secured debt ☐ Unsecured loan repayments ☐■ Suppliers or vendors ☐ Services ☐ Other___ |
| 3.8. | **Collective Dallas** **15961 Custer Trail** **Frisco, TX 75035** | **11/16/22** | **$9,437.50** | ☐ Secured debt ☐ Unsecured loan repayments ☐ Suppliers or vendors ☐■ Services ☐ Other___ |

| Debtor | **With Purpose, Inc.** | | Case number *(if known)* | **23-30246** |
|---|---|---|---|---|

| Creditor's Name and Address | Dates | Total amount of value | Reasons for payment or transfer<br>*Check all that apply* |
|---|---|---|---|
| 3.9.  **CR3 Partners**<br>**13355 Noel Rd Ste 310**<br>**Dallas, TX 75240** | **11/18/22** | **$22,596.60** | ☐ Secured debt<br>☐ Unsecured loan repayments<br>☐ Suppliers or vendors<br>■ Services<br>☐ Other___ |
| 3.10.  **Austen Paul Productions**<br>**325 Felton Empire Road**<br>**Felton, CA 95018** | **11/16/22** | **$9,750.00** | ☐ Secured debt<br>☐ Unsecured loan repayments<br>☐ Suppliers or vendors<br>■ Services<br>☐ Other___ |
| 3.11.  **Arthur J Gallagher Co**<br>**250 Park Ave**<br>**Suite 3**<br>**New York, NY 10017** | **01/12/23** | **$340,432.00** | ☐ Secured debt<br>☐ Unsecured loan repayments<br>☐ Suppliers or vendors<br>☐ Services<br>■ Other  **Unknown** |

4. **Payments or other transfers of property made within 1 year before filing this case that benefited any insider**
   List payments or transfers, including expense reimbursements, made within 1 year before filing this case on debts owed to an insider or guaranteed or cosigned by an insider unless the aggregate value of all property transferred to or for the benefit of the insider is less than $7,575. (This amount may be adjusted on 4/01/25 and every 3 years after that with respect to cases filed on or after the date of adjustment.) Do not include any payments listed in line 3. *Insiders* include officers, directors, and anyone in control of a corporate debtor and their relatives; general partners of a partnership debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(31).

   ☐ None.

| Insider's name and address<br>Relationship to debtor | Dates | Total amount of value | Reasons for payment or transfer |
|---|---|---|---|
| 4.1.  **Katie Pananen**<br><br>**Consultant and then employee** | **2/16/22** | **$13,125.00** | **Services** |
| 4.2.  **Targeted Victory**<br>**2311 Wilson Blvd., 2nd Floor**<br>**Arlington, VA 22201**<br>**Investor** | **2/28/22** | **$34,021.59** | **Services** |

5. **Repossessions, foreclosures, and returns**
   List all property of the debtor that was obtained by a creditor within 1 year before filing this case, including property repossessed by a creditor, sold at a foreclosure sale, transferred by a deed in lieu of foreclosure, or returned to the seller. Do not include property listed in line 6.

   ☐ None

| Creditor's name and address | Describe of the Property | Date | Value of property |
|---|---|---|---|
| | | | |

Debtor   **With Purpose, Inc.**                                          Case number *(if known)*  **23-30246**

| Creditor's name and address | Describe of the Property | Date | Value of property |
|---|---|---|---|
| **OnPoint Companies, LLC As Collateral Agent of Noteholders c/o Steven T. Holmes 900 Jackson Street Dallas, TX 75202** | **The Debtor's Software, Software Assets, and IP rights associated with the Software, as more specifically identified in the Collateral Agreement (the "Collateral"). On or about January 5, 2023, the Collateral Agent provided notice of an alleged default under the Secured Convertible Promissory Notes and that, as a result, it intended to take possession of the Collateral. The allegedly agreed to partial foreclosure was purportedly in satisfaction of $7.5 million of debt owed under the Notes.** | **01/05/23** | **Unknown** |

6. **Setoffs**
   List any creditor, including a bank or financial institution, that within 90 days before filing this case set off or otherwise took anything from an account of the debtor without permission or refused to make a payment at the debtor's direction from an account of the debtor because the debtor owed a debt.

   ■ None

| Creditor's name and address | Description of the action creditor took | Date action was taken | Amount |
|---|---|---|---|

**Part 3:**   **Legal Actions or Assignments**

7. **Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits**
   List the legal actions, proceedings, investigations, arbitrations, mediations, and audits by federal or state agencies in which the debtor was involved in any capacity—within 1 year before filing this case.

   ☐ None.

| | Case title Case number | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|---|
| 7.1. | **With Purpose, Inc. d/b/a GloriFi and Animo Services LLC, v. Stephen Curry JAMS No. 5310000154** | **Breach of Confidentiality and Proprietary Rights Agreement, Breach of antidisparagement clause, tortious interference.** | **JAMS Arbitration** | ■ Pending ☐ On appeal ☐ Concluded |
| 7.2. | **With Purpose, Inc. d/b/a GloriFi v. James Nicholas Ayers JAMS No. 5310000148** | **Nature of Case: Breach of Confidentiality and Proprietary Rights Agreement, Breach of antidisparagement clause, tortious interference.** | **JAMS Arbitration** | ■ Pending ☐ On appeal ☐ Concluded |

| Debtor | **With Purpose, Inc.** | | Case number *(if known)* **23-30246** |

| | Case title<br>Case number | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|---|
| 7.3. | **With Purpose, Inc. d/b/a GloriFi and Animo Services LLC, v. Manuel Rios**<br>**JAMS No. 5310000156** | **Breaches of Employment and Confidentiality Agreements, fraud, breach of fiduciary duty, tortious interference with existing and prospective contracts.** | **JAMS Arbitration** | ■ Pending<br>☐ On appeal<br>☐ Concluded |
| 7.4. | **With Purpose, Inc. d/b/a GloriFi and Animo Services LLC, v. Jerome Fadden**<br>**JAMS No. 5310000155** | **Breaches of Employment and Confidentiality Agreements, fraud, breach of fiduciary duty, tortious interference with existing and prospective contracts.** | **JAMS Arbitration** | ■ Pending<br>☐ On appeal<br>☐ Concluded |

**8. Assignments and receivership**
List any property in the hands of an assignee for the benefit of creditors during the 120 days before filing this case and any property in the hands of a receiver, custodian, or other court-appointed officer within 1 year before filing this case.

■ None

---

**Part 4:    Certain Gifts and Charitable Contributions**

9. **List all gifts or charitable contributions the debtor gave to a recipient within 2 years before filing this case unless the aggregate value of the gifts to that recipient is less than $1,000**

■ None

| Recipient's name and address | Description of the gifts or contributions | Dates given | Value |
|---|---|---|---|

**Part 5:    Certain Losses**

10. **All losses from fire, theft, or other casualty within 1 year before filing this case.**

■ None

| Description of the property lost and how the loss occurred | Amount of payments received for the loss<br><br>If you have received payments to cover the loss, for example, from insurance, government compensation, or tort liability, list the total received.<br><br>List unpaid claims on Official Form 106A/B *(Schedule A/B: Assets – Real and Personal Property).* | Dates of loss | Value of property lost |
|---|---|---|---|

**Part 6:    Certain Payments or Transfers**

11. **Payments related to bankruptcy**
List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

Debtor   **With Purpose, Inc.**

Case number *(if known)*  **23-30246**

☐ None.

| | Who was paid or who received the transfer? Address | If not money, describe any property transferred | Dates | Total amount or value |
|---|---|---|---|---|
| 11.1. | **CR3 Partners**<br>**13355 Noel Rd Ste 310**<br>**Dallas, TX 75240** | | **11/16/2022** | **$30,000.00** |
| | **Email or website address**<br>**www.cr3partners.com** | | | |
| | **Who made the payment, if not debtor?** | | | |
| 11.2. | **CR3 Partners**<br>**13355 Noel Rd Ste 310**<br>**Dallas, TX 75240** | | **11/18/2022** | **$22,596.60** |
| | **Email or website address**<br>**www.cr3partners.com** | | | |
| | **Who made the payment, if not debtor?** | | | |
| 11.3. | **Faegre Drinker Biddle & Reath LLP**<br>**222 Delaware Avenue, Suite 1410**<br>**Wilmington, DE 19801** | **Note: This receipient received at least $75,000 related to bankruptcy, though the Debtor believes it received more than this but the Debtor lacks access to all records sufficient to identify such payments.** | **12/23/2022** | **$75,000.00** |
| | **Email or website address**<br>**https://www.faegredrinker.com** | | | |
| | **Who made the payment, if not debtor?** | | | |
| 11.4. | **Bonds Ellis Eppich Schafer Jones LLP**<br>**420 Throckmorton St., Ste. 1000**<br>**Fort Worth, TX 76102** | | **1/31/23 and 2/8/23** | **$90,000.00** |
| | **Email or website address**<br>**www.bondsellis.com** | | | |
| | **Who made the payment, if not debtor?** | | | |
| 11.5. | **Law Offices of Tanya Wallace**<br>**501 East Oates Road #495282**<br>**Garland, TX 75043** | | **2/8/23** | **$15,000.00** |
| | **Email or website address** | | | |
| | **Who made the payment, if not debtor?** | | | |

Debtor    **With Purpose, Inc.**                                      Case number *(if known)*  **23-30246**

| | Who was paid or who received the transfer? Address | If not money, describe any property transferred | Dates | Total amount or value |
|---|---|---|---|---|
| 11.6. | **Lora Mays Consulting Corp. 254 Pinerock Lane Montgomery, TX 77356** | | **2/8/23** | **$90,000.00** |
| | **Email or website address** | | | |
| | **Who made the payment, if not debtor?** | | | |
| 11.7. | **Faegre Drinker Biddle & Reath LLP 222 Delaware Ave., Suite 1410 Wilmington, DE 19801** | | **1/17/23** | **$50,000.00** |
| | **Email or website address** | | | |
| | **Who made the payment, if not debtor?** | | | |

12. **Self-settled trusts of which the debtor is a beneficiary**
    List any payments or transfers of property made by the debtor or a person acting on behalf of the debtor within 10 years before the filing of this case to a self-settled trust or similar device.
    Do not include transfers already listed on this statement.

    ■ None.

| Name of trust or device | Describe any property transferred | Dates transfers were made | Total amount or value |
|---|---|---|---|

13. **Transfers not already listed on this statement**
    List any transfers of money or other property by sale, trade, or any other means made by the debtor or a person acting on behalf of the debtor within 2 years before the filing of this case to another person, other than property transferred in the ordinary course of business or financial affairs. Include both outright transfers and transfers made as security. Do not include gifts or transfers previously listed on this statement.

    ■ None.

| Who received transfer? Address | Description of property transferred or payments received or debts paid in exchange | Date transfer was made | Total amount or value |
|---|---|---|---|

**Part 7:    Previous Locations**

14. **Previous addresses**
    List all previous addresses used by the debtor within 3 years before filing this case and the dates the addresses were used.

    ■ Does not apply

| Address | Dates of occupancy From-To |
|---|---|

**Part 8:    Health Care Bankruptcies**

15. **Health Care bankruptcies**
    Is the debtor primarily engaged in offering services and facilities for:
    - diagnosing or treating injury, deformity, or disease, or
    - providing any surgical, psychiatric, drug treatment, or obstetric care?

Debtor    **With Purpose, Inc.**    Case number *(if known)* **23-30246**

---

■ No. Go to Part 9.
☐ Yes. Fill in the information below.

| Facility name and address | Nature of the business operation, including type of services the debtor provides | If debtor provides meals and housing, number of patients in debtor's care |
|---|---|---|
| | | |

**Part 9:    Personally Identifiable Information**

16. **Does the debtor collect and retain personally identifiable information of customers?**

☐ No.
■ Yes. State the nature of the information collected and retained.

**Personal information from customers**

Does the debtor have a privacy policy about that information?
☐ No
■ Yes

17. **Within 6 years before filing this case, have any employees of the debtor been participants in any ERISA, 401(k), 403(b), or other pension or profit-sharing plan made available by the debtor as an employee benefit?**

■ No. Go to Part 10.
☐ Yes. Does the debtor serve as plan administrator?

**Part 10:    Certain Financial Accounts, Safe Deposit Boxes, and Storage Units**

18. **Closed financial accounts**
Within 1 year before filing this case, were any financial accounts or instruments held in the debtor's name, or for the debtor's benefit, closed, sold, moved, or transferred?
Include checking, savings, money market, or other financial accounts; certificates of deposit; and shares in banks, credit unions, brokerage houses, cooperatives, associations, and other financial institutions.

☐ None

| | Financial Institution name and Address | Last 4 digits of account number | Type of account or instrument | Date account was closed, sold, moved, or transferred | Last balance before closing or transfer |
|---|---|---|---|---|---|
| 18.1. | **See attached** | **XXXX-** | ☐ Checking<br>☐ Savings<br>☐ Money Market<br>☐ Brokerage<br>☐ Other___ | | **Unknown** |

19. **Safe deposit boxes**
List any safe deposit box or other depository for securities, cash, or other valuables the debtor now has or did have within 1 year before filing this case.

■ None

| Depository institution name and address | Names of anyone with access to it Address | Description of the contents | Does debtor still have it? |
|---|---|---|---|
| | | | |

20. **Off-premises storage**
List any property kept in storage units or warehouses within 1 year before filing this case. Do not include facilities that are in a part of a building in which the debtor does business.

Debtor   **With Purpose, Inc.**                                          Case number *(if known)*   **23-30246**

☐ None

| Facility name and address | Names of anyone with access to it | Description of the contents | Does debtor still have it? |
|---|---|---|---|
| **Public Storage** | **Representative of the Debtor** | **Unknown. May have miscellanous inventory or other small equipment items owned by Debtor.** | ☐ No<br>■ Yes |

---

**Part 11:**   **Property the Debtor Holds or Controls That the Debtor Does Not Own**

21. **Property held for another**
List any property that the debtor holds or controls that another entity owns. Include any property borrowed from, being stored for, or held in trust. Do not list leased or rented property.

☐ None

| Owner's name and address | Location of the property | Describe the property | Value |
|---|---|---|---|
| **See attached addendum** | | | **Unknown** |

---

**Part 12:**   **Details About Environment Information**

For the purpose of Part 12, the following definitions apply:
*Environmental law* means any statute or governmental regulation that concerns pollution, contamination, or hazardous material, regardless of the medium affected (air, land, water, or any other medium).

*Site* means any location, facility, or property, including disposal sites, that the debtor now owns, operates, or utilizes or that the debtor formerly owned, operated, or utilized.

*Hazardous material* means anything that an environmental law defines as hazardous or toxic, or describes as a pollutant, contaminant, or a similarly harmful substance.

**Report all notices, releases, and proceedings known, regardless of when they occurred.**

22. **Has the debtor been a party in any judicial or administrative proceeding under any environmental law?** Include settlements and orders.

   ■ No.
   ☐ Yes. Provide details below.

| Case title<br>Case number | Court or agency name and address | Nature of the case | Status of case |
|---|---|---|---|

23. **Has any governmental unit otherwise notified the debtor that the debtor may be liable or potentially liable under or in violation of an environmental law?**

   ■ No.
   ☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|

24. **Has the debtor notified any governmental unit of any release of hazardous material?**

   ■ No.
   ☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|

---

**Part 13:**   **Details About the Debtor's Business or Connections to Any Business**

25. **Other businesses in which the debtor has or has had an interest**

| Debtor | **With Purpose, Inc.** | Case number *(if known)* **23-30246** |
|---|---|---|

List any business for which the debtor was an owner, partner, member, or otherwise a person in control within 6 years before filing this case. Include this information even if already listed in the Schedules.

☐ None

| Business name address | Describe the nature of the business | Employer Identification number<br>Do not include Social Security number or ITIN. |
|---|---|---|
| | | **Dates business existed** |
| 25.1. **Animo Services, LLC** | **Subsidiary** | EIN: **87-1053276**<br>From-To **May 27, 2021 to present** |
| 25.2. **GloriFi Securities LLC** | **Subsidiary** | EIN: **87-4221607**<br>From-To **December 23, 2021 to present** |
| 25.3. **GloriFi Receivables Acquisition Company** | **Subsidiary** | EIN: **88-2841778**<br>From-To **June 13, 2022 to present** |
| 25.4. **GloriFi Insurance Holding Company LLC** | **Subsidiary**<br>**Insurance holding company** | EIN: **87-2443781**<br>From-To **August 26, 2021 to present** |
| 25.5. **GloriFi Risk Management Services LLC** | **Subsidiary** | EIN: **87-2434543**<br>From-To **August 26, 2021 to present** |
| 25.6. **GloriFi Reciprocal Funding Company, LLC** | **Subsidiary** | EIN: **88-0773596**<br>From-To |
| 25.7. **GloriFi Managing General Agency LLC** | **Subsidiary** | EIN: **87-3558988**<br>From-To **November 5, 2021 to present** |
| 25.8. **GloriFi Insurance Agency Holding Company** | **Subsidiary** | EIN: **85-0530180**<br>From-To |
| 25.9. **GloriFi Risk and Insurance Services, LLC** | **Subsidiary** | EIN: **85-0557801**<br>From-To |

26. **Books, records, and financial statements**

26a. List all accountants and bookkeepers who maintained the debtor's books and records within 2 years before filing this case.

☐ None

| Name and address | Date of service<br>From-To |
|---|---|
| 26a.1. **Jonathan Pennington**<br>**11700 Preston Road, Ste. 660-394**<br>**Dallas, TX 75230** | **1/1/22 - 11/21/22** |
| 26a.2. **Resource Global Professionals**<br>**15301 Dallas Parkway, Suite 1050**<br>**Dallas, TX 75001** | **9/1/22 - 12/1/22** |
| 26a.3. **Gardner Bell**<br>**11700 Preston Road, Ste. 660-394**<br>**Dallas, TX 75230** | **12/21 - 11/29/22** |

Debtor   **With Purpose, Inc.**                                    Case number *(if known)*   **23-30246**

| Name and address | | Date of service From-To |
|---|---|---|
| 26a.4. | **Jenna Register**<br>**11700 Preston Road, Ste. 660-394**<br>**Dallas, TX 75230** | **1/31/22 - 11/21/22** |
| 26a.5. | **Harrison Godwin**<br>**11700 Preston Road, Ste. 660-394**<br>**Dallas, TX 75230** | **4/4/22 - 2/8/23** |
| 26a.6. | **Monica Woolsey**<br>**11700 Preston Road, Ste. 660-394**<br>**Dallas, TX 75230** | **6/13/22 - 10/28/22** |
| 26a.7. | **Stuart Cohen**<br>**11700 Preston Road, Ste. 660-394**<br>**Dallas, TX 75230** | **3/9/21 - 11/21/22** |

26b. List all firms or individuals who have audited, compiled, or reviewed debtor's books of account and records or prepared a financial statement within 2 years before filing this case.

☐ None

| Name and address | | Date of service From-To |
|---|---|---|
| 26b.1. | **Crowe LLP**<br>**750 N. Saint Paul Street**<br>**Dallas, TX 75201** | **September 2022 - December 2022** |

| Name and address | | Date of service From-To |
|---|---|---|
| 26b.2. | **RGP**<br>**P.O. Box 740909**<br>**Los Angeles, CA 90074** | |

26c. List all firms or individuals who were in possession of the debtor's books of account and records when this case is filed.

■ None

| Name and address | If any books of account and records are unavailable, explain why |
|---|---|

26d. List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom the debtor issued a financial statement within 2 years before filing this case.

☐ None

| Name and address | |
|---|---|
| 26d.1. | **DHC** |
| 26d.2. | **At least 30 state insurance agencies** |
| 26d.3. | **At least 30 state mortgage/consumer agen** |
| 26d.4. | **Fortress Investment** |
| 26d.5. | **Mastercard** |

Debtor    **With Purpose, Inc.**                                              Case number *(if known)*  **23-30246**

| Name and address | |
|---|---|
| 26d.6. | **Moelis** |
| 26d.7. | **Bank of America** |
| 26d.8. | **A variety of parties via Open Data Room** |

27. **Inventories**
    Have any inventories of the debtor's property been taken within 2 years before filing this case?

    ☒ No
    ☐ Yes. Give the details about the two most recent inventories.

| Name of the person who supervised the taking of the inventory | Date of inventory | The dollar amount and basis (cost, market, or other basis) of each inventory |
|---|---|---|

28. **List the debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor at the time of the filing of this case.**

| Name | Address | Position and nature of any interest | % of interest, if any |
|---|---|---|---|
| **Toby Neugebauer** | | **Sole Director** | |

| Name | Address | Position and nature of any interest | % of interest, if any |
|---|---|---|---|
| **Neugebauer Family Enterprises, LLC** | | **Shareholder** | **75.51% of Voting Shares** |

| Name | Address | Position and nature of any interest | % of interest, if any |
|---|---|---|---|
| **Neugebauer Family Enterprises II, LLC** | | **Shareholder** | **13.43% of Voting Shares** |

29. **Within 1 year before the filing of this case, did the debtor have officers, directors, managing members, general partners, members in control of the debtor, or shareholders in control of the debtor who no longer hold these positions?**

    ☐ No
    ☒ Yes. Identify below.

| Name | Address | Position and nature of any interest | Period during which position or interest was held |
|---|---|---|---|
| **Hunter Bywaters** | **Address on file** | **Director** | **12/13/22 - 1/24/23** |

| Name | Address | Position and nature of any interest | Period during which position or interest was held |
|---|---|---|---|
| **Toby Neugebauer** | **Address on file** | **Director** | **Inception - 10/16/22. Returned to Board 1/22/23 to present.** |

| Debtor | **With Purpose, Inc.** | | Case number *(if known)*  **23-30246** |
|---|---|---|---|

| Name | Address | Position and nature of any interest | Period during which position or interest was held |
|---|---|---|---|
| **James Nicholas Ayers** | **Address on file** | **Director** | **11/30/21 - 4/3/22** |

| Name | Address | Position and nature of any interest | Period during which position or interest was held |
|---|---|---|---|
| **Keri Findley** | **Address on file** | **Director** | **2/3/22 - 4/1/22** |

| Name | Address | Position and nature of any interest | Period during which position or interest was held |
|---|---|---|---|
| **Charles Hamilton** | **Address on file** | **Director** | **4/3/22 - 12/13/22** |

| Name | Address | Position and nature of any interest | Period during which position or interest was held |
|---|---|---|---|
| **Alan Carr** | **Address on file** | **Director** | |

| Name | Address | Position and nature of any interest | Period during which position or interest was held |
|---|---|---|---|
| **John Norwood** | **Address on file** | **Director** | |

30. **Payments, distributions, or withdrawals credited or given to insiders**
Within 1 year before filing this case, did the debtor provide an insider with value in any form, including salary, other compensation, draws, bonuses, loans, credits on loans, stock redemptions, and options exercised?

☐ No

☑ Yes. Identify below.

| | Name and address of recipient | Amount of money or description and value of property | Dates | Reason for providing the value |
|---|---|---|---|---|
| 30.1. | **Drive Train Advisors Address on file** | **Total payments of $140,000** | **4/18/22: $20,000 5/6/22: $40,000 6/1/22: $40,000 7/1/22: $40,000** | **Director compensation** |
| | Relationship to debtor **Entity of former director** | | | |
| 30.2. | **Walnut Creek Advisors Address on file** | **$200,000** | **7/11/22** | **Compensation for Jin Kang as Chief Operating Officer** |
| | Relationship to debtor **Affiliate of former COO Jin Kang** | | | |

Debtor   **With Purpose, Inc.**                                    Case number *(if known)*  **23-30246**

|  | Name and address of recipient | Amount of money or description and value of property | Dates | Reason for providing the value |
|---|---|---|---|---|
| 30.3. | **Ashburn Hunter Bywaters III** | **$30,000** | **1/13/23** | **Unknown** |
|  | **Relationship to debtor** **Former Director** | | | |

31. **Within 6 years before filing this case, has the debtor been a member of any consolidated group for tax purposes?**

■ No
☐ Yes. Identify below.

| Name of the parent corporation | Employer Identification number of the parent corporation |
|---|---|

32. **Within 6 years before filing this case, has the debtor as an employer been responsible for contributing to a pension fund?**

■ No
☐ Yes. Identify below.

| Name of the pension fund | Employer Identification number of the pension fund |
|---|---|

**Part 14:**   **Signature and Declaration**

**WARNING** -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.
18 U.S.C. §§ 152, 1341, 1519, and 3571.

I have examined the information in this *Statement of Financial Affairs* and any attachments and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on     **March 8, 2023**

**/s/ Toby R. Neugebauer**                          **Toby R. Neugebauer**
Signature of individual signing on behalf of the debtor          Printed name

Position or relationship to debtor     **Director**

**Are additional pages to *Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy* (Official Form 207) attached?**
■ No
☐ Yes

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| IN RE: | § | CHAPTER 7 |
| | § | |
| WITH PURPOSE, INC., | § | CASE NO. 23-30246-mvl7 |
| | § | |
| Debtor.[1] | § | |
| | § | |

**ADDENDUM TO DEBTOR'S STATEMENT OF FINANCIAL AFFAIRS**

In addition to the limitations, disclaimers, and conditions identified in the *Global Notes and Statement of Limitations, Methods, and Disclaimers Regarding the Debtor's Schedule of Assets and Liabilities and Statement of Financial Affairs* (the "**Global Notes**"), filed with this Statement of Financial Affairs (the "**SOFA**" or "**Statements**"), the Debtor identifies the following specific additional disclosures, limitations, disclaimers, and conditions regarding the Debtor's responses to certain questions in the SOFA identified below.

**Part 1: Income**
***Statement 1—Gross Revenue from Business***

Upon information and belief and a detailed review of the information available to the Debtor as of the Petition Date, the Debtor has disclosed all gross revenue to which it is aware and has in its books and records. However, the Debtor believes there may have been additional gross revenue received by the Debtor starting on or about October 2022 after the Debtor began operations in September 2022. The Debtor's initial launch was successful, resulting in at 50,000 members signing up to use the Debtor's services within the first two weeks. The Debtor will amend and/or supplement this response if such additional information becomes available.

**Part 2: List Certain Transfers Made Before Filing for Bankruptcy**
***Statement 3—Certain Payments or Transfers to Creditors with Ninety-days Before Filing this Case***

Upon information and belief and a detailed review of the information available to the Debtor as of the Petition Date, despite immense efforts, the Debtor is unable to ascertain all of the payments or transfers it made within the ninety-days prior to filing for bankruptcy. However, the Debtor believes that it has disclosed all such transfers to which it has been able to identify and which are maintained in its books and records available to the Debtor. The Debtor will amend and/or supplement this response if additional responsive information becomes available.

---

[1] The Debtor's address is 11700 Preston Road, Suite 660-394, Dallas, TX 75230.

1

Upon the commencement of this case, the Debtor obtained a bank record from Origin Bank unrelated to the subpoena that the Debtor issued to Origin Bank. Accordingly, the bank record contained information relating the payment of a certain, potential vendor.

Since the Debtor filed its voluntary petition for relief under Chapter 7, the Debtor has issued or will issue subpoenas to the former members of WPI's Board and Origin Bank for information related to and necessary for a complete and accurate depiction of the Debtor's finances and any relevant payments to entities within ninety-days (90) prior to the Debtor filing for bankruptcy.

### Statement 4—Payments or Other Transfers of Property Made within 1 Year Before Filing this Case that Benefited any Insider

Upon information and belief and a detailed review of the information available to the Debtor as of the Petition Date, despite immense efforts, the Debtor is unable to ascertain all of the payments or transfers it made to insiders within one year prior to filing for bankruptcy. The Debtor's investigation as to these transactions remains ongoing. The Debtor will amend and/or supplement this response if additional responsive information becomes available.

Upon the commencement of this case, the Debtor obtained a bank record from Origin Bank unrelated to the subpoena that the Debtor issued to Origin Bank. Accordingly, the bank record contained information relating the payment of a certain, potential Insider.

Since the Debtor filed its voluntary petition for relief under Chapter 7, the Debtor has issued or will issue subpoenas to the former members of WPI's Board and Origin Bank for information related to and necessary for a complete and accurate depiction of the Debtor's finances and any relevant payments to Insiders, as the Bankruptcy Code defines that term, within one (1) year prior to the Debtor filing for bankruptcy.

### Statement 6—Setoffs

Upon information and belief and a detailed review of the information available to the Debtor as of the Petition Date, despite immense efforts, the Debtor is unable to ascertain whether any creditor took anything from an account of the Debtor without permission or otherwise refused to make a payment at the Debtor's direction during the applicable time period. Debtor's former representatives did, at times, prevent management from having access to certain bank accounts, which has prevented the Debtor from ascertaining whether such setoffs have occurred. The Debtor's investigation as to potential setoffs remains ongoing. The Debtor will amend and/or supplement this response if additional responsive information becomes available.

Upon the commencement of this case, the Debtor obtained a bank record from Origin Bank unrelated to the subpoena that the Debtor issued to Origin Bank. Accordingly, the bank record contained information relating the payment of a certain, potential Insider.

2

**Part 3. Legal Actions or Assignments**
*Statement 7—Legal Actions, Administrative Proceedings, Court Actions, Executions, Attachments, or Governmental Audits*

Upon a review of the information available to the Debtor, it noticed an error with respect to the Case No. for the JAMS proceedings. Accordingly, the Case No. has been changed.

Since the Debtor filed its voluntary petition for relief under Chapter 7, the Debtor has issued or will issue subpoenas to the former members of WPI's Board for information related to and necessary for a complete and accurate depiction of the Debtor's finances and any other pending litigation the Debtor is involved in.

**Part 6. Certain Payments or Transfers**
*11. Payments related to bankruptcy*

Upon information and belief and a detailed review of the information available to the Debtor as of the Petition Date, despite immense efforts, the Debtor is unable fully determine all payments made by the Debtor related to restructuring or bankruptcy advice. Debtor's former representatives did, at times, prevent management from having access to certain bank account(s), which prevented the Debtor from ascertaining all payments and transferred made out of such account(s). For example, the Debtor believes that the law firm of Faegre Drinker Biddle & Reath LLP has received additional payments related to restructuring or bankruptcy advice other than the $75,000 payment disclosed. However, such payments may have been disbursed from the Debtor's Origin Bank account to which the Debtor does not have access. The Debtor's investigation as to these payments remains ongoing. The Debtor will amend and/or supplement this response if additional responsive information becomes available.

Upon the commencement of this case, the Debtor obtained a bank record from Origin Bank unrelated to the subpoena that the Debtor issued to Origin Bank. Accordingly, the bank record contained information regarding a certain payment related to bankruptcy.

**Part 10: Certain Financial Accounts, Safe Deposit Boxes, and Storage Units**
*18. Closed financial accounts*

Upon information and belief and a detailed review of the information available to the Debtor as of the Petition Date, despite immense efforts, the Debtor is unable to ascertain whether any financial accounts held in the Debtor's name have been closed, sold, moved, or transferred within 1 year prior to the Petition Date. The Debtor's investigation on this information remains ongoing. The Debtor will amend and/or supplement this response if additional responsive information becomes available.

*20. Off-premises storage*

The Debtor has a storage unit held in its name which previously held property of the Debtor. As of the Petition Date, however, the Debtor is unable to determine whether any of Debtor's property remains in the storage unit and whether any property has recently been removed.

The Debtor's investigation on this information remains ongoing. The Debtor will amend and/or supplement this response if additional responsive information becomes available.

## Part 11—Property the Debtor Holds or Controls that the Debtor does not Own
### Statement 21—Property Held for Another

Upon information and belief and a detailed review of the information available to the Debtor as of the Petition Date, despite immense efforts, the Debtor is unable to ascertain all property that the Debtor holds for another. The Debtor suspects that it is holding credit card receivables on behalf of those mentioned in the Debtor's capital structure. The Debtor will amend and/or supplement this response if additional responsive information becomes available.

## Part 13—Details about the Debtor's Business or Connections to Any Businesses
### Statement 25—Other Businesses in which the Debtor has or has had an Interest

Upon information and belief and a detailed review of the information available to the Debtor as of the Petition Date, despite immense efforts, the Debtor is unable to confirm that it has disclosed all the entities in which it had an ownership interest as of the Petition Date. The Debtor has identified and disclosed nine (9) separate wholly-owned subsidiaries of the Debtor. It is possible, however, that there are other entities in which the Debtor has an interest which have not been identified. The Debtor's investigation as to this information remains ongoing. The Debtor will amend and/or supplement this response if additional responsive information becomes available.

Since the Debtor filed its voluntary petition for relief under Chapter 7, the Debtor has issued or will issue subpoenas to the former members of WPI's Board for information related to and necessary for a complete and accurate depiction of the Debtor's finances and any other relevant information regarding an interest in other business entities the Debtor has or may have.

### Statement 26—Books, Records, and Financial Statements

The Debtor is making this statement to the best of its ability given the information available to the Debtor as of the filing date and with its best understanding of Generally Accepted Accounting Principles. Further, as matter of disclosure and upon information and belief, the Debtor provided open-source access to other financial institutions. The Debtor's investigation as to this information remains ongoing. The Debtor will amend and/or supplement this response if additional responsive information becomes available.

Since the Debtor filed its voluntary petition for relief under Chapter 7, the Debtor has issued or will issue subpoenas to the former members of WPI's Board for information related to and necessary for a complete and accurate depiction of the Debtor's finances and any other relevant information regarding the Debtor's books, records, and financial statements.

***Statement 29—Within One Year before Filing of this Case, did the Debtor have Officers, Directors, Managing Members, General Partners, Members in Control of the Debtor, or Share Holders in Control of the Debtor who no Longer hold these Positions***

Since the Debtor filed its voluntary petition for relief under Chapter 7, the Debtor has issued or will issue subpoenas to the former members of WPI's Board for information related to and necessary for a complete and accurate depiction of the Debtor's finances and any other relevant information regarding the Debtor's books.

***Statement 30—Payments, distributions, or withdrawals credited or given to insiders.***

Upon information and belief and a detailed review of the information available to the Debtor as of the Petition Date, despite immense efforts, the Debtor is unable to ascertain all of the payments or transfers it made to insiders within one year prior to filing for bankruptcy. The Debtor has disclosed certain compensation payments made to insiders during this period to which it is aware and has in its books and records. The Debtor's investigation as to these transfers remains ongoing. The Debtor will amend and/or supplement this response if additional responsive information becomes available.

Upon the commencement of this case, the Debtor obtained a bank record from Origin Bank unrelated to the subpoena that the Debtor issued to Origin Bank. Accordingly, the bank record contained information regarding a certain payment related to an Insider, as the Bankruptcy Code defines that term.

Since the Debtor filed its voluntary petition for relief under Chapter 7, the Debtor has issued or will issue subpoenas to the former members of WPI's Board for information related to and necessary for a complete and accurate depiction of the Debtor's finances and any other relevant information regarding money to an Insider, as the Bankruptcy Code defines that term.

## <u>Reservation of Rights</u>

Although the Debtor's management team has made every reasonable effort to ensure that the Schedules and Statements are as accurate and complete as possible under the circumstances based on information that was available to them at the time of preparation, subsequent information or discovery may result in material changes to the Schedules and Statements, and inadvertent errors or omissions may have occurred, some of which may be material. Because the Schedules and Statements contain unaudited information, which remains subject to further review, verification and potential adjustment, there can be no assurance that the Schedules and Statements are complete and accurate. The Debtor reserves all rights to amend the Schedules and Statements from time to time, in any and all respects, as may be necessary or appropriate.