Clay M. Taylor
Texas Bar I.D. No. 24033261
Christian Ellis
Texas Bar I.D. No. 24007154
C. Joshua Osborne
Texas Bar I.D. No. 24065856
Bonds Ellis Eppich Schafer Jones LLP
420 Throckmorton Street, Suite 1000
Fort Worth, Texas 76102
(817) 405-6900 telephone
(817) 405-6902 facsimile
Email: clay.taylor@bondsellis.com
Email: christian@bondsellis.com
Email: c.joshosborne@bondsellis.com

*[See additional counsel on Signature Page]*

**COUNSEL FOR THE DEFENDANTS**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| IN RE: | § | CHAPTER 7 |
| | § | |
| WITH PURPOSE, INC., | § | CASE NO. 23-30246-mvl7 |
| | § | |
| Debtor.[1] | § | |
| | § | |
| | § | |
| | § | |
| SEVEN TALENTS, LLC, RHYTHMIC | § | |
| CAPITAL FUND II, LLC, and J.I.G., | § | |
| LLC., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Adv. Proc. No. __-____ |
| | § | |
| TOBY NEUGEBAUER and BANZAI | § | |
| ADVISORY GROUP, LLC, | § | |
| | § | |
| Defendants | § | |

## NOTICE OF REMOVAL

---

[1] The Debtor's address is 11700 Preston Road, Suite 660-394, Dallas, TX 75230.

Toby Neugebauer ("**Mr. Neugebauer**") and Banzai Advisory Group, LLC ("**Banzai**, and together with Mr. Neugebauer, the "**Defendants**"), by and through their undersigned counsel, pursuant to 28 U.S.C. § 1452(a), Rule 9027 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Local Rule 9027-1 of the Local Bankruptcy Rules of the United States Bankruptcy Court for the Northern District of Texas (the "**Local Rules**"), file this *Notice of Removal* removing Cause Number DC-23-02970, styled as *Seven Talents, LLC, Rhythmic Capital Fund II, LLC, and J.I.G., LLC v. Toby Neugebauer and Banzai Advisory Group, LLC* (the "**State Court Litigation**") from the 191st Judicial District of the District Court of Dallas County, Texas (the "**State Court**"), to the United States Bankruptcy Court for the Northern District of Texas.

## I.      BACKGROUND

1.      The State Court Litigation is between Seven Talents, LLC; Rhythmic Capital Fund II, LLC; and J.I.G., LLC (together, the "**Plaintiffs**"), and the Defendants.

2.      On February 8, 2023 (the "**Petition Date**"), With Purpose, Inc., the above captioned debtor (the "**Debtor**"), filed its voluntary petition for relief under Chapter 7 of Title 11 of the United States Code (the "**Bankruptcy Code**"). Importantly, currently before this Court are claims previously asserted in pendent jurisdiction proceedings against Mr. Neugebauer, the former Chief Executive Officer of Debtor. The claims asserted in this removed State Court Litigation are strikingly similar.

3.      On March 3, 2023, after the Petition Date, the Plaintiffs filed their *Plaintiffs' Original Petition*. Among other contentions, the Plaintiffs assert causes of action for (i) fraudulent inducement, (ii) negligent misrepresentation, (iii) breach of fiduciary duty, (iv) unjust enrichment, and (v) exemplary damages.

4.      Prior to filing for bankruptcy, the Debtor was primed to operate a successful financial technology company that provided intermediary banking services to an unreached market segment. Before the Debtor launched its promising business venture, the Plaintiffs—along with other, culpable parties and arising from a common nucleus of operative facts—schemed to defraud the Debtor and abscond with the Debtor's assets. Ultimately, this caused the Debtor, by some estimates, nearly $1.8 billion in harm.

5.      In an effort to salvage the remains of the Debtor's assets and provide some type of recovery to the Debtor's victimized creditors and equity holders, Mr. Neugebauer returned as the Debtor's *sole* director to cooperate with Scott Seidel—the Debtor's Chapter 7 trustee who owns valuable claims against the Plaintiffs and others—and hold the Plaintiffs and others responsible for the damage they caused the Debtor and its estate.

## II.      BASIS FOR REMOVAL

6.      "A party may remove any claim or cause of action . . . to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of [Title 28 of the United States Code]." 28 U.S.C. § 1452(a). In turn, the district courts shall have original jurisdiction over all civil proceedings "arising under title 11, or arising in or related to cases under [the Bankruptcy Code]." 28 U.S.C. § 1334(b). Per the District Court's Miscellaneous Order No. 33, *Order of Reference of Bankruptcy Cases and Proceedings Nunc Pro Tunc*, dated August 3, 1984, "any or all proceedings . . . related to a case under Title 11 . . . filed in this district . . . are referred to the Bankruptcy Judges of this district for consideration and resolution consistent with law." Local Rule 9027-1(a) then provides that "[a] removed claim or cause of action related to a bankruptcy case shall be filed in the bankruptcy court as an adversary proceeding and assigned directly to a bankruptcy judge."

7.      The determination of the State Court Litigation will invoke a number of core proceedings under 28 U.S.C. § 157(b)(2) that arise under Title 11, including, but not limited to, matters concerning the administration of the estate; the allowance or disallowance of a claim against the estate; and other proceedings affecting the liquidation of assets of the estate (which relate, respectively, to 28 U.S.C. §§ 157(b)(2)(A), (B), and (O)). The Court has jurisdiction over the State Court Litigation pursuant to 28 U.S.C. § 1334(b), and this removal is proper.

8.      Alternatively, "a proceeding properly invokes federal 'related to' jurisdiction [if] the outcome of the proceeding could *conceivably* affect that estate being administered in bankruptcy." *In re TXNB Internal Case*, 483 F.3d 292, 298 (5th Cir. 2007) (emphasis added). "Certainty" that the outcome of the proceeding will affect the estate "is unnecessary." *Id.* Rather, "an action is 'related to' bankruptcy if the outcome could alter, positively or negatively, the debtor's rights, liabilities, options, or freedom of action or could influence the administration of the bankrupt estate." *Id.*; *Lone Star Fund (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 386 (5th Cir. 2010); *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, No. 3:08-CV-0261-L, 2008 WL 4449508, at *3 (N.D. Tex. Sept. 30, 2008).

9.      Here, the Court has, at a minimum, "related to" jurisdiction over the State Court Litigation because its outcome—whether there is any liability—will significantly affect the administration of the Debtor's Chapter 7 case and assets available to creditors and equity holders. Moreover, as referenced above, the determination of these matters by this Court of nearly identical claims against Mr. Neugebauer, as the former Chief Executive Officer of the Debtor, that Plaintiffs attempt to assert again in the State Court Litigation and against other former directors, creditors, and related parties will need to be brought as counter-claims. These claims are already before this

Court in pendent jurisdiction. Therefore, the strikingly similar State Court Litigation claims should also be brought before this Court.

### III.    OTHER PROCEDURAL REQUIREMENTS

10.    This is the proper Court for the Defendants to remove the State Court Litigation to because this Court is the bankruptcy court for the district where the State Court Litigation is pending. *See* 28 U.S.C. § 1452; Fed. R. Bankr. P. 9027(a)(1).

11.    Removal of the State Court Litigation is timely because the Defendants filed this Notice of Removal subsequently to the Petition Date and within thirty-days after receipt of the summons in the State Court Litigation. *See* Fed. R. Bankr. P. 9027(a)(3) (providing for thirty-day deadline for removal of actions in addition to other potential deadlines not applicable here).

12.    After promptly filing this Notice of Removal, the Defendants will provide written notice to the other parties involved in the State Court Litigation of the filing of this Notice of Removal. The Defendants will also file a copy of the Notice of Removal with the clerk of the State Court. *See* Fed. R. Bankr. P. 9027(c).

13.    An index identifying copies of all process, pleadings, and documents in the State Court Litigation is attached to this Notice of Removal as **Exhibit A**, as required by Bankruptcy Rule 9027(a)(1) and Local Rule 9027-1(c). The corresponding documents are attached thereto as **Exhibits 1–8**.

14.    As required by Bankruptcy Rule 9027(a)(1), the Defendants do not consent to the entry of final orders or judgments by the Court. It is the Defendants' intention to file their counter-claims, on behalf of themselves and other aggrieved third-party plaintiffs, and upon consent of the Debtor's Chapter 7 trustee, or upon the entry of an order of the Court, further bringing the indirect causes of action belonging to the estate against the Plaintiffs for the benefit of the estate.

## IV.    CONCLUSION

15.    The Defendants provide notice that the State Court Litigation is removed from the

State Court to the United States Bankruptcy Court for the Northern District of Texas under 28

U.S.C. § 1452(a).


Respectfully submitted,


*/s/ Clay M. Taylor*
Clay M. Taylor
Texas Bar I.D. No. 24033261
Christian Ellis
Texas Bar I.D. No. 24007154
C. Joshua Osborne
Texas Bar I.D. No. 24065856
Bonds Ellis Eppich Schafer Jones LLP
420 Throckmorton Street, Suite 1000
Fort Worth, Texas 76102
(817) 405-6900 telephone
(817) 405-6902 facsimile
Email: clay.taylor@bondsellis.com
Email: christian@bondsellis.com
Email: c.joshosborne@bondsellis.com

Jennifer H. Doan
Texas Bar No. 08809050
Darby V. Doan
Texas Bar No. 00793622
Joshua R. Thane
Texas Bar No. 24060713
Cole A. Riddell
Texas Bar No. 24105423
HALTOM & DOAN
6500 Summerhill Road, Suite 100
Texarkana, TX 75503
Telephone: (903) 255-1000
Facsimile:  (903) 255-0800
Email:  jdoan@haltomdoan.com
Email:  ddoan@haltomdoan.com
Email:  jthane@haltomdoan.com
Email:  criddell@haltomdoan.com

**COUNSEL FOR THE DEFENDANTS**

<u>**CERTIFICATE OF SERVICE**</u>

I certify that on April 12, 2023, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Northern District of Texas. Further, I certify that on April 12, 2023, a true and correct copy of the foregoing will be served via first-class mail to:

Seven Talents, LLC; Rhythmic Capital Fund II, LLC; and J.I.G., LLC
C/O Rogge Dunn
Chase J. Potter
Rogge Dunn Group, PC
500 N. Akard Street, Suite 1900
Dallas, Texas 75201

*/s/ Clay M. Taylor*
Clay M. Taylor

## Exhibit A

**"Index of State Court Litigation"**

| Seven Talents, LLC, Rhythmic Capital Fund II, LLC, and J.I.G., LLC v. Toby Neugebauer and Banzai Advisory Group, LLC | | |
|---|---|---|
| **Number** | **Pleading** | **File Date** |
| Ex. 1 | *State Court Docket sheet* | |
| Ex. 2 | *Original Petition* | 3/3/2023 |
| Ex. 3 | *Citation—Banzai Advisory Group, LLC* | |
| Ex. 4 | *Citation—Toby Neugebauer* | |
| Ex. 5 | *Executed Citation—Banzai Advisory Group, LLC* | 3/15/2023 |
| Ex. 6 | *Executed Citation—Toby Neugebauer* | 3/17/2023 |
| Ex. 7 | *Rule 11 Agreement to Extend Defendants' Time to Respond to Plaintiffs' Original Petition* | 4/10/2023 |
| Ex. 8 | *Answer to Original Petition* | 4/12/2023 |

## Exhibit 1

**"State Court Docket Sheet"**

## Case Information

DC-23-02970 | SEVEN TALENTS, LLC, RHYTHMIC CAPITAL FUND II, LLC, and J.I.G., LLC. vs. BANZAI
ADVISORY GROUP LLC, et al

| Case Number | Court | Judicial Officer |
| --- | --- | --- |
| DC-23-02970 | 191st District Court | SLAUGHTER, GENA |
| File Date | Case Type | Case Status |
| 03/03/2023 | OTHER (CIVIL) | OPEN |

## Party

PLAINTIFF
SEVEN TALENTS, LLC, RHYTHMIC CAPITAL FUND II, LLC, and J.I.G.,
LLC.

Address
500 N. Akard Street, Suite 1900
Dallas TX 75201

Active Attorneys ▾
Lead Attorney
DUNN, R. ROGGE
Retained

DEFENDANT
BANZAI ADVISORY GROUP LLC

Address
REGISTERED AGENT CAPITOL CORPORATE SERVICES INC
1501 S MOPAC EXPRESSWAY, SUITE 220
AUSTIN TX 78746

Active Attorneys ▾
Lead Attorney
DOAN, JENNIFER ANNE H
Retained

DEFENDANT
NEUGEBAUER, TOBY

Address
10777 STRAIT LANE
DALLAS TX 75229

Active Attorneys ▾
Lead Attorney
DOAN, JENNIFER ANNE H
Retained

## Events and Hearings

03/03/2023 NEW CASE FILED (OCA) - CIVIL

03/03/2023 ORIGINAL PETITION ▾

ORIGINAL PETITION

03/03/2023 ISSUE CITATION ▾

ISSUE CITATION-BANZAI ADVISORY GROUP LLC

ISSUE CITATION-TOBY NEUGEBAUER

03/07/2023 CITATION ▾

Served
03/13/2023

Anticipated Server
ESERVE

Anticipated Method
Actual Server
OUT OF COUNTY

Returned
03/15/2023
Comment
BANZAI ADVISORY GROUP LLC

03/07/2023 CITATION ▾

Served
03/15/2023

Anticipated Server
ESERVE

Anticipated Method
Actual Server
PRIVATE PROCESS SERVER

Returned
03/17/2023

Comment
TOBY NEUGEBAUER

03/15/2023 RETURN OF SERVICE ▾

EXECUTED CITATION - BANZAI ADVISORY GROUP LLC

Comment
EXECUTED CITATION - BANZAI ADVISORY GROUP LLC

03/17/2023 RETURN OF SERVICE ▾

EXECUTED CITATION - TOBY NEUGEBAUER

Comment
EXECUTED CITATION - TOBY NEUGEBAUER

04/10/2023 RULE 11 ▾

RULE 11 AGREEMENT TO EXTEND DEFENDANTS TIME TO RESPOND

Comment
AGREEMENT TO EXTEND DEFENDANTS TIME TO RESPOND TO PLAINTIFFS ORIGINAL
PETITION

04/12/2023 ORIGINAL ANSWER - GENERAL DENIAL ▾

ORIGINAL ANSWER

04/12/2023 SPECIAL EXCEPTIONS ▾

ORIGINAL ANSWER

# Financial

SEVEN TALENTS, LLC, RHYTHMIC CAPITAL FUND II, LLC, and J.I.G., LLC.

| | | |
|---|---|---|
| Total Financial Assessment | | $366.00 |
| Total Payments and Credits | | $366.00 |
| 3/6/2023 | Transaction | $366.00 |
| | Assessment | |

| 3/6/2023 | CREDIT CARD - TEXFILE (DC) | Receipt # 14476-2023-DCLK | SEVEN TALENTS, LLC, RHYTHMIC CAPITAL FUND II, LLC, and J.I.G., LLC. | ($229.00) |
| 3/6/2023 | STATE CREDIT | | | ($137.00) |

## Documents

ORIGINAL PETITION

ISSUE CITATION-BANZAI ADVISORY GROUP LLC

ISSUE CITATION-TOBY NEUGEBAUER

EXECUTED CITATION - BANZAI ADVISORY GROUP LLC

EXECUTED CITATION - TOBY NEUGEBAUER

RULE 11 AGREEMENT TO EXTEND DEFENDANTS TIME TO RESPOND

ORIGINAL ANSWER

**<u>Exhibit 2</u>**

**"Original Petition"**

FILED
3/3/2023 3:50 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Cynthia R Willis DEPUTY

**2 CIT ESERVE**

DC-23-02970

CAUSE NO. _____

| | | |
|---|---|---|
| **SEVEN TALENTS, LLC, RHYTHMIC** | § | **IN THE DISTRICT COURT OF** |
| **CAPITAL FUND II, LLC, and J.I.G.,** | § | |
| **LLC.** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | **DALLAS COUNTY, TEXAS** |
| **v.** | § | |
| | § | |
| **TOBY NEUGEBAUER and BANZAI** | § | 191st |
| **ADVISORY GROUP, LLC,** | § | |
| | § | |
| **Defendants.** | § | **_____ JUDICIAL DISTRICT** |

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF THE COURT:

COMES NOW, Seven Talents, LLC, Rhythmic Capital Fund II, LLC, and J.I.G., LLC (collectively hereinafter "Plaintiffs" or "Investors") and file this Original Petition (hereinafter this "Petition" or this "Pleading"), complaining of Toby Neugebauer (hereinafter "Neugebauer") and Banzai Advisory Group, LLC (hereinafter the "Neugebauer LLC") (Neugebauer and the Neugebauer LLC hereinafter collectively "Defendants," "You," "Your," or "Yours")[1] in the above-referenced lawsuit (hereinafter this "Action") and pursuant to the Texas Rules of Civil Procedure (hereinafter the "Rules") show as follows:

## I.
## WHAT THIS ACTION IS ABOUT

1.     This lawsuit is being filed to hold Toby Neugebauer accountable for fraudulently inducing Plaintiffs into investing **_over $11 million_** in a start-up company With Purpose, Inc. d/b/a GloriFi (hereinafter the "Company" or "GloriFi"), which was co-founded by Neugebauer.

---

[1]     Plaintiffs and Defendants are referred to collectively herein as the "Parties."

**PLAINTIFFS' ORIGINAL PETITION**

R:\7\0775\001\Pleadings\Plaintiffs' Original Petition.doc

Copy from re:SearchTX

Copy from re:SearchTX

Plaintiffs would not have invested in GloriFi but for Neugebauer's material misrepresentations. And Neugebauer knew it.

2.    After Plaintiffs invested in GloriFi, Neugebauer engaged in a scheme of egregious self-dealing and erratic behavior that culminated in GloriFi's demise. Neugebauer ignored and breached the fiduciary duties he owed Plaintiffs (investors in GloriFi) in an effort to (i) personally enrich himself and/or entities Neugebauer owned or controlled (*e.g.*, the Neugebauer LLC), and (ii) protect Neugebauer's own personal investment in GloriFi. Neugebauer acted in bad faith and in a manner Neugebauer knew was opposed to the best interests of the other investors in GloriFi (and the Company itself).

3.    For example, Neugebauer caused GloriFi (or one of its subsidiaries or affiliates) to execute a secured promissory note in favor of the Neugebauer LLC in the principal amount of $5 million (hereinafter, the "Note"). Around the same time GloriFi announced it was ceasing operations, Neugebauer called the Note due and caused GloriFi to pay himself (through the Neugebauer LLC) over $3.9 million. As if this self-dealing wasn't enough, Neugebauer then had the audacity to cause the Neugebauer LLC to sue GloriFi for the remaining amount Neugebauer alleged was owed under the bogus Note (*i.e.*, almost $1.1 million), which included close to $200,000 in interest that, according to Neugebauer, had accrued on the self-interested Note in the less than 4 months it existed prior to Neugebauer claiming a default.

4.    For these reasons, and those generally discussed in this Pleading, Plaintiffs seek a judgment against Neugebauer for the full amount of the over $11 million Plaintiffs invested in GloriFi and for any other actual, consequential, or special damages to which Plaintiffs show themselves entitled to recover from Defendants.

---

## II.
## RELATED CASE DISCLOSURE

5.      Pursuant to Local Rule 1.08, Plaintiffs hereby disclose and notify the Court that this Action is subject to transfer under Local Rule 1.06. The related case is styled *Banzai Advisory Group, LLC*, Cause No. DC-22-17591 in the 134th Judicial District Court in Dallas County, Texas. This is the lawsuit Neugebauer caused the Neugebauer LLC to file against GloriFi related to the bogus and self-interested Note.

## III.
## MONETARY CATEGORY

6.      Pursuant to Texas Rule of Civil Procedure 47, this matter should be assigned to Monetary Category (c)(4), because Plaintiffs seek monetary relief over $1,000,000.

7.      At the time of the filing of this Pleading, the damages are continuing and increasing.  Plaintiffs' investigation is continuing and is incomplete.  Accordingly, the monetary category is an estimate at this time and is subject to being increased, decreased, or otherwise amended.

## IV.
## LEVEL III DISCOVERY CONTROL PLAN

8.      Discovery is intended to be conducted under Level III pursuant to Texas Rule of Civil Procedure 190.4. Motion is hereby made for entry of a Level III scheduling order.

## V.
## THE PARTIES

9.      Plaintiffs are entities who invested and hold interests in GloriFi in reliance on Neugebauer's misrepresentations. Plaintiffs Seven Talents, LLC, Rhythmic Capital Fund II,

---

Copy from re:SearchTX

LLC, and Jackson Investment Group, LLC are entities and, therefore, do not have a driver's license or social security number.

10.    Defendant Toby Neugebauer is an individual who resides in Dallas County, Texas. The last three digits of Neugebauer's driver's license and social security number are unknown.

11.    Defendant Banzai Advisory Group, LLC is a limited liability company with its principal place of business in Dallas County, Texas. The Neugebauer LLC is an entity and, therefore, does not have a driver's license or social security number.

## VI.
## SERVICE

12.    Defendant Toby Neugebauer may be served with process at 10777 Strait Lane, Dallas, Texas 75229, or wherever else he may be found and legally served.

13.    Defendant Banzai Advisory Group, LLC may be served with process through its registered agent, Capitol Corporate Services, Inc., 1501 S Mopac Expressway, Suite 220, Austin, Texas 78746.

## VII.
## JURISDICTION AND VENUE

14.    This Court has subject matter jurisdiction over this action because the amount in controversy exceeds the minimum jurisdictional limits of this Court.

15.    Venue is proper in Dallas County, Texas pursuant to Section 15.002(1)(3) because it is (i) the county in which all or a substantial part of the events or omissions giving rise to the claim occurred, (ii) the county of Defendant Toby Neugebauer's residence at the time the cause of action accrued; and (iii) the county of Defendant Banzai Advisory Group, LLC's principal office in this state.

---

**PLAINTIFFS' ORIGINAL PETITION**

Copy from re:SearchTX

## VIII.
## <u>FACTS</u>

16.     Neugebauer is one of the co-founders of GloriFi. Neugebauer made various, material and knowing misrepresentations for the purpose of inducing individuals and entities (like Plaintiffs) to invest millions of dollars in GloriFi.

17.     The following is a sampling of Neugebauer's misrepresentations, web of deceit, and empty promises:

- Neugebauer represented that he would ***not*** be the CEO of GloriFi.

- Neugebauer represented that he would recruit, hire, and empower a serious and independent C-suite.

- Neugebauer represented that the value of GloriFi's "tech stack" was extremely high and would remain in excess of the total amount invested in GloriFi.

- Neugebauer represented that, if he was wrong about the market, GloriFi ran out of money, or GloriFi was not able to go public, GloriFi would simply sell the tech stack and return the investment (*i.e.*, Neugebauer represented to potential investors that GloriFi was a "no risk" investment based on (i) the backstop of the Company's allegedly valuable "tech stack," and (ii) Neugebauer's personal assurances and representations regarding liquating same and returning the substantial investments if needed).

18.     These representations were material to Plaintiffs and other potential investors. For example, with respect to Neugebauer's representations that he would not be the CEO of GloriFi and would instead secure an independent C-suite, such representations were important because many of the investors were concerned that Neugebauer did not inspire the confidence, or exude the focus needed, from a CEO of a startup company with the goal of going public on an aggressive timetable.

19.     Neugebauer knew this and, thus, would often say, unprompted, that he would hire and empower a complete professional management team. Neugebauer would rattle off examples of names he was allegedly in communication with to hire for those roles. But Neugebauer never

---

**PLAINTIFFS' ORIGINAL PETITION**

Copy from re:SearchTX

made good on his promises and, instead, ensured he remained in control of GloriFi (through, among other things, appointing his cronies to positions of authority) to remove any roadblocks to Neugebauer's true motivation and goal – personal enrichment by any means necessary.

20.     After Neugebauer fraudulently induced Plaintiffs and others to invest millions of dollars in GloriFi, Neugebauer engaged in a campaign of egregious self-dealing and breaches of the fiduciary duties Neugebauer owed Plaintiff and the other investors in GloriFi. In all the acts alleged herein (specifically, Neugebauer's acts that serve as the basis for Plaintiffs' claims against him), Neugebauer acted in bad faith and in a manner Neugebauer knew was opposed to the best interests of the other investors in GloriFi (and the Company itself).

21.     For example, and by way of background only, in late March and early April 2022, Neugebauer initiated a "squeeze play," which involved various pressure tactics, artificial time crunches, and lies, in an effort to push through a self-dealing transaction that would have resulted in the allegedly valuable "tech stack" being transferred to Neugebauer and/or a company Neugebauer owned and controlled. Neugebauer did this despite previously, and repeatedly, representing to GloriFi investors that the "tech stack" was the key asset backing the investments in GloriFi and making such investments, as Neugebauer often represented, "risk free" or "without downside."

22.     There are numerous other examples of Neugebauer's self-dealing and breaches of the fiduciary duties he owed Plaintiffs and the other investors in GloriFi. The most recent, or at least the most recent for which Plaintiffs currently have knowledge (which was obtained through public filings), is Neugebauer causing GloriFi – or one of its subsidiaries or affiliates – to execute the Note (defined above) in favor of the Neugebauer LLC in the principal amount of $5 million. The Note states it was issued on August 2, 2022.

23.     On or about November 22, 2022 (which is around the same time GloriFi announced it was ceasing operations), Neugebauer called the Note due and claimed the pay-off amount was $5,152,054.79 with interest and fees continuing to accrue.

24.     On or about December 6, 2022, Neugebauer caused GloriFi to make a "partial payment" on the Note to Neugebauer (through the Neugebauer LLC) in the amount of $3,913,181.28.

25.     After causing GloriFi to pay himself almost $4 million on the bogus Note, Neugebauer then had the audacity to cause the Neugebauer LLC to sue GloriFi for the remaining amount Neugebauer alleged was owed under the bogus Note (*i.e.*, almost $1.1 million), which included close to $200,000 in alleged interest (the "Related Lawsuit").

26.     The Related Lawsuit was pending in the 134th Civil District Court in Dallas County, Texas. The Related Lawsuit was nonsuited without prejudice before an answer was filed. At the time of the filing of this Pleading, Plaintiffs are unaware if the nonsuit was the result of Neugebauer causing GloriFi to pay himself even more money on the bogus Note.

## IX.
## CAUSES OF ACTION

### COUNT 1:  FRAUDULENT INDUCEMENT (AGAINST NEUGEBAUER)

27.     Plaintiffs plead a cause of action against Neugebauer for fraudulent inducement. The allegations contained in all the paragraphs of this Pleading are hereby reaverred and realleged, for all purposes, and incorporated herein with the same force and effect as if set forth verbatim herein.

28.     Neugebauer knew his material representations were false and intended for Plaintiffs to act upon same. Specifically, Neugebauer made the misrepresentations to induce

---

**PLAINTIFFS' ORIGINAL PETITION**

Copy from re:SearchTX

Copy from re:SearchTX

Plaintiffs (and others) to invest millions of dollars in GloriFi – and that is exactly what Plaintiffs did in reliance on Neugebauer's misrepresentations.

29.     In all acts forming the basis of this claim, Neugebauer acted in bad faith and in a manner Neugebauer knew was opposed to the best interests of the other investors in GloriFi (and the Company itself).

30.     As a proximate cause of Neugebauer's fraud, Plaintiffs suffered significant harm. Specifically, Plaintiffs would not have invested over $11 million in GloriFi had Plaintiffs known Neugebauer's material representations were false. Plaintiffs seek to recover the full amount of the over $11 million they were fraudulently induced into investing in GloriFi from Neugebauer. Plaintiffs further seek to recover any additional actual, consequential, and/or special damages that are recoverable from Neugebauer as a result of his fraud.

**COUNT 2: NEGLIGENT MISREPRESENTATION (AGAINST NEUGEBAUER)**

31.     In the alternative to Plaintiffs fraudulent inducement claim, Plaintiffs plead a cause of action against Neugebauer for negligent misrepresentation. The allegations contained in all the paragraphs of this Pleading are hereby reaverred and realleged, for all purposes, and incorporated herein with the same force and effect as if set forth verbatim herein.

32.     Neugebauer made misrepresentations in the course of business activities and in a transaction in which Plaintiffs have a pecuniary interest. As generally outlined herein, Neugebauer supplied false information for the guidance of Plaintiffs.

33.     In all acts forming the basis of this claim, Neugebauer acted in bad faith and in a manner Neugebauer knew was opposed to the best interests of the other investors in GloriFi (and the Company itself).

Copy from re:SearchTX

34.     As a proximate cause of Neugebauer's negligent misrepresentations, Plaintiffs suffered significant harm. Specifically, Plaintiffs would not have invested over $11 million in GloriFi had Plaintiffs known Neugebauer's material representations were false. Plaintiffs seek to recover the full amount of the over $11 million they invested in GloriFi in reliance on Neugebauer's negligent misrepresentations. Plaintiffs further seek to recover any additional actual, consequential, and/or special damages that are recoverable from Neugebauer as a result of his negligent misrepresentations.

### COUNT 3: BREACH OF FIDUCIARY DUTY (AGAINST NEUGEBAUER)

35.     Plaintiffs plead a cause of action against Neugebauer for breach of fiduciary duty. The allegations contained in all the paragraphs of this Pleading are hereby reaverred and realleged, for all purposes, and incorporated herein with the same force and effect as if set forth verbatim herein.

36.     As the CEO and a member of the Board of Directors, Neugebauer owed Plaintiffs (*i.e.*, investors in GloriFi) various fiduciary duties, including the duty of care and the duty of loyalty. Neugebauer intentionally and maliciously breached his fiduciary duties to Plaintiffs by engaging in the fraudulent and malicious actions and self-dealing outlined herein (as well as other acts and misdeeds by Neugebauer).

37.     In all acts forming the basis of this claim, Neugebauer acted in bad faith and in a manner Neugebauer knew was opposed to the best interests of the other investors in GloriFi (and the Company itself).

38.     As a proximate cause and result of Neugebauer's malicious and intentional breaches of his fiduciary duties, Plaintiffs have suffered actual and consequential damages in

excess of the jurisdictional limits of this Court. Plaintiffs seek to recover all such damages from Neugebauer.

### COUNT 4: UNJUST ENRICHMENT (AGAINST THE NEUGEBAUER LLC)

39.     Plaintiffs plead a cause of action against the Neugebauer LLC for unjust enrichment. The allegations contained in all the paragraphs of this Pleading are hereby reaverred and realleged, for all purposes, and incorporated herein with the same force and effect as if set forth verbatim herein.

40.     As generally discussed herein, the Neugebauer LLC wrongfully secured, or passively received, a benefit (*i.e.*, the payment of at least $3.9 million under the bogus Note). It would be unconscionable for the Neugebauer LLC to retain this substantial monetary benefit because it was obtained through Neugebauer's wrongful self-dealing, bad faith acts that Neugebauer knew were not in the best interests of the other investors in GloriFi (or the Company itself), and the taking of an undue advantage.

41.     As a proximate cause and result of the Neugebauer LLC's unjust enrichment, Plaintiffs have suffered actual and consequential damages in excess of the jurisdictional limits of this Court. Plaintiffs seek to recover all such damages from the Neugebauer LLC.

### COUNT 5: EXEMPLARY DAMAGES (AGAINST NEUGEBAUER)

42.     Plaintiffs plead a cause of action against Neugebauer for exemplary damages. The allegations contained in all the paragraphs of this Pleading are hereby reaverred and realleged, for all purposes, and incorporated herein with the same force and effect as if set forth verbatim herein.

43.     As generally set forth herein, Neugebauer intentionally breached the fiduciary duties of care and loyalty he owed Plaintiffs and the other investors in GloriFi by engaging in

Copy from re:SearchTX

egregious acts of self-dealing. Moreover, the damages Plaintiffs seek herein resulted from Neugebauer's fraud and malice.

44. In all acts forming the basis of this claim, Neugebauer acted in bad faith and in a manner Neugebauer knew was opposed to the best interests of the other investors in GloriFi (and the Company itself).

45. Accordingly, Plaintiffs are entitled to recover exemplary damages from Neugebauer in an amount to be determined by the factfinder. Plaintiffs request the issuance of an exemplary damages award against Neugebauer that will be sufficient to deter him from engaging in similar misconduct in the future.

## X.
## MISCELLANEOUS

46. The right to plead any and all claims, causes of action, and/or theories in the alternative is invoked and all claims, causes of action, and/or theories of recovery are hereby plead, in the alternative, to the extent necessary. Demand is hereby made that the Official Court Reporter for this Court perform all the duties of the office, as set forth in Section 52.046 of the Government Code of the State of Texas, and as set forth in Rule 13 of the Rules of Appellate Procedure, including, but not limited to, reporting all testimony and trial proceedings, voir dire examinations, and jury arguments.

47. All conditions precedent to all relief being sought by Plaintiffs in this Action have been met, performed, occurred, and/or been waived.

---

Copy from re:SearchTX

## XI.
## RESERVATION OF RIGHTS

48.     The right to bring additional causes of action against Defendants and to amend

this Petition as necessary is hereby reserved.

## XII.
## PRAYER

THEREFORE, Plaintiffs respectfully request the following relief from the Court:

1.      Upon final trial, issue judgment in favor of Plaintiffs against Defendants for all
available damages, both general and special, in an amount in excess of the
minimum jurisdictional limit of this Court and for reasonable and necessary
attorney's fees, reasonable and necessary paralegal fees, costs of court, and pre-
and post-judgment interest at the highest rates allowed by law; and

2.      Grant Plaintiffs such other and further relief, general or special, at law or in
equity, to which Plaintiffs may show themselves to be justly entitled.

Copy from re:SearchTX

Respectfully submitted,

**ROGGE DUNN**
State Bar No. 06249500

E-mail: [Dunn@trialtested.com](mailto:Dunn@trialtested.com)

**CHASE J. POTTER**
State Bar No. 24088245

E-mail: [Potter@roggedunngroup.com](mailto:Potter@roggedunngroup.com)

**ROGGE DUNN GROUP, PC**
500 N. Akard Street
Suite 1900
Dallas, Texas 75201
Telephone: (214) 888-5000
Facsimile:  (214) 220-3833

**ATTORNEYS FOR PLAINTIFFS**

Copy from re:SearchTX

## Automated Certificate of eService

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

R. Rogge Dunn
Bar No. 6249500
dunn@RoggeDunnGroup.com
Envelope ID: 73331391
Status as of 3/6/2023 12:19 PM CST

Associated Case Party: SEVEN TALENTS, LLC, RHYTHMIC CAPITAL FUND II,
LLC, and J.I.G., LLC.

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Chase Potter | | potter@roggedunngroup.com | 3/3/2023 3:50:29 PM | SENT |
| Troy Brown | | tbrown@roggedunngroup.com | 3/3/2023 3:50:29 PM | SENT |
| Firm e-Filing | | eFiling@roggedunngroup.com | 3/3/2023 3:50:29 PM | SENT |

Copy from re:SearchTX

## Exhibit 3

**"Citation—Banzai Advisory Group, LLC"**

FORM NO. 353-3—CITATION

# THE STATE OF TEXAS

**ESERVE**

# CITATION

To:   **BANZAI ADVISORY GROUP LLC**
**BY SERVING ITS REGISTERED AGENT CAPITOL CORPORATE SERVICES INC**
**1501 S MOPAC EXPRESSWAY SUITE 220**
**AUSTIN TX 78746**

**No.: DC-23-02970**

**GREETINGS:**
You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. on the Monday next following the expiration of twenty days after you were served this citation and **ORIGINAL** petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org. Your answer should be addressed to the clerk of the **191st District Court** at 600 Commerce Street, Dallas, Texas 75202.

Said Plaintiff being **SEVEN TALENTS, LLC, RHYTHMIC CAPITAL FUND II, LLC, and J.I.G., LLC.**

Filed in said Court **3rd day of March, 2023** against

**BANZAI ADVISORY GROUP LLC; TOBY NEUGEBAUER**

For Suit, said suit being numbered **DC-23-02970,** the nature of which demand is as follows:
Suit on **OTHER (CIVIL)** etc. as shown on said petition, a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office **on this the 7th day of March, 2023**

ATTEST: FELICIA PITRE,
Clerk of the District Courts of Dallas County, Texas

By_____, Deputy
**ALICE TORRES**

**SEVEN TALENTS, LLC, et al**
**vs.**
**BANZAI ADVISORY GROUP LLC, et al**

**ISSUED**
on this the 7th day of March, 2023

**FELICIA PITRE**
**Clerk District Courts,**
**Dallas County, Texas**

By: **ALICE TORRES**, Deputy

**Attorney for Plaintiff**
**R. ROGGE DUNN**
500 N AKARD ST STE 1900
DALLAS TX 75201-6629
(214)888-5000
Dunn@trialtested.com
**DALLAS COUNTY**
**SERVICE FEES**
**NOT PAID**



# OFFICER'S RETURN

Cause No. DC-23-02970

Court No.: 191st District Court

Style: SEVEN TALENTS, LLC, et al
vs.
BANZAI ADVISORY GROUP LLC, et al

Came to hand on the _____ day of _____, 20 _____, at _____ o'clock _____.M. Executed at _____, within the County of _____ at _____ o'clock _____.M. on the _____ day of _____, 20 _____, by delivering to the within named _____ _____

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery.  The distance actually traveled by me in serving such process was _____ miles and my fees are as follows:      To certify which witness my hand.

| | | |
|---|---|---|
| For serving Citation | $_____ | _____ |
| For mileage | $_____ | of _____ County, _____ |
| For Notary | $_____ | By _____ Deputy |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said_____ before me this_____ day of _____,
20_____, to certify which witness my hand and seal of office.

_____
Notary Public_____ County_____

## Exhibit 4

**"Citation—Toby Neugebauer"**

FORM NO. 353-3—CITATION

# THE STATE OF TEXAS

**ESERVE**

# CITATION

To: **TOBY NEUGEBAUER**
   **10777 STRAIT LANE**
   **DALLAS TX 75229**

No.: **DC-23-02970**

GREETINGS:
You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. on the Monday next following the expiration of twenty days after you were served this citation and **ORIGINAL** petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org. Your answer should be addressed to the clerk of the **191st District Court** at 600 Commerce Street, Dallas, Texas 75202.

 Said Plaintiff being **SEVEN TALENTS, LLC, RHYTHMIC CAPITAL FUND II, LLC, and J.I.G., LLC.**

Filed in said Court **3rd day of March, 2023** against

**BANZAI ADVISORY GROUP LLC; TOBY NEUGEBAUER**

For Suit, said suit being numbered **DC-23-02970,** the nature of which demand is as follows:
Suit on **OTHER (CIVIL)** etc. as shown on said petition, a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
 Given under my hand and the Seal of said Court at office **on this the 7th day of March, 2023**

ATTEST: FELICIA PITRE,
Clerk of the District Courts of Dallas County, Texas

By_____, Deputy
**ALICE TORRES**

**SEVEN TALENTS, LLC, et al**
vs.
**BANZAI ADVISORY GROUP LLC, et al**

**ISSUED**
**on this the 7th day of March, 2023**

**FELICIA PITRE**
**Clerk District Courts,**
**Dallas County, Texas**

By: **ALICE TORRES**, Deputy

**Attorney for Plaintiff**
**R. ROGGE DUNN**
500 N AKARD ST STE 1900
DALLAS TX 75201-6629
(214)888-5000
Dunn@trialtested.com
**DALLAS COUNTY**
**SERVICE FEES**
**NOT PAID**



## OFFICER'S RETURN

Cause No. DC-23-02970

Court No.: 191st District Court

Style: SEVEN TALENTS, LLC, et al
 vs.
BANZAI ADVISORY GROUP LLC, et al

Came to hand on the _____day of _____, 20_____, at _____o'clock _____.M. Executed at
_____, within the County of _____ at _____ o'clock _____
.M. on the _____day of_____, 20_____, by delivering to the within named
_____
_____
each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery. The distance actually traveled by me in serving such process was _____miles and my fees are as follows:      To certify which witness my hand.

|   |   |   |
|---|---|---|
| For serving Citation | $_____ | _____ |
| For mileage | $_____ | of_____ County, _____ |
| For Notary | $_____ | By_____ Deputy |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said_____ before me this_____ day of _____,
20_____, to certify which witness my hand and seal of office.

_____
Notary Public_____ County_____

## Exhibit 5

**"Executed Citation—Banzai Advisory Group, LLC"**

FILED
3/15/2023 4:23 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Janieshia Reed DEPUTY

## AFFIDAVIT OF SERVICE

**State of Texas**                    **County of Dallas**                    **191st Judicial District Court**

Case Number: DC-23-02970

Plaintiff:
**SEVEN TALENTS, LLC; et al**

vs.

Defendant:
**TOBY NEUGEBAUER, et al**

Received these papers on the 10th day of March, 2023 at 3:30 pm to be served on **BANZAI ADVISORY GROUP LLC care of its Registered Agent, CAPITOL CORPORATE SERVICES, INC., 1501 S. Mopac Expressway, Suite 220, Austin, Travis County, TX 78746**.

I, Thomas Kroll, being duly sworn, depose and say that on the **13th day of March, 2023** at **11:45 am,** I:

hand-delivered a true copy of this **Citation together with Plaintiffs' Original Petition,** to  **BANZAI ADVISORY GROUP LLC care of its Registered Agent, CAPITOL CORPORATE SERVICES, INC.** by and through its authorized agent, **PAUL MORALES,** at the address of: **1501 S. Mopac Expressway, Suite 220, Austin, Travis County, TX 78746,** having first endorsed upon such copy of such process the date of delivery.

I certify that I am approved by the Judicial Branch Certification Commission, Misc. Docket No. 05-9122 under rule 103, 501, and 501.2 of the TRCP to deliver citations and other notices from any District, County and Justice Courts in and for the State of Texas. I am competent to make this oath; I am not less than 18 years of age, I am not a party to the above-referenced cause, I have not been convicted of a felony or a crime of moral turpitude, and I am not interested in the outcome of the above-referenced cause.

Subscribed and Sworn to before me on the 13th day of March, 2023 by the affiant who is personally known to me.

**Thomas Kroll**
PSC - 3012, Exp. 8/31/2023

Our Job Serial Number: THP-2023001518
Ref: 0680167

NOTARY PUBLIC



Helen Broussard
My Commission Expires
11/04/2023
ID No  130429927

Copyright © 1992-2023 Database Services, Inc. - Process Server's Toolbox V8.2i



FORM NO. 353-3—CITATION

# THE STATE OF TEXAS

**ESERVE**

# CITATION

No.: **DC-23-02970**

**To:**  **BANZAI ADVISORY GROUP LLC**
**BY SERVING ITS REGISTERED AGENT CAPITOL CORPORATE SERVICES INC**
**1501 S MOPAC EXPRESSWAY SUITE 220**
**AUSTIN TX 78746**

**SEVEN TALENTS, LLC, et al**
**vs.**
**BANZAI ADVISORY GROUP LLC, et al**

GREETINGS:
You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. on the Monday next following the expiration of twenty days after you were served this citation and **ORIGINAL** petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk.  Find out more at TexasLawHelp.org. Your answer should be addressed to the clerk of the **191st District Court** at 600 Commerce Street, Dallas, Texas 75202.

Said Plaintiff being **SEVEN TALENTS, LLC, RHYTHMIC CAPITAL FUND II, LLC, and J.I.G., LLC.**

Filed in said Court  **3rd day of March, 2023** against

**BANZAI ADVISORY GROUP LLC; TOBY NEUGEBAUER**

For Suit, said suit being numbered <u>DC-23-02970,</u> the nature of which demand is as follows:
Suit on **OTHER (CIVIL)** etc. as shown on said petition, a copy of which accompanies
this citation.  If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office  **on this the 7th day of March, 2023**

ATTEST: FELICIA PITRE,
Clerk of the District Courts of Dallas County, Texas

By_____, Deputy
**ALICE TORRES**

**ISSUED**
on this the 7th day of March, 2023

**FELICIA PITRE**
**Clerk District Courts,**
**Dallas County, Texas**

By: **ALICE TORRES**, Deputy

**Attorney for Plaintiff**
**R. ROGGE DUNN**
500 N AKARD ST STE 1900
DALLAS TX  75201-6629
(214)888-5000
Dunn@trialtested.com
**DALLAS COUNTY**
**SERVICE FEES**
**NOT PAID**



## OFFICER'S RETURN

Cause No. DC-23-02970

Court No.: 191st District Court

Style: SEVEN TALENTS, LLC, et al
vs.
BANZAI ADVISORY GROUP LLC, et al

Came to hand on the _____ day of _____, 20_____, at _____ o'clock _____.M. Executed at _____, within the County of _____ at _____ o'clock _____ .M. on the _____ day of_____, 20_____, by delivering to the within named _____

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery. The distance actually traveled by me in serving such process was _____miles and my fees are as follows:   To certify which witness my hand.

|                        |            |                                |        |
|------------------------|------------|--------------------------------|--------|
| For serving Citation   | $_____ | _____ |        |
| For mileage            | $_____ | of_____ County, _____ |        |
| For Notary             | $_____ | By_____ Deputy |  |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said_____ before me this_____ day of _____,

20_____, to certify which witness my hand and seal of office.

RETURN / AFFIDAVIT
PROOF / ATTACHED

_____
Notary Public_____ County_____

Copy from re:SearchTX

## Exhibit 6

**"Executed Citation—Toby Neugebauer"**

FILED
3/17/2023 4:52 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Janieshia Reed DEPUTY

## CAUSE NO. <u>DC-23-02970</u>

| | | |
|---|---|---|
| **SEVEN TALENTS, LLC, et al.,** | § | **IN THE DISTRICT COURT** |
| | § | |
| | § | |
| *Plaintiff(s),* | § | |
| **vs.** | § | **191ST JUDICIAL DISTRICT** |
| | § | |
| **TOBY NEUGEBAUER and BANZAI** | § | |
| **ADVISORY GROUP, LLC,** | § | |
| | § | |
| *Defendant(s).* | § | **DALLAS COUNTY, TEXAS** |

## <u>RETURN OF SERVICE</u>

Came to my hand on **Thursday, March 9, 2023 at 4:18 PM,**
Executed at: **10777 STRAIT LANE, DALLAS, TX 75229**
at **3:46 PM,** on **Wednesday, March 15, 2023**, by individually and personally delivering to the within named:

### TOBY NEUGEBAUER

a true copy of this

### CITATION and PLAINTIFFS' ORIGINAL PETITION

having first endorsed thereon the date of the delivery.

BEFORE ME, the undersigned authority, on this day personally appeared Adil Tadli who after being duly sworn on oath states: "My name is Adil Tadli. I am a person not less than eighteen (18) years of age and I am competent to make this oath. I am a resident of the State of Texas. I have personal knowledge of the facts and statements contained herein and aver that each is true and correct. I am not a party to nor related or affiliated with any party to this suit. I have no interest in the outcome of the suit. I have never been convicted of a felony or of a misdemeanor involving moral turpitude. I am familiar with the Texas Rules of Civil Procedure, and the Texas Civil Practice and Remedies Codes as they apply to service of process. I am certified by the Judicial Branch Certification Commission to deliver citations and other notices from any District, County and Justice Courts in and for the State of Texas in compliance with rule 103 and 501.2 of the TRCP."

By: _____

  **Adil Tadli - PSC 1206 - Exp 05/31/24**
  served@specialdelivery.com

Subscribed and Sworn to by Adil Tadli, Before Me, the undersigned authority, on this _____ day of March, 2023.

**Notary Public in and for the State of Texas**

BRITTNEY LEIGH WOODALL
Notary Public
STATE OF TEXAS
ID#12979020-7
My Comm. Exp. Sept. 9, 2023

Copy from re:SearchTX

FORM NO. 353-3—CITATION

# THE STATE OF TEXAS

ESERVE

# CITATION

**To:** **TOBY NEUGEBAUER**
    **10777 STRAIT LANE**
    **DALLAS TX 75229**

No.: <u>**DC-23-02970**</u>

GREETINGS:

You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. on the Monday next following the expiration of twenty days after you were served this citation and **ORIGINAL** petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org. Your answer should be addressed to the clerk of the **191st District Court** at 600 Commerce Street, Dallas, Texas 75202.

**SEVEN TALENTS, LLC, et al**
**vs.**
**BANZAI ADVISORY GROUP LLC, et al**

Said Plaintiff being **SEVEN TALENTS, LLC, RHYTHMIC CAPITAL FUND II, LLC, and J.I.G., LLC.**

**ISSUED**
**on this the 7th day of March, 2023**

Filed in said Court **3rd day of March, 2023** against

**BANZAI ADVISORY GROUP LLC; TOBY NEUGEBAUER**

**FELICIA PITRE**
**Clerk District Courts,**
**Dallas County, Texas**

For Suit, said suit being numbered <u>**DC-23-02970,**</u> the nature of which demand is as follows:
Suit on **OTHER (CIVIL)** etc. as shown on said petition, a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

By: <u>**ALICE TORRES**</u>, Deputy

**WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.**
Given under my hand and the Seal of said Court at office **on this the 7th day of March, 2023**

**Attorney for Plaintiff**
**R. ROGGE DUNN**
500 N AKARD ST STE 1900
DALLAS TX 75201-6629
(214)888-5000
Dunn@trialtested.com
**DALLAS COUNTY**
**SERVICE FEES**
**NOT PAID**

ATTEST: FELICIA PITRE,
Clerk of the District Courts of Dallas County, Texas

By_____, Deputy
**ALICE TORRES**



Copy from re:SearchTX

**OFFICER'S RETURN**

Cause No. DC-23-02970

Court No.: 191st District Court

Style: SEVEN TALENTS, LLC, et al
vs.
BANZAI ADVISORY GROUP LLC, et al

Came to hand on the _____ day of _____, 20_____, at _____ o'clock _____.M. Executed at
_____, within the County of _____ at _____ o'clock _____
.M. on the _____ day of _____, 20_____, by delivering to the within named
_____

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery. The distance actually traveled by me in serving such process was _____miles and my fees are as follows:   To certify which witness my hand.

For serving Citation  $_____          _____
For mileage          $_____          of_____County, _____
For Notary           $_____          By_____ Deputy

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said_____ before me this_____ day of _____,

20_____, to certify which witness my hand and seal of office.

_____
Notary Public_____ County_____

RETURN / AFFIDAVIT
PROOF / ATTACHED

Copy from re:SearchTX

## Exhibit 7

**"Rule 11 Agreement to Extend Defendants' Time to Respond to Plaintiffs' Original
Petition"**

FILED
4/10/2023 9:27 AM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Debra Clark DEPUTY

## CAUSE NO. DC-23-02970

| | |
|---|---|
| **SEVEN TALENTS, LLC, RHYTHMIC CAPITAL FUND II, LLC, and J.I.G, LLC,** | **IN THE DISTRICT COURT** |
| **Plaintiffs,** | |
| **v.** | |
| **TOBY NEUGEBAUER and BANZAI ADVISORY GROUP, LLC,** | **DALLAS COUNTY, TEXAS** |
| **Defendants.** | |
| | **191ST JUDICIAL DISTRICT** |

### RULE 11 AGREEMENT TO EXTEND DEFENDANTS' TIME TO RESPOND TO PLAINTIFFS' ORIGINAL PETITION

This Agreement is between Plaintiffs Seven Talents, LLC, Rhythmic Capital Fund II, LLC, and J.I.G., LLC ("Plaintiffs"), by and through their attorneys at the law firm of Rogge Dunn Group, PC, and Defendants Toby Neugebauer and Banzai Advisory Group, LLC ("Defendants"), by and through their attorneys at the law firm of Haltom & Doan.

Pursuant to Tex. R. Civ. P. 11, it is agreed that Defendants have an extension of time until and including Monday, April 17, 2023 to answer, move, plead, move to dismiss under the Texas Rules of Civil Procedure, including Texas Rule of Civil Procedure 91a, or otherwise respond to Plaintiffs' Original Petition.

Respectfully submitted,

/s/ *Chase J. Potter (with permission)*
ROGGE DUNN
State Bar No. 06249500
E-mail: Dunn@trialtested.com
CHASE J. POTTER
State Bar No. 24088245
E-mail: Potter@roggedunngroup.com
ROGGE DUNN GROUP, PC
500 N. Akard Street
Suite 1900
Dallas, Texas 75201
Telephone: (214) 888-5000
Facsimile: (214) 220-3833

**ATTORNEYS FOR PLAINTIFFS**

/s/ *Joshua R. Thane*
Jennifer H. Doan
Texas Bar No. 08809050
Darby V. Doan
Texas Bar No. 00793622
Joshua R. Thane
Texas Bar No. 24060713
Cole A. Riddell
Texas Bar No. 24105423
HALTOM & DOAN
6500 Summerhill Road, Suite 100
Texarkana, TX 75503
Telephone: (903) 255-1000
Facsimile:  (903) 255-0800
Email:  jdoan@haltomdoan.com
Email:  ddoan@haltomdoan.com
Email:  jthane@haltomdoan.com
Email:  criddell@haltomdoan.com

**ATTORNEYS FOR DEFENDANTS**

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned certifies that a true and correct copy of the foregoing document has been served on all counsel of record electronically in accordance with Rule 21 of the Texas Rules of Civil Procedure, on this 10th day of April, 2023.

/s/ *Joshua R. Thane*
Joshua R. Thane

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Joshua Thane
Bar No. 24060713
jthane@haltomdoan.com
Envelope ID: 74461948
Filing Code Description: Rule 11
Filing Description: AGREEMENT TO EXTEND DEFENDANTS TIME TO RESPOND TO PLAINTIFFS ORIGINAL PETITION
Status as of 4/10/2023 9:31 AM CST

Associated Case Party: SEVEN TALENTS, LLC, RHYTHMIC CAPITAL FUND II, LLC, and J.I.G., LLC.

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Chase Potter | | potter@roggedunngroup.com | 4/10/2023 9:27:31 AM | SENT |
| Troy Brown | | tbrown@roggedunngroup.com | 4/10/2023 9:27:31 AM | SENT |
| Firm e-Filing | | eFiling@roggedunngroup.com | 4/10/2023 9:27:31 AM | SENT |

Associated Case Party: BANZAI ADVISORY GROUP LLC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Josh Thane | | jthane@haltomdoan.com | 4/10/2023 9:27:31 AM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| r roggedunn | | dunn@trailtested.com | 4/10/2023 9:27:31 AM | ERROR |

## Exhibit 8

**"Answer to Original Petition"**

Case 23-30246-mvl7    Doc 40    Filed 04/12/23    Entered 04/12/23 18:08:37    Desc Main
Document        Page 49 of 58

FILED
4/12/2023 2:55 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Debra Clark DEPUTY

## CAUSE NO. DC-23-02970

| | |
|---|---|
| **SEVEN TALENTS, LLC, RHYTHMIC CAPITAL FUND II, LLC, and J.I.G, LLC,** | **IN THE DISTRICT COURT** |
| **Plaintiffs,** | |
| **v.** | |
| **TOBY NEUGEBAUER and BANZAI ADVISORY GROUP, LLC,** | **DALLAS COUNTY, TEXAS** |
| **Defendants.** | |
| | **191ST JUDICIAL DISTRICT** |

## DEFENDANTS' ANSWER, SPECIAL EXCEPTIONS, VERIFIED PLEAS, SPECIFIC DENIALS, AND DEFENSES TO PLAINTIFFS' ORIGINAL PETITION

Defendant Toby Neugebauer ("Mr. Neugebauer") and Banzai Advisory Group, LLC ("Banzai") (together, the "Defendants") respectfully file their Answer, Special Exceptions, Verified Pleas, Specific Denials, and Defenses to Plaintiffs' Original Petition and state:

### ANSWER

1.      <u>General Denial</u> - Defendants generally deny each and every, all and singular, allegation contained in Plaintiffs' Original Petition and any and all amendments thereto, and contend that the same are untrue, in whole and/or in part.  Defendants respectfully request the Court require Plaintiffs to prove their allegations, by a preponderance of the evidence, as is required by the constitution, statutes, laws, and rules of civil procedure of the State of Texas.

### SPECIAL EXCEPTIONS PURSUANT TO TEX. R. CIV. P. 91

Defendants specially except to at least the following statements and claims in Plaintiffs' Original Petition and ask the Court to order Plaintiffs to replead and cure their pleading defects:

2.      Plaintiffs failed to state the residence of each Plaintiff pursuant to Tex. R. Civ. P. 79.

3.      Plaintiffs failed to clearly identify which facts they allege against Mr. Neugebauer, Banzai, or both.

4.      To the extent Plaintiffs believe they are entitled to special damages, they failed to specify the dollar value for each element of special damages.

5.      Plaintiffs failed to sufficiently and specifically plead facts and allegations sufficient to support a claim for fraudulent inducement.  Plaintiffs failed to plead sufficient facts to show that (1) Mr. Neugebauer made an alleged material misrepresentation; (2) Mr. Neugebauer knew at the time that the representation was false or lacked knowledge of its truth; (3) Mr. Neugebauer intended that Plaintiffs should rely or act on the alleged misrepresentation; (4) Plaintiffs relied on the alleged misrepresentation; and (5) Plaintiffs' reliance on the alleged misrepresentation caused injury.

6.      Plaintiffs failed to sufficiently and specifically plead facts and allegations sufficient to support a claim for negligent misrepresentation.  Plaintiffs failed to plead sufficient facts to show that (1) a representation was made by Mr. Neugebauer in the course of his business, or in a transaction in which he has a pecuniary interest; (2) Mr. Neugebauer supplied "false information" for the guidance of others in their business; (3) Mr. Neugebauer did not exercise reasonable care or competence in obtaining or communicating the information; and (4) Plaintiffs suffered pecuniary loss by justifiably relying on the representation.

7.      Plaintiffs failed to sufficiently and specifically plead facts and allegations sufficient to support a claim for breach of fiduciary duty.  Plaintiffs failed to plead sufficient facts to show that (1) a fiduciary relationship existed between Plaintiffs and Mr. Neugebauer, (2) Mr. Neugebauer breached a personal fiduciary duty to Plaintiffs, and (3) Mr. Neugebauer's breach resulted in an injury to Plaintiffs or a personal benefit to Mr. Neugebauer.  Further, Plaintiffs'

statement that Mr. Neugebauer, as CEO and a member of the Board of Directors, owed Plaintiffs fiduciary duties is false and incorrect; under Texas law, an Officer's and/or Director's fiduciary duties run only to the corporation—not individual shareholders.  *See Ritchie v. Rupe*, 443 S.W.3d 856, 868 (Tex. 2014); *Lindley v. McKnight*, 349 S.W.3d 113, 124 (Tex. App.—Fort Worth 2011, no pet.); *Somers ex rel. EGL, Inc. v. Crane*, 295 S.W.3d 5, 11 (Tex. App.—Houston [1st Dist.] 2009, pet. denied).

8.      Plaintiffs failed to sufficiently plead facts and allegations sufficient to support a claim for unjust enrichment.  Plaintiffs failed to plead sufficient facts to show that Banzai wrongfully secured a benefit or has passively received one which would be unconscionable to retain.  Further, under Texas law, unjust enrichment is not an independent cause of action.  *Walker v. Cotter Props., Inc.*, 181 S.W.3d 895, 900 (Tex. App.—Dallas 2006, no pet.).

9.      Plaintiffs failed to sufficiently plead facts and allegations sufficient to support a claim for exemplary damages.  Under Texas law, there is no independent cause of action for exemplary damages.  *See Robbins v. Payne*, 55 S.W.3d 740, 747 (Tex. App.—Amarillo 2001).

10.     Plaintiffs failed to sufficiently plead facts and allegations sufficient to support their claim that all conditions precedent necessary to maintain these causes of action have occurred.

## VERIFIED PLEAS

Subject to and without waiving the foregoing general denial, Defendants assert the following verified defenses under Texas Rule of Civil Procedure 93:

11.     Pursuant to Tex. R. Civ. P. 93(4), Defendants allege a defect of the parties. Specifically, under Tex. R. Civ. P. 39, With Purpose, Inc. d/b/a GloriFi ("GloriFi") is a necessary and indispensable party. *See Barthold v. Thomas*, 210 S.W. 506, 508 (Tex. Comm'n App. 1919). ("In all suits by stockholders, brought for the purpose of redressing wrongs done to the corporation,

the corporation is a necessary party defendant."). At all relevant times, Mr. Neugebauer was acting in his capacity as an officer and/or a director of GloriFi in both his dealings with Plaintiffs and Banzai.

12. Pursuant to Tex. R. Civ. P. 93(1), Plaintiffs lack legal capacity to sue and to bring the asserted claims. At all relevant times, Plaintiffs were individual stockholders of GloriFi, and Mr. Neugebauer was acting in his capacity as an officer and/or director of GloriFi. Further, Plaintiffs released Defendants and GloriFi and agreed to hold them harmless from and against all expenses, losses, claims, damages, liabilities, actions, suits, and/or proceedings. Plaintiffs' claims all arise from Mr. Neugebauer's alleged actions or inactions in his role as an officer and/or director of GloriFi, and not individually. As such, all claims should be addressed in GloriFi's ongoing bankruptcy proceedings, Case No. 23-30246, which is pending in the United States Bankruptcy Court for the Northern District of Texas, Dallas Division ("United States Bankruptcy Court").

## SPECIFIC DENIALS

In addition to the above, Defendants specifically deny the following allegations:

13. Defendants deny that Dallas County is a proper venue. First, all claims brought in the Original Petition are merely facially alleged against Defendants but in reality are against GloriFi, and therefore venue is proper in the United States Bankruptcy Court. Second, Plaintiffs agreed that any dispute arising out of this transaction must be brought in certain courts in the State of Delaware. For either or both of these reasons, venue is not proper in Dallas County.

14. Defendants deny that: (1) Mr. Neugebauer made any statement in his personal capacity, and not in his role as officer and/or director of GloriFi, (2) Plaintiffs relied on Mr. Neugebauer's alleged misrepresentations, and (3) Plaintiffs would not have invested in GloriFi but for Mr. Neugebauer's alleged misrepresentations. For example, Plaintiffs signed documents

stating: (1) Plaintiffs were not relying on any communication (written or oral) as investment advice

or as a recommendation to purchase securities; (2) Plaintiffs made their own independent decisions

to invest in the securities; and (3) Plaintiffs were not relying on any materials or representations

other than GloriFi's Offering Materials.

15.     Defendants deny that Mr. Neugebauer made material misrepresentations regarding

the transaction(s) at issue on his own behalf and/or on behalf of GloriFi.

16.     Defendants deny that Mr. Neugebauer owed Plaintiffs any fiduciary duties or that

a fiduciary relationship existed between them.

17.     Defendants deny that Banzai wrongfully secured a benefit or passively received

one which would be unconscionable to retain.

18.     Defendants deny that Plaintiffs are entitled to exemplary damages and that it is an

independent cause of action.

19.     Defendants deny Plaintiffs' allegations that all conditions precedent have been

satisfied.

20.     Defendants deny that Plaintiffs are entitled to any relief, including, but not limited

to, the requested relief included in their Original Petition.

## DEFENSES

Without assuming any burden Defendants would otherwise not have, Defendants assert the

following negating and/or affirmative defenses:

21.     Plaintiffs' claims are barred, in whole or in part, for failure to state a viable claim

against these defendants.

22.     Plaintiffs' claims are barred, in whole or in part, for improper jurisdiction and

venue.

23.    Plaintiffs' claims are barred, in whole or in part, for assumption of the risk.

24.    Plaintiffs' claims are barred, in whole or in part, by the doctrine of waiver.

25.    Plaintiffs' claims are barred, in whole or in part, by the doctrine of estoppel and release.

26.    Plaintiffs' claims are barred, in whole or in part, by the doctrine of unclean hands.

27.    Plaintiffs' claims are barred, in whole or in part, by failure of consideration.

28.    Defendants further reserve the right to plead additional and separate defenses as may be appropriate, dependent upon facts revealed in discovery.

## DISCOVERY PLAN

29.    Defendants agree that discovery should be conducted under Level 3 (Tex. R. Civ. P. 190.4) or as otherwise ordered by the Court.

## ATTORNEY'S FEES

30.    Pursuant to at least the Subscription Agreements executed by Plaintiffs, Defendants are entitled to attorney's fees and costs of litigation as a result of being forced to retain counsel to defend themselves in this action.

## PARTY IDENTIFICATION

31.    Mr. Neugebauer is an individual without a Texas driver's license and a Social Security Number with the last three numbers 926.

32.    Banzai is an entity and does not have a driver's license or Social Security Number.

## REQUEST FOR RELIEF

33.     Defendants request that this Court enter the following relief:

   a.     That Plaintiffs take nothing; and

   b.     Award Defendants all their attorney's fees and costs; and

   c.     Award all other and further relief in law or equity, to which Defendants
          may be justly entitled.


                                   Respectfully submitted,

                                   /s/ *Jennifer H. Doan*
                                   Jennifer H. Doan
                                   Texas Bar No. 08809050
                                   Darby V. Doan
                                   Texas Bar No. 00793622
                                   Joshua R. Thane
                                   Texas Bar No. 24060713
                                   Cole A. Riddell
                                   Texas Bar No. 24105423
                                   HALTOM & DOAN
                                   6500 Summerhill Road, Suite 100
                                   Texarkana, TX 75503
                                   Telephone: (903) 255-1000
                                   Facsimile:  (903) 255-0800
                                   Email:  jdoan@haltomdoan.com
                                   Email:  ddoan@haltomdoan.com
                                   Email:  jthane@haltomdoan.com
                                   Email:  criddell@haltomdoan.com

Clay M. Taylor
Texas Bar I.D. No. 24033261
Christian Ellis
Texas Bar I.D. No. 24007154
C. Joshua Osborne
Texas Bar I.D. No. 24065856
Bonds Ellis Eppich Schafer Jones LLP
420 Throckmorton Street, Suite 1000
Fort Worth, Texas 76102
(817) 405-6900 telephone
(817) 405-6902 facsimile
Email: clay.taylor@bondsellis.com
Email: christian@bondsellis.com
Email: c.joshosborne@bondsellis.com

**ATTORNEYS FOR DEFENDANTS**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that a true and correct copy of the foregoing document has been served on all counsel of record electronically in accordance with Rule 21 of the Texas Rules of Civil Procedure, on this 12th day of April, 2023.

*/s/ Jennifer H. Doan*
Jennifer H. Doan

## VERIFICATION

State of Texas          §
                        §
County of Dallas        §

On this day, Toby Neugebauer, appeared before me, the undersigned notary public, and, after being by me first duly sworn, stated that he has read the foregoing DEFENDANTS' ANSWER, VERIFIED PLEAS, DEFENSES, SPECIFIC DENIALS, AND SPECIAL EXCEPTIONS TO PLAINTIFFS' ORIGINAL PETITION and that the factual allegations stated therein are within his personal knowledge and true and correct.

_____
Toby Neugebauer

SUBSCRIBED AND SWORN TO before me this the 12 day of April, 2023.

SABASTIAN STEPHON APPLEWHITE
Notary Public, State of Texas
Comm. Expires 10-06-2023
Notary ID 13039631-0

_____
NOTARY PUBLIC IN AND FOR
THE STATE OF TEXAS

ANSWER TO PLAINTIFFS' ORIGINAL PETITION – Page 9

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Jennifer Doan
Bar No. 08809050
jdoan@haltomdoan.com
Envelope ID: 74579493
Filing Code Description: Original Answer - General Denial
Filing Description: AND SPECIAL EXCEPTIONS
Status as of 4/12/2023 4:09 PM CST

Associated Case Party: SEVEN TALENTS, LLC, RHYTHMIC CAPITAL FUND II, LLC, and J.I.G., LLC.

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Chase Potter | | potter@roggedunngroup.com | 4/12/2023 2:55:19 PM | SENT |
| Troy Brown | | tbrown@roggedunngroup.com | 4/12/2023 2:55:19 PM | SENT |
| Firm e-Filing | | eFiling@roggedunngroup.com | 4/12/2023 2:55:19 PM | SENT |

Associated Case Party: BANZAI ADVISORY GROUP LLC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Josh Thane | | jthane@haltomdoan.com | 4/12/2023 2:55:19 PM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| r roggedunn | | dunn@trailtested.com | 4/12/2023 2:55:19 PM | ERROR |