# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | CHAPTER 7 |
| | § | |
| WITH PURPOSE, INC. | § | CASE NO. 23-30246-mvl7 |
| | § | |
| Debtor. | § | |

| | | |
|---|---|---|
| SEVEN TALENTS, LLC, RHYTHMIC CAPITAL FUND II, LLC, AND J.I.G., LLC, | § § § | |
| Plaintiffs, | § § | ADV. NO. 23-03032-mvl |
| v. | § § | |
| TOBY NEUGEBAUER and BANZAI ADVISORY GROUP, LLC, | § § § | |
| Defendants. | § | |

## BRIEF IN SUPPORT OF PLAINTIFFS' MOTION TO REMAND AND ABSTAIN

**ROGGE DUNN**
State Bar No. 06249500

E-mail: Dunn@trialtested.com

**CHASE J. POTTER**
State Bar No. 24088245

E-mail: Potter@roggedunngroup.com

**ROGGE DUNN GROUP, PC**
500 N. Akard Street
Suite 1900
Dallas, Texas 75201
Telephone: (214) 888-5000
Facsimile: (214) 220-3833

**ATTORNEYS FOR PLAINTIFFS**

**TABLE OF CONTENTS**

SUMMARY OF GROUNDS SUPPORTING THE MOTION ...................................................... 4

BRIEF FACTUAL AND PROCEDURAL BACKGROUND ...................................................... 4

ARGUMENT AND AUTHORITIES .................................................................................................. 5

    A. *The applicable removal and remand standard.* ................................................................. 5

    B. *Defendants did not, and cannot, satisfy their burden to establish federal jurisdiction, because it does not exist in this case.* ................................................................................. 6

    C. *Even if this Court had subject matter jurisdiction over this action (it does not), mandatory abstention applies and prevents this Court from adjudicating this case.* .................................. 9

    D. *Even if this Court had subject matter jurisdiction (it does not) and mandatory abstention did not apply (it does), this case should still be remanded under permissive abstention and/or equitable remand.* .......................................................................................................... 12

CONCLUSION .................................................................................................................................. 15

# TABLE OF AUTHORITIES

**Cases**

*Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000) ................................................. 7
*Celotex Corp. v. Edwards*, 514 U.S. 300, 307 n.6 (1995) ............................................................ 8
*Feld v. Zale Corp. (In re Zale Corp.)*, 62 F.3d 746, 752 (5th Cir. 1995) ....................................... 8
*Gober v. Terra Corp. (In re Gober)*, 100 F.3d 1195, 1206 (5th Cir. 1996) ................................. 13
*In re Cicion Negro, Inc.*, 260 B.R. 832, 835 (Bankr. S.D. Tex. 2001) .......................................... 6
*In re Enable Commerce, Inc.*, 256 F.R.D. 527, 533 (N.D. Tex. 2009) ......................................... 7
*In re Foxmeyer Corp.*, 230 B.R. 791, 794-95 (Bankr. N.D. Tex. 1998)) ..................................... 6
*In re Highland Cap. Mgmt., L.P.*, No. 19-34054-SGJ11, 2022 WL 38310, at *9 (Bankr. N.D.
   Tex. Jan. 4, 2022) ..................................................................................................................... 7
*In re Hofmann*, 248 B.R. 90, 94 (Bankr. W.D. Tex. 2000) .......................................................... 7
*In re Performance Interconnect Corp.*, No. 06-34482-BJH-7, 2007 WL 2088281, at *4 (Bankr.
   N.D. Tex. July 19, 2007) ......................................................................................... 6, 7, 8, 11, 12, 13
*In re Senior Care Centers, LLC*, 611 B.R. 791, 801 (Bankr. N.D. Tex. 2019) (Jernigan, C.J.) ... 13
*In re Southmark*, 163 F.3d 925, 929 (5th Cir. 1999) .................................................................. 12
*In re TXNB Internal Case*, 483 F.3d 292, 300 (5th Cir. 2007) ............................................. 10, 11
*In re Wood*, 825 F.2d 90, 92 (5th Cir. 1987) ................................................................... 8, 11, 12
*Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) ...................... 7
*Regal Row Fina, Inc. v. Wash. Mut. Bank, FA*, 2004 WL 2826817, at *8 (N.D. Tex. 2004). 13, 14
*Schuster v. Mims (In re Rupp & Bowman)*, 109 F.3d 237, 239 (5th Cir. 1997) ........................ 10
*Tex. Brine Co., LLC v. Am. Arbitration Ass'n, Inc.*, 955 F.3d 482, 485 (5th Cir. 2020) ............. 11
*Williams v. Best Buy Co.*, 269 F.3d 13`16, 1319-20 (11th Cir. 2001) ...................................... 7, 9

**Rules**

28 U.S.C. § 1334 .................................................................................................................. 6, 7, 10
28 U.S.C. § 1334(b) ..................................................................................................................... 11
28 U.S.C. § 1334(c) .................................................................................................................. 5, 10
28 U.S.C. § 1334(c)(1) ........................................................................................................... 13, 15
28 U.S.C. § 1441 ............................................................................................................................ 6
28 U.S.C. § 1441 (b)(2). .............................................................................................................. 11
28 U.S.C. § 1452 ........................................................................................................................ 5, 6
28 U.S.C. § 1452(a) ....................................................................................................................... 6
28 U.S.C. § 1452(b) ................................................................................................................. 6, 13

Pursuant to 28 U.S.C. §§ 1334(c) and 1452(b), Plaintiffs Seven Talents, LLC, Rhythmic Capital Fund II, LLC, and J.I.G., LLC (collectively, "Plaintiffs") hereby move this Court for an order remanding this action to the state court in which it was originally filed. In support of such request, Plaintiffs show as follows:

## SUMMARY OF GROUNDS SUPPORTING THE MOTION

1. This lawsuit should be remanded back to the state court in which it was originally filed for the following reasons: (1) Defendants failed to satisfy their burden to establish the existence of federal jurisdiction over the claims asserted by Plaintiffs against Defendants in this action, (2) even if federal jurisdiction exists (it does not), mandatory abstention applies and prevents this Court from adjudicating this action, and (3) even if federal jurisdiction exists (it does not) *and* mandatory abstention does not apply (it does), remand would still be appropriate under the doctrines of permissive abstention and/or equitable remand.

2. For these reasons, which are more fully explained below, Plaintiffs request that this Court issue an order remanding this lawsuit to the 191st Judicial District Court in Dallas County for further proceedings.

## BRIEF FACTUAL AND PROCEDURAL BACKGROUND

3. On March 3, 2023, Plaintiffs filed this lawsuit in state court in Dallas County to hold Toby Neugebauer accountable for fraudulently inducing Plaintiffs into investing over $11 million in a start-up company With Purpose, Inc. d/b/a GloriFi (hereinafter the "Company" or "GloriFi"), which was co-founded by Neugebauer. Plaintiffs would not have invested in GloriFi but for Neugebauer's material misrepresentations. And Neugebauer knew it.

4. Plaintiffs have asserted purely state law claims against Neugebauer for fraudulent inducement, negligent misrepresentation, breach of fiduciary duty, and exemplary damages. Plaintiffs have also sued Neugebauer's entity – Banzai Advisory Group, LLC – alleging a state law claim for unjust enrichment. *See* Pls.' Orig. Pet. ¶¶ 27-45.

5. This lawsuit was assigned to the 191st Judicial District Court in Dallas County upon its filing. On April 12, 2023, Defendants filed their answer in the state court. Later that same day, Defendants filed their Notice of Removal.

## ARGUMENT AND AUTHORITIES

A.   *The applicable removal and remand standard.*

6. "Removal of claims related to a bankruptcy case is governed by 28 U.S.C. § 1452, which provides, as relevant here, that a party may remove any claim to the district court for the district where such claim is pending, if the district court has jurisdiction of such claim under 28 U.S.C. § 1334." *In re Performance Interconnect Corp.*, No. 06-34482-BJH-7, 2007 WL 2088281, at *4 (Bankr. N.D. Tex. July 19, 2007). "There are only two instances where removing a state court lawsuit to a federal bankruptcy court is appropriate—where removal is permitted under the bankruptcy removal statute, 28 U.S.C. § 1452(a), or under the general removal statute, 28 U.S.C. § 1441." *In re Cicion Negro, Inc.*, 260 B.R. 832, 835 (Bankr. S.D. Tex. 2001) (citing *In re Foxmeyer Corp.*, 230 B.R. 791, 794-95 (Bankr. N.D. Tex. 1998)).

7. "The statutory provision relied upon to remove the state court lawsuit determines which scheme is substantively applied when deciding whether to remand the case." *Id.* Defendants relied solely on 28 U.S.C. § 1452(a) as their statutory authority to remove this lawsuit. *See* Defs.' Notice of Removal (ECF No. 1). "Once a state court lawsuit has been removed pursuant to § 1452(a), the court 'may remand such claim or cause of action *on any equitable ground.*'" *Id.*

(quoting 28 U.S.C. § 1452(b)) (emphasis in original). "Conforming with the generous standard in § 1452(a), the equity standards governing remand under § 1452(b) provide the bankruptcy courts with a much broader range of discretion in deciding whether to remand than under the technical and procedural requirements prescribed in § 1447(c)." *Id.* (citing *In re Hofmann*, 248 B.R. 90, 94 (Bankr. W.D. Tex. 2000)).

8. "A federal court 'must presume that a suit lies outside [its] limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum [*e.g.*, Defendants]." *In re Highland Cap. Mgmt., L.P.*, No. 19-34054-SGJ11, 2022 WL 38310, at *9 (Bankr. N.D. Tex. Jan. 4, 2022) (Jernigan, C.J.) (quoting *In re Enable Commerce, Inc.*, 256 F.R.D. 527, 533 (N.D. Tex. 2009)). "Doubts about whether removal jurisdiction is proper should be resolved against federal jurisdiction." *Id.* (quoting *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000)).

**B.    *Defendants did not, and cannot, satisfy their burden to establish federal jurisdiction, because it does not exist in this case.***

9. Defendants, as the removing parties, bear the burden of showing that federal jurisdiction exists and that removal was proper. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). As stated above, for Defendants to satisfy their burden, Defendants first must establish that the federal bankruptcy court has jurisdiction of the removed claims under 28 U.S.C. § 1334. *In re Performance Interconnect Corp.*, 2007 WL 2088281, at *4. The sparse and conclusory allegations included in Defendants' notice of removal fall well short of what is required to satisfy Defendants' high burden. *See Williams v. Best Buy Co.*, 269 F.3d 13`16, 1319-20 (11th Cir. 2001).

10. To determine whether removal is proper, the first question is whether Defendants have sufficiently established that this Court has jurisdiction under 28 U.S.C. § 1334 over the claims

asserted by Plaintiffs in this lawsuit. *In re Performance Interconnect Corp.*, 2007 WL 2088281, at *4. In addition to "cases under title 11," which refers to the original bankruptcy petition and is not at issue here, § 1334 lists three types of proceedings over which federal bankruptcy courts have jurisdiction—those "arising under title 11," those "arising in" a case under title 11, and those "related to" a cause under title 11. *Id.* (citing *In re Wood*, 825 F.2d 90, 92 (5th Cir. 1987)).

11.     "Arising under" jurisdiction involves causes of action created or determined by a statutory provision of title 11. *Id.* (citing *In re Wood*, 825 F.2d at 96). Plaintiffs have not asserted any such claims in this case and, instead, have only asserted state law causes of action against Defendants (*i.e.*, clams for fraudulent inducement, negligent misrepresentation, breach of fiduciary duty, unjust enrichment, and exemplary damages). *See* Pls.' Orig. Pet. ¶¶ 27-45. "Arising in" jurisdiction is not based on a right expressly created by title 11, but is based on claims that have no existence outside bankruptcy. *In re Performance Interconnect Corp.*, 2007 WL 2088281, at *4 (citing *In re Wood*, 825 F.2d at 97). The state law causes of action asserted against Defendants (*i.e.*, non-debtors) in this lawsuit obviously are not the type of claims that "have no existence outside bankruptcy." *See id.* Thus, the only remaining potential ground for federal jurisdiction under § 1334 is "related to" jurisdiction, which Defendants incorrectly argue applies here.

12.     "Related to" jurisdiction exists if "the outcome of that proceeding could *conceivably* have any effect on the estate being administered in bankruptcy." *Id.* (citing *Celotex Corp. v. Edwards*, 514 U.S. 300, 307 n.6 (1995); *In re Wood*, 825 F.2d at 93). The Fifth Circuit has further stated that "an action is related to a bankruptcy if the outcome could alter the debtor's rights, liabilities, options or freedom of action (either positively or negatively) and . . . in any way impacts upon the handling and administration of the bankrupt estate." *Feld v. Zale Corp. (In re Zale Corp.)*, 62 F.3d 746, 752 (5th Cir. 1995).

13. Defendants failed to meet their burden to establish "related to" jurisdiction because the Notice of Removal includes nothing more than conclusory, and unsupported, statements in which Defendants simply summarize the elements of "related to" jurisdiction. *See* Defs.' Notice of Removal (ECF No. 1) ¶ 9. For example, Defendants provide no explanation or evidence as to how the state law claims asserted by Plaintiffs (non-debtors) against Defendants (also non-debtors) in this action could possibly "affect the administration of the Debtor's Chapter 7 case and assets available to creditors and equity holders," as claimed by Defendants. *Id.* These type of bare, conclusory allegations are insufficient to meet Defendants' burden of establishing federal jurisdiction. *See Williams*, 269 F.3d at 1319-20.

14. The only marginally specific allegations made by Defendants in alleged support of federal jurisdiction over this case are inaccurate and, at best, misleading. Specifically, in the Notice of Removal, Defendants claim that "*currently before this Court* are claims previously asserted in pendent jurisdiction proceedings against Mr. Neugebauer, the former Chief Executive Officer of Debtor" and that "[t]he claims asserted in this removed State Court Litigation are strikingly similar." *See* Defs.' Notice of Removal (ECF No. 1) ¶ 2 (emphasis). Defendants further state that "the determination of these matters by this Court of nearly identical claims against Mr. Neugebauer, as the former Chief Executive Officer of the Debtor, that Plaintiffs attempt to assert again in the State Court Litigation and against other former directors, creditors, and related parties will need to be brought as counter-claims" and that "these claims *are already before this Court* in pendent jurisdiction." *See id.* ¶ 9 (emphasis).

15. Defendants do not provide any citation to the lawsuits in which these alleged "other claims" Defendants contend are "already before this Court" have supposedly been asserted. That is because no such cases are "already before this Court" as Defendants misstate. In fact, as of the

date of this filing, there were no other adversary proceedings arising from the GloriFi Chapter 7 proceeding. Thus, Plaintiffs do understand (i) what other "strikingly similar claims" Defendants believe are allegedly "already before this Court," or (ii) how such misguided allegations could possibly impact the Court's remand analysis.

16. In sum, Defendants have failed to satisfy their burden to establish "related to" jurisdiction or any other federal jurisdiction under 28 U.S.C. § 1334 supporting removal. Moreover, even if there was some basis for jurisdiction under § 1334, remanding this lawsuit to the state court in which it was originally filed would still be appropriate for the reasons set forth below.

C. *Even if this Court had subject matter jurisdiction over this action (it does not), mandatory abstention applies and prevents this Court from adjudicating this case.*

17. This action *must* be remanded because the *mandatory* abstention requirements of 28 U.S.C. § 1334(c) are met. Section 1334(c)(2) states:

> Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court **shall abstain** from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

28 U.S.C. § 1334(c)(2) (emphasis).

18. The Fifth Circuit has "interpreted this provision to mandate federal court abstention where '(1) [t]he claim has no independent basis for federal jurisdiction, other than § 1334(b); (2) the claim is a non-core proceeding, *i.e.*, it is related or in a case under title 11; (3) an action has been commenced in state court; and (4) the action could be adjudicated timely in state court." *In re TXNB Internal Case*, 483 F.3d 292, 300 (5th Cir. 2007) (quoting *Schuster v. Mims (In re Rupp*

*& Bowman)*, 109 F.3d 237, 239 (5th Cir. 1997)). All four of these elements for mandatory abstention are present here.

19. With respect to the first element, Defendants contend that this Court "has jurisdiction over the State Court Litigation [*i.e.*, this lawsuit] pursuant to 28 U.S.C. § 1334(b)." *See* Defs.' Notice of Removal (ECF No. 1) ¶ 7. "Section 1334(b) provides for federal jurisdiction over cases arising under or related to the bankruptcy code." *In re TXNB Internal Case*, 483 F.3d at 300. The causes of action asserted in this lawsuit by Plaintiffs against Defendants (all of whom are non-debtors) are based exclusively on state law—fraudulent inducement, negligent misrepresentation, breach of fiduciary duty, unjust enrichment, and a request for exemplary damages. *See* Pls.' Orig. Pet. ¶¶ 27-45. And diversity jurisdiction does not exist because both Defendants are citizens of Texas (*i.e.*, the forum) and, therefore, the forum-defendant rule would prohibit removal. *See Tex. Brine Co., LLC v. Am. Arbitration Ass'n, Inc.*, 955 F.3d 482, 485 (5th Cir. 2020) (citing the forum-defendant rule).[1] Thus, because the only possible basis for federal jurisdiction in this case is 28 U.S.C. § 1334(b), which is the only federal jurisdictional basis argued by Defendants in their Notice of Removal, the first element of mandatory abstention is satisfied.[2]

20. The second element of mandatory abstention is also satisfied because this case is not a core proceeding. Claims that "arise under" or "arise in" a bankruptcy case are "core" matters. *In re Performance Interconnect Corp.*, 2007 WL 2088281, at *4 (citing *WRT Creditors Liquidation Trust*, 75 F.Supp.2d at 606). As discussed above, "arising under" jurisdiction involves

---

[1] The forum-defendant rule provides that "[a] civil action otherwise removable solely on the basis of the jurisdiction under [28 U.S.C. § 1332(a)] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2).

[2] As stated above. Plaintiffs dispute that federal jurisdiction exists over this lawsuit under § 1334(b) or otherwise.

causes of action created or determined by a statutory provision of title 11. *Id.* (citing *In re Wood*, 825 F.2d at 96). Plaintiffs have not asserted any such claims in this case and, instead, have only asserted state law causes of action against Defendants. *See* Pls.' Orig. Pet. ¶¶ 27-45. "Arising in" jurisdiction is not based on a right expressly created by title 11, but is based on claims that have no existence outside bankruptcy. *In re Performance Interconnect Corp.*, 2007 WL 2088281, at *4 (citing *In re Wood*, 825 F.2d at 97). The state law causes of action asserted against Defendants (*i.e.*, non-debtors) in this lawsuit obviously are not the type of claims that "have no existence outside bankruptcy." *See id.* Thus, the second element of mandatory abstention – *i.e.*, this is not a "core proceeding" – is satisfied.

21. The third element of mandatory abstention, which requires that "an action has been commenced in state court," is also satisfied. The "vast majority" of courts, including the Fifth Circuit, hold that mandatory abstention applies to actions, such as this case, that have been removed under § 1452(a). *See In re Southmark*, 163 F.3d 925, 929 (5th Cir. 1999) ("We note, only to reject out of hand, [the defendant's] assertion that statutory abstention does not apply to cases removed to federal court on the basis of bankruptcy jurisdiction."). The Fifth Circuit does not require a separate and parallel proceeding to be pending in state court for mandatory abstention to apply. *See id.* (finding "no textual support in the statute" for the requirement of a parallel proceeding in state court). Accordingly, because Plaintiffs initiated this action in state court, the third element of mandatory abstention is satisfied.

22. The fourth and final element of mandatory abstention is also present because there is no reason to believe this action cannot be timely adjudicated in state court. In fact, given that Plaintiffs timely requested a jury trial and do not consent to this Court conducting the jury trial (which would require this matter to be withdrawn to the federal district court for trial if not

remanded), this matter would likely take far longer to adjudicate in this Court than the state court in which it was originally filed. *See In re Senior Care Centers, LLC*, 611 B.R. 791, 801 (Bankr. N.D. Tex. 2019) (Jernigan, C.J.); *see also* Pls.' Jury Demand (ECF No. 8).

23. Because all the requirements of 28 U.S.C. § 1334(c) are met, mandatory abstention applies and this case should be remanded back to the state court in which it was originally filed so the proceedings can continue.

D. ***Even if this Court had subject matter jurisdiction (it does not) and mandatory abstention did not apply (it does), this case should still be remanded under permissive abstention and/or equitable remand.***

24. In the alternative, and even if removal was proper (it was not for the reasons discussed above), this Court may still (i) abstain from hearing the claims Plaintiffs have asserted against Defendants in this action (all of which are state law causes of action) in the exercise of its discretion under 28 U.S.C. § 1334(c)(1), and/or (ii) remand the case on any equitable ground under 28 U.S.C. § 1452(b). *See Gober v. Terra Corp. (In re Gober)*, 100 F.3d 1195, 1206 (5th Cir. 1996); *see also In re Performance Interconnect Corp.*, 2007 WL 2088281, at *5. As noted by the *Regal Row* court, "[b]ecause the statutes are similar in purpose, the circumstances which weigh in favor of discretionary abstention . . . weigh in favor of or constrain remand under § 1452(b)." *Regal Row Fina, Inc. v. Wash. Mut. Bank, FA*, 2004 WL 2826817, at *8 (N.D. Tex. 2004).

25. Specifically, the *Regal Row* court delineated fourteen factors that a court should consider and balance in deciding whether to abstain and/or remand, including:

(1) the effect or lack thereof on the efficient administration of the estate if the court decides to remand or abstain;

(2) the extent to which state law issues predominate over bankruptcy issues;

(3) difficult or unsettled nature of applicable law;

(4) presence of related proceeding commenced in state court or other non-bankruptcy proceeding;

(5) jurisdictional basis, if any, other than § 1334;

(6) degree of relatedness or remoteness of proceeding to main bankruptcy case;

(7) the substance rather than the form of an asserted core proceeding;

(8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court;

(9) the burden of the . . . court's docket;

(10) the likelihood that the commencement of the proceeding in the [district] court involves forum shopping by one of the parties;

(11) the existence of a right to a jury trial;

(12) the presence in the proceeding of non-debtor parties;

(13) comity; and

(14) the possibility of prejudice to other parties in the action.

*Id.* at *8-9. When these factors are considered, it becomes clear that the exercise of permissive abstention and/or equitable remand is appropriate.

26. The following *Regal Row* factors clearly weigh in favor of abstention and/or equitable remand:

- **No. 1 (the effect or lack thereof on the efficient administration of the estate if the court decides to remand or abstain)**: The efficient administration of the Debtor's estate will not be adversely impacted by a remand of the causes of action (all of which are purely state law claims) that Plaintiffs (all of whom are non-debtors) have asserted against Defendants (both of whom are also non-debtors).

- **No. 2 (the extent to which state law issues predominate over bankruptcy issues)**: The claims Plaintiffs have asserted against Defendants in this lawsuit raise entirely state law issues. *See* Pls.' Orig. Pet. ¶¶ 27-45.

- **No. 4 (presence of related proceeding commenced in state court or other non-bankruptcy proceeding)**: As stated in Plaintiffs' Original Petition, Defendant Neugebauer caused Defendant Banzai to file a sham lawsuit in the 134th District

Court in Dallas County, which qualifies as a "related case" under Rule 1.06 of the Local Rules of the Civil Courts of Dallas County and was disclosed as such in Plaintiffs' Original Petition. *See* Pls.' Orig. Pet. ¶ 5.

- **No. 5 (jurisdictional basis, if any, other than § 1334)**: There is no potential jurisdictional basis other than § 1334 (and Plaintiffs contend that there is not even federal jurisdiction under § 1334 as discussed above).

- **No. 7 (the substance rather than the form of an asserted core proceeding)**: For the reasons stated above, this is not a core proceeding.

- **No. 10 (the likelihood that the commencement of the proceeding in the [district] court involves forum shopping by one of the parties)**: The removal by Defendants involves obvious forum shopping in an attempt to avoid litigating this case in the same state court in which Defendants initiated the related, sham lawsuit that is referenced in Plaintiffs' Original Petition.

- **No. 11 (the existence of a right to a jury trial)**: Plaintiffs have demanded a jury trial and do not consent to the entry of a final judgment by the United States Bankruptcy Court nor to trial by jury in Bankruptcy Court. *See* Pls.' Jury Demand (ECF No. 8); *see also* Pls.' Rule 9027(e)(3) Statement (ECF No. 7). Absent consent of the parties, this Court may not conduct jury trials. *In re Clay*, 35 F.3d 190 (5th Cir. 1994). While a jury demand does not make remand automatic, this factor weighs heavily in favor of abstention and/or equitable remand. *See In re Ciclon Negro, Inc.*, 260 B.R. at 838.

- **No. 12 (the presence in the proceeding of non-debtor parties)**: All of the parties in this lawsuit (*i.e.*, Plaintiffs and Defendants) are non-debtors. This factor also weighs heavily in favor of abstention and/or equitable remand.

27. The other factors are either neutral or inapplicable. Thus, the relevant factors clearly weigh in favor of (i) abstention under 28 U.S.C. § 1334(c)(1), and/or (ii) equitable remand under 28 U.S.C. § 1452(b). Accordingly, Plaintiffs request that this Court remand this lawsuit back to state court.

## CONCLUSION

For these reasons, Plaintiffs respectfully request that this Court issue an order remanding this action to the 191st District Court in Dallas County, Texas (*i.e.*, the original state court in which this action was filed).

Respectfully submitted,

*/s/ Chase J. Potter*
**ROGGE DUNN**
State Bar No. 06249500

E-mail: Dunn@trialtested.com

**CHASE J. POTTER**
State Bar No. 24088245

E-mail: Potter@roggedunngroup.com

**ROGGE DUNN GROUP, PC**
500 N. Akard Street
Suite 1900
Dallas, Texas 75201
Telephone: (214) 888-5000
Facsimile: (214) 220-3833

**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

This certifies that a true and correct copy of the above and foregoing instrument was served on the Parties' counsel of record pursuant to the Rules, on this 12th day of May 2023 addressed as follows:

| | |
|---|---|
| Jennifer H. Doan, Esq.<br>Darby V. Doan, Esq.<br>Joshua R. Thane, Esq.<br>Cole A. Riddell, Esq.<br>Haltom & Doan<br>6500 Summerhill Road, Suite 100<br>Texarkana, TX 75503<br>Counsel for Toby Neugebauer and Banzai Advisory Group, LLC | ☒ Via ECF / Portal<br>☐ Via Overnight Delivery<br>☐ Via Hand-Delivery<br>☐ Via First Class Mail<br>☐ Via Fax:<br>☒ Via Email: JDoan@haltomdoan.com<br>☒ Via Email: DDoan@haltomdoan.com<br>☒ Via Email: JThane@haltomdoan.com<br>☒ Via Email: CRiddell@haltomdoan.com<br>☐ Via CMRRR: |
| Clay M. Taylor, Esq.<br>Christian N. Ellis, Esq.<br>C. Joshua Osborne, Esq.<br>Bonds Ellis Eppich Schafer Jones LLP<br>420 Throckmorton Street, Suite 1000<br>Fort Worth, TX 76102<br>Counsel for Toby Neugebauer and Banzai Advisory Group, LLC | ☒ Via ECF / Portal<br>☐ Via Overnight Delivery<br>☐ Via Hand-Delivery<br>☐ Via First Class Mail<br>☐ Via Fax:<br>☒ Via Email: Clay.Taylor@bondsellis.com<br>☒ Via Email: Christian@bondsellis.com<br>☒ Via Email: C.JoshOsborne@bondsellis.com<br>☐ Via CMRRR: |

*/s/ Chase J. Potter*
**ROGGE DUNN**
**CHASE J. POTTER**