JACKSON WALKER LLP
Kenneth Stohner, Jr.
State Bar No. 19263700
Joshua A. Romero
State Bar No. 24046754
Beau H. Butler
State Bar No. 24132535
2323 Ross Avenue, Suite 600
Dallas, TX  75201
(214) 953-6000 – Telephone
(214) 953-5822 – Facsimile
Email:  kstohner@jw.com
Email:  jromero@jw.com
Email: bbutler@jw.com

*Counsel To Toby Neugebauer*

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| IN RE: | CASE NO. 23-30246-mv17 |
| WITH PURPOSE, INC. | Chapter 7 |
| DEBTOR | |

# EMERGENCY MOTION FOR ENTRY OF AN ORDER ENFORCING THE AUTOMATIC STAY AGAINST JAMES NICHOLAS AYERS, THE J. NICHOLAS AYERS 2021 IRREVOCABLE TRUST, AND AYERS FAMILY HOLDINGS, LLC

TO THE HONORABLE MICHELLE V. LARSON, U.S. BANKRUPTCY JUDGE:

Toby Neugebauer ("Mr. Neugebauer" or "Movant") files this *Emergency Motion for Entry of an Order Enforcing the Automatic Stay Against James Nicholas Ayers, The J. Nicholas Ayers 2021 Irrevocable Trust, and Ayers Family Holdings, LLC* and states as follows in support of this motion (this "Motion"):

**RELIEF REQUESTED**

1. Despite the Debtor With Purpose, Inc. ("Debtor") having sought relief under the United States Bankruptcy Code, it finds itself subject to the continued efforts of James Nicholas Ayers ("Ayers" or "Claimant") to pursue various claims (allegedly based on his involvement as a co-founder of the Debtor) through a JAMS arbitration proceeding (the "Arbitration"). The Claimant has recently caused the arbitrator of the Arbitration to order Mr. Neugebauer, the Debtor's sole director and former CEO, to pay Claimant's attorney's fees and appear at a deposition set for **May 23, 2023** (the "Sanctions Order"). The arbitrator has expressed concern that a stay may be appropriate in the matter, but seeks guidance from this Court. The Movant asks that this Court enter an order (i) determining the application of the automatic stay to the Arbitration, (ii) alternatively, extending the application of the automatic stay to the Arbitration, and (iii) granting such other relief as this Court finds necessary.

2. The Movant requests emergency relief because the Sanctions Order requires Mr. Neugebauer to appear and testify at the deposition on May 23, 2023.

**JURISDICTION AND VENUE**

3. The United States Bankruptcy Court for the Northern District of Texas (this "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The bases for the relief requested herein are sections 105 and 362 of title 11 of the United States Code (the "Bankruptcy Code").

36235742v.1 132472/00008

## BACKGROUND

4. On February 8, 2023 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 7 of title 11 of the United States Code (the "Bankruptcy Code"). Scott M. Seidel was appointed as the Chapter 7 Trustee.

5. Prior to the Petition Date, the Debtor filed an arbitration proceeding with JAMS against James Nicholas Ayers ("Ayers") Ayers on June 24, 2022.[1]

6. The claim asserted against Ayers include tortious interference, breach of confidentiality and proprietary rights agreement, breach of anti-disparagement clause, and declaratory relief. A true and correct copy of Debtor's Demand for Arbitration is attached hereto as **Exhibit A**.

7. In response, on August 17, 2022, Ayers, along with The J. Nicholas Ayers 2021 Irrevocable Trust, and Ayers Family Holdings, LLC (collectively referred to as "Third Party Claimants"), by and through their counsel Rogge Dunn, Greg McAllister, and Chase Potter of The Rogge Dunn Group ("Dunn"), filed in the Arbitration their *Original Counterclaim and Third-Party Claimants' Original Statement of Claims* (the "Counterclaim," attached hereto as **Exhibit B**) against the Debtor and Mr. Neugebauer. The Counterclaim alleges several causes of action against the Debtor and Mr. Neugebauer both separately and jointly, including: (i) breach of fiduciary duty against Neugebauer, (ii) fraudulent inducement against Neugebauer, (iii) breach of contract against the Debtor, (iv) quantum meruit against the Debtor, (v) declaratory judgment against the Debtor and Neugebauer, (vi) contractual indemnification and reimbursement and advancement of expenses against the Debtor, (vii) sanctions for bad faith and frivolous filing/prosecution against

---

[1] The Arbitration is captioned *With Purpose, Inc., d/b/a Glorifi v. James Nicholas Ayers*, JAMS No. 5310000148; pending in Dallas County Texas, before the Honorable Harlin A. Martin.

36235742v.1 132472/00008

the Debtor, (viii) attorney's fees against the Debtor and Neugebauer, and (ix) exemplary damages against Neugebauer.

8. The Debtor and Mr. Neugebauer believed the entire Arbitration proceeding was stayed in light of this bankruptcy proceeding. However, the arbitrator recently notified Mr. Neugebauer of a status conference scheduled on May 8, 2023, at which the arbitrator heard Claimant's motion for sanctions against Mr. Neugebauer for failing to attend depositions in the Arbitration. At the hearing, Mr. Neugebauer's counsel explained the understanding that the Arbitration proceeding was stayed in light of this bankruptcy proceeding. The Arbitrator acknowledged the argument but nonetheless set Mr. Neugebauer's deposition for May 23, 2023, and explained that the bankruptcy court would need to provide guidance on whether the Counterclaims against Mr. Neugebauer were stayed.

9. The arbitrator issued his order on May 9, 2023. Mr. Neugebauer promptly set a meeting with the Trustee to discuss the necessity of a stay. Being aware of the looming deposition, the Movant files this Motion to seek this Court's determination and direction to the arbitrator regarding the application of the automatic stay to the scheduled deposition for the reasons set forth herein.

**BASIS FOR RELIEF**

A. **The Automatic Stay Applies To The Arbitration.**

10. Section 362(a)(1) of the Bankruptcy Code applies to the Arbitration. The purpose of the automatic stay is to provide debtors with a "breathing spell from [their] creditors" and channel competing claims for a debtor's assets into a single forum. *Browning v. Navarro*, 743 F.2d 1069, 1083 (5th Cir. 1984).

36235742v.1 132472/00008

11. Bankruptcy courts have original jurisdiction over "all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b). Though "state courts have jurisdiction to rule on the applicability of the automatic stay to non-debtors, ***they do not have authority to do so when the automatic stay precludes the continuation of the proceeding against the debtor***." *In re Edwin A. Epstein, Jr. Operating Co*., 314 B.R. 591, 599 (Bankr. S.D. Tex. 2004) (emphasis added). And "[i]t is undisputed that only a bankruptcy court has jurisdiction to terminate, annul or modify the automatic stay." *Id*. at 600.

12. Third Party Claimants' continuation of the Counterclaim against Mr. Neugebauer constitutes a violation of the automatic stay under 11 U.S.C. § 362(a). Third Party Claimants may eventually seek relief from the automatic stay for cause by filing a motion before this Court under 11 U.S.C. § 362(d), but until the Court grants such relief, the automatic stay remains in place. *See, e.g., In re JCP Props., Ltd*., 540 B.R. 596, 613 (Bankr. S.D. Tex. 2015).

13. Any action a party takes in violation of the automatic stay is voidable and may warrant a finding of civil contempt—even if the party taking such action had no knowledge of the bankruptcy filing. *See, e.g., BroadStar Wind Sys. Grp. Ltd. Liab. Co. v. Stephens*, 459 F. App'x 351, 356-57 (5th Cir. 2012) (per curiam); *West v. Peterson* (*In re Noram Res., Inc*.), Adv. No. 11-03598, 2015 WL 5965654, at *4-5 (Bankr. S.D. Tex. Oct. 9, 2015).

14. Extension of the bankruptcy stay to third-party actions may be proper under certain circumstances, such as when the third-party action will have an adverse impact on the debtor's ability to accomplish reorganization or deplete property of the estate. *Matter of Zale Corp*., 62 F.3d 746, 761 n.45 (5th Cir. 1995). The Court may also extend the automatic stay of section 362 to nonbankrupt co-defendants when the shared identity of the co-defendants is such that a judgment against the third-party defendant would in effect be a judgment against the debtor. *See Reliant*

*Energy Servs., Inc. v. Enron Canada Corp.*, 349 F.3d 816, 825 (5th Cir. 2003) (quoting *A.H. Robins Co. v. Piccinin*, 788 F.2d 999 (4th Cir. 1986)). When extending the stay to non-debtor codefendants, courts look for a "formal tie or contractual indemnification" among the parties. *Reliant Energy Servs.*, 349 F.3d at 825.

**B.     The Counterclaims Asserted Against Neugebauer by the Third Party Claimants are Owned by the Estate And Cannot be Asserted By Third Party Claimants.**

15.    The Counterclaims asserted by the Third Party Claimants are based on actions by Neugebauer as an officer and director of the Debtor and include breach of fiduciary duty. These counterclaims are derivative claims that are owed by the Chapter 7 estate, and the automatic stay bars the assertions of each Counterclaim by the Third Party Claimants. They may not be pursued by Third Party Claimants without leave and standing granted by the Bankruptcy Court.

16.    The Fifth Circuit held in *In re S.I. Acquisition, Inc.*, that the automatic stay applies when a cause of action belongs to the estate when there is a unity of interest even if the claim is being asserted by one non-debtor against another non-debtor. 817 F.2d 1142, 1149 (5th Cir. 1987) ("[A] nonbankrupt codefendant may be protected by the automatic stay of section 362(a)(1) if extension of the stay contributes to the debtor's efforts of rehabilitation or the debtor and nonbankrupt are closely related."). Similarly, in *Grossman v. Belridge Group (In re Lothian Oil, Inc.)*, the Fifth Circuit recognized that breach of fiduciary claims are derivative and belong to the bankruptcy estate. 531 F. App'x 428, 441 (5th Cir. 2013) ("[T]he Kings County complaint asserts that Lothian's officers breached their fiduciary duty by favoring Nawab and Belridge Group's interests over Lothian's. Such claims belonged to Lothian and became property of the bankruptcy estate at the commencement of the Chapter 11 bankruptcy.") (citing *Schertz-Cibolo-Universal City*

*v. Wright (In re Educators Group Health Trust)*, 25 F.3d 1281, 1286 (5th Cir. 1994) (finding that breach of fiduciary duty claims were part of bankruptcy estate)).

17. The Third Party Claimants have not sought or been granted standing to assert such derivative claims. Accordingly, the automatic stay prohibits the assertion of such claims and all actions in the Arbitration are stayed.

**C.    The Debtor's Indemnification Obligations Warrant a Stay of the Arbitration**

18. As the last remaining director of the Debtor, the Counterclaims brought against Mr. Neugebauer are covered by the automatic stay because any continuation of the action would further deplete assets of the estate and any judgment against Mr. Neugebauer would in effect be against the Debtor. Mr. Neugebauer has both a formal tie to the Debtor and is entitled to contractual indemnification from the Arbitration.

19. Mr. Neugebauer is entitled to contractual indemnification against the Debtor with respect to the Arbitration. Both the Debtor's bylaws (the "Bylaws," attached hereto as **Exhibit C**) and the Debtor's certificate of incorporation (as amended and restated from time to time, the Debtor's "Certificate of incorporation" attached hereto as **Exhibit D**, an together with the Bylaws, the "Indemnification Documents") provide for Mr. Neugebauer's indemnification. *See* Ex. B Art.V.2, Ex. C Art.X.

20. Specifically, the Bylaws provide that:

**[T]he [Debtor] shall indemnify**, to the fullest extent permitted by the DGCL, as now or hereinafter in effect, any person who was or is a party or is threatened to be made a party to any threatened, pending or completed action or suit by or in the right of **the [Debtor] to procure a judgment in its favor by reason of the fact that such person is or was a director or officer of the [Debtor], or is or was a director or officer of the [Debtor] serving at the request of the [Debtor] as a director, officer, employee or agent of another corporation, partnership, joint venture, trust or other enterprise against expenses (including attorneys' fees)** actually and reasonably incurred by such person in connection with the defense or

settlement of such action or suit if such person acted in good faith and in a manner such person reasonably believed to be in or not opposed to the best interests of the [Debtor]…

Ex.B Art.V.2. Likewise, the Debtor's Certificate of Incorporation further provides for indemnification:

To the fullest extent permitted by applicable law, the [Debtor] is authorized to provide indemnification of (and advancement of expenses to) directors, officers and agents of the [Debtor] (and any other persons to which DGCL permits the [Debtor] to provide indemnification) through Bylaw provisions, agreements with such agents or other persons, vote of stockholders or disinterested directors or otherwise, in excess of the indemnification and advancement otherwise permitted by Section 145 of the DGCL.

Ex.C Art.X.

21. The Indemnification Documents create a shared identity between Mr. Neugebauer and the Debtor to the extent that a judgment against Mr. Neugebauer would in effect be a judgment against the Debtor.

22. In *National Oilwell Varco, L.P. v. Mud King Products, Inc.*, the debtor amended its corporate bylaws **days** before it filed for relief under chapter 11. No. 4:12-cv-3120, 2013 WL 1948766, at *2 (S.D. Tex. May 9, 2013). The District Court found that determining the "scope, applicability, and overall enforceability of the indemnification duties in the Amended Bylaws" was within the power of Bankruptcy Court presiding over the bankruptcy case. *Id.* at *5. Accordingly, the District Court extended the automatic stay of section 326(a)(1) to cover the nondebtor co-defendants pending the Bankruptcy Court's determination of the legal validity of the indemnity obligations. *Id.* at *7. As in *Mud King*, Third Party Claimants should be required to seek relief in from the Bankruptcy Court before proceeding with the Arbitration.

23. The Counterclaims all involve Mr. Neugebauer either in his role as CEO or director of the Debtor, demonstrating a formal tie that requires staying the Arbitration.

24. The Counterclaim alleges two substantive causes of action directly against Mr. Neugebauer. In its first cause of action, the Counterclaim alleges that Mr. Neugebauer breached his fiduciary duty that he owed "[a]s the CEO, a member of the Board of Directors, and the majority shareholder of the [Debtor]." Similarly, in the second cause of action, the Counterclaim alleges that Mr. Neugebauer made misrepresentations to "induce Ayers into investing $1.5 million in the [Debtor]." By its own allegations, the Counterclaim shows that the claims brought against Mr. Neugebauer are the same as those contemplated by the Indemnification documents.

25. These claims illustrate a circumstance involving "such an identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant and that a judgment against the third-party defendant will in effect be a judgment or finding against the debtor." *Reliant Energy Servs.*, 349 F.3d at 825 (quoting *A.H. Robins Co.* 788 F.2d at 999). Any finding or judgment against Mr. Neugebauer would in fact be a finding or judgment against the Debtor. As such, invoking the stay of proceedings against Mr. Neugebauer, a nondebtor defendant, pursuant to section 362 is warranted. *Id*.

26. For all the foregoing reasons, extension of the automatic stay to Mr. Neugebauer and the Arbitration is warranted.

C.  **The Counterclaims Alleged By Third Party Claimants Against Mr. Neugebauer Are Effectively Claims Against The Debtor's Bankruptcy Estate.**

27. The Counterclaims cannot be heard without substantial prejudicial effect to the Debtor's estate. The JAMS arbitrator indicated a need for direction from the Court on the application of the stay to the Counterclaims. As set forth above, all of the Counterclaims brought directly against Mr. Neugebauer are centered on his actions taken in his capacity as the Debtor's

36235742v.1 132472/00008

CEO and member of the board of directors. The Counterclaims should be stayed because: (i) the claims are owned by the Chapter 7 estate, (ii) Mr. Neugebauer is entitled to indemnification by the Debtor pursuant to the Indemnification Documents, and (iii) allowing the Arbitration to continue will have an adverse impact on the Debtor's bankruptcy proceeding.

**D.     Mr. Neugebauer's Deposition Is Premature And Would Have A Substantially Prejudicial Impact On The Value Of The Estate.**

28.     Finally, the deposition of Mr. Neugebauer could negatively impact the value of the Estate since the claims of the Chapter 7 estate against Ayers and others are a significant value. There remains pending in the Arbitration the claims asserted by the Debtor against Ayers as set forth in the complaint that commenced the Arbitration. A deposition of Mr. Neugebauer, if allowed, will inevitably also deal with facts and issues related to the claims asserted against Ayers without the Trustee being able to participate and defend the deposition. Permitting a premature deposition of Debtor's former CEO could have significant negative impacts on the Debtor's claims against third parties, which is one of the most valuable assets of the Estate. Permitting Mr. Neugebauer's deposition in the Arbitration—a proceeding that should be stayed—may severely jeopardize the value of the Estate's claims against third-parties. The Estate should be afforded the opportunity to properly prepare for and defend Mr. Neugebauer's deposition in order to maximize the value of the Estate's assets.

29.     For all the foregoing reasons, extension of the automatic stay to Mr. Neugebauer and the Arbitration is warranted.

36235742v.1 132472/00008

## NOTICE

30. The Movant will provide notice of this Motion to the following parties or their respective counsel: (i) Third Party Claimants; (ii) Trustee, (iii) any party that has requested notice pursuant to Bankruptcy Rule 2002; and (iv) any other party entitled to notice pursuant to Bankruptcy Local Rule 9013-1(d). In light of the nature of the relief requested, no other or further notice need be given.

The Movant respectfully requests that the Court enter an order enforcing the automatic stay and grant such other and further relief as is just and proper.

May 17, 2023

Respectfully submitted,

/s/ *Kenneth Stohner, Jr.*
**JACKSON WALKER L.L.P.**
Kenneth Stohner, Jr.
State Bar No. 19263700
Joshua A. Romero
State Bar No. 24046754
Beau Butler
State Bar No. 24132535
2323 Ross Avenue, Suite 600
Dallas, TX 75201
(214) 953-6000 – Telephone
(214) 953-5822 – Facsimile
Email: kstohner@jw.com
Email: jromero@jw.com
Email: bbutler@jw.com

**COUNSEL TO TOBY NEUGEBAUER**

36235742v.1 132472/00008

## CERTIFICATE OF CONFERENCE

I hereby certify that on May 17, 2023, counsel for the Movant conferred with counsel for the Debtor, Trustee, and Third Party Claimants, about the relief requested herein. As of 4:30 p.m. CST on the date of this filing, the positions of the parties are as follows:

| Debtor | Agrees |
|---|---|
| Trustee | Discussing with counsel for Third Party Claimants before making determination |
| Third Party Claimants | My partner Josh Romero attempted to call Rogge Dunn and Chase Potter and left message and then sent an email to each. Have not receive any response |

*/s/ Kenneth Stohner, Jr.*
Kenneth Stohner, Jr.

## Certificate of Service

I certify that, on May 17, 2023, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Northern District of Texas.

*/s/ Kenneth Stohner, Jr.*
Kenneth Stohner, Jr.