**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| In re: | § | |
| | § | Chapter 7 |
| WITH PURPOSE, INC., | § | |
| | § | Case No. 23-30246-mvl-7 |
| Debtors. | § | |

**AGREED ORDER AUTHORIZING AND ORDERING RULE 2004
EXAMINATION OF KERI FINDLEY**

CAME ON FOR CONSIDERATION, the *Agreed Motion for Rule 2004 Examination of Keri Findley* (the "Motion"), filed by Scott M. Seidel (the "Trustee"), the duly appointed chapter 7 trustee in the above styled and numbered jointly administered bankruptcy case (the "Bankruptcy Case") of With Purpose, Inc. (the "Debtor"), whereby the Trustee seeks to take an examination, under Federal Rule of Bankruptcy Procedure 2004 of Keri Findley ("Findley") for the production of documents only. Finding that service and notice of the Motion was sufficient and appropriate, that cause for granting the Motion exists, and, based such on cause and on the agreement of the Trustee and Findley as encompassed in this Order, that the Motion should be granted, it is hereby:

ORDERED that the Motion is GRANTED as set forth herein; it is further

ORDERED that Findley shall produce all non-privileged documents and communications relating to With Purpose, Inc. a/k/a GloriFi, including any communications made via email (including any personal email account) or text message from the time period of December 1, 2020 through February 8, 2023; it is further

ORDERED that "produce," as used above, shall mean a reasonable, best faith effort to locate and to produce documents within Findley's possession, custody, or control, and which shall include electronic documents and records; *provided, however,* that, in no event may an otherwise responsive document be intentionally withheld from production, except on the basis of a privilege, and subject to the Court's ultimate adjudication of any such asserted privilege; it is further

ORDERED that responsive documents shall be produced no later than December 15, 2023; it is further

ORDERED that, if any otherwise responsive document, including an electronic document or record, that Findley knows at one point was in their possession, custody, or control has been lost or destroyed, or cannot be de-archived or restored from machine language or code, the foregoing production shall include a general statement identifying such document, the disposition of such document, and what attempts were made to recover such document; it is further

ORDERED that nothing in this Order waives any otherwise applicable privileges; it is further

ORDERED that to the extent that any otherwise responsive document is withheld on the basis of a privilege, Findley shall only be required to provide counsel for the Trustee a general description of the category of documents being withheld on the basis of a privilege (*e.g.*, "communications with the Rogge Dunn Group") and shall not be required to assert specific

privilege objections and/or provide any other information required by FRCP 26(b)(5) and/or provide a privilege log; it is further

ORDERED that any production by Findley pursuant to this Order is subject to and governed by the Protective Order submitted by the Trustee; it is further

ORDERED that the Court shall retain jurisdiction to enforce, and over all issues of relevance, to this Order.

### # # # END OF ORDER # # #

AGREED:

| **MUNSCH HARDT KOPF & HARR, P.C.** | **ROGGE DUNN GROUP, PC** |
|---|---|
| By: */s/ Thomas Berghman* | By: */s/ Chase Potter* |
| Thomas D. Berghman, Esq. | Rogge Dunn |
| Texas Bar No. 24082683 | Texas Bar No. 06249500 |
| Conor P. White, Esq. | Chase J. Potter |
| Texas Bar No. 24125722 | Texas Bar No. 24088245 |
| 500 N. Akard Street, Suite 3800 | 500 N. Akard Street, Suite 1900 |
| Dallas, Texas 75201-6659 | Dallas, Texas 75201 |
| Telephone: (214) 855-7500 | Telephone: (214) 888-5000 |
| Facsimile: (214) 855-7584 | Facsimile: (214) 220-3833 |
| **ATTORNEYS FOR SCOTT M. SEIDEL, TRUSTEE** | **ATTORNEYS FOR KERI FINDLEY** |