Davor Rukavina, Esq.
Texas Bar No. 24030781
Thomas D. Berghman, Esq.
Texas Bar No. 24082683
Conor P. White, Esq.
Texas Bar No. 24125722
MUNSCH HARDT KOPF & HARR, P.C.
500 N. Akard Street, Suite 3800
Dallas, Texas 75201-6659
Telephone: (214) 855-7500
Facsimile: (214) 855-7584

COUNSEL FOR
SCOTT M. SEIDEL, TRUSTEE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | Chapter 7 |
| WITH PURPOSE, INC., | § | |
| | § | Case No. 23-30246-mvl-7 |
| Debtor. | § | |

**TRUSTEE'S MOTION FOR APPROVAL OF**
**<u>SETTLEMENT AGREEMENT WITH ONPOINT COMPANIES, LLC</u>**

**NO HEARING WILL BE CONDUCTED HEREON, AND THE HEARING SCHEDULED HEREON MAY BE CANCELLED WITHOUT FURTHER NOTICE, UNLESS A WRITTEN RESPONSE IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT, 1100 COMMERCE STREET, SUITE 1254, DALLAS, TEXAS 75242 BEFORE CLOSE OF BUSINESS ON MARCH 11, 2024, WHICH IS AT LEAST 24 DAYS FROM THE DATE OF SERVICE HEREOF.**

**ANY RESPONSE SHALL BE IN WRITING AND FILED WITH THE CLERK, AND A COPY SHALL BE SERVED UPON COUNSEL FOR THE MOVING PARTY PRIOR TO THE DATE AND TIME SET FORTH HEREIN. IF A RESPONSE IS FILED A HEARING MAY BE HELD WITH NOTICE ONLY TO THE OBJECTING PARTY.**

**IF NO HEARING ON SUCH NOTICE OR MOTION IS TIMELY REQUESTED, THE RELIEF REQUESTED SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT OR THE NOTICED ACTION MAY BE TAKEN, AND THE HEARING SCHEDULED ON THIS MOTION MAY BE CANCELLED, WITHOUT FURTHER NOTICE.**

TO THE HONORABLE MICHELLE V. LARSON, U.S. BANKRUPTCY JUDGE:

NOW COMES, Scott M. Seidel ("Trustee"), the duly appointed Chapter 7 trustee of With Purpose, Inc., d/b/a GloriFi ("Debtor"), and files this *Trustee's Motion for Approval of Settlement Agreement with OnPoint Companies, LLC*, and in support hereof would respectfully show the Court as follows:

## I. RELIEF REQUESTED

1. By this Motion, and pursuant to Bankruptcy Rule 9019, the Trustee requests that the Court approve that certain limited compromise and settlement (the "Proposed Settlement") between the Trustee and OnPoint Companies, LLC, in its capacity as collateral agent as further described below ("OnPoint" or "Collateral Agent"), pursuant to the *Compromise and Settlement Agreement* (the "Agreement") attached hereto as Exhibit "A" and incorporated herein.

## II. PROCEDURAL BACKGROUND

2. On February 8, 2023 (the "Petition Date"), the Debtor filed its voluntary petition for relief under chapter 7 of title 11 of the United States Code, thereby creating the debtor's estate (the "Estate").

3. The Trustee is the duly appointed Chapter 7 trustee of the Estate.

4. This Court has jurisdiction over the subject matter of this Motion pursuant to 28 U.S.C. § 1334. Consideration of this Motion is a core proceeding under 28 U.S.C. § 157(b), which may be heard and finally determined by this Court. Venue before this Court is appropriate under 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested in the Motion are 11 U.S.C. §§ 105(a) and 363, and Rule 9019 of the Federal Rules of Bankruptcy Procedure.

### III.  FACTUAL BACKGROUND

5. Prior to the Petition Date, Debtor entered into Series B Secured Convertible Promissory Notes (the "Secured Notes") with certain parties (collectively, the "Noteholders") pursuant to which the Noteholders loaned a combined principal amount of $36,015,552.00 to the Debtor.

6. Pursuant to a Collateral Agency Agreement dated September 30, 2022 (the "Collateral Agency Agreement") the Noteholders irrevocably appointed OnPoint as collateral agent with respect to the Secured Notes and the collateral securing such notes. The Debtor and certain affiliates and the Collateral Agent, as agent for the Noteholders, entered into the Guarantee and Collateral Agreement dated as of September 30, 2022 (the "Guarantee and Collateral Agreement") that provided, among other things, for the grant of a security interest in the assets of With Purpose to the Collateral Agent.

7. By virtue of the Guarantee and Collateral Agreement and the filing of UCC-1 statements, the Secured Notes were secured by a perfected security interest in identified assets of the Debtor (the "Collateral").

8. The Collateral Agent, with the consent of the Debtor, completed a partial strict foreclosure (the "Foreclosure") for a part of the Collateral identified in Schedule 1 to the foreclosure notice sent to GloriFi (the "Assets"), which Assets specifically include all the Debtor's interests in intellectual property, and the Collateral Agent remains in possession of the Assets.

9. The Debtor's bankruptcy schedules disclose certain unliquidated potential litigation claims against the Collateral Agent "relating to and/or arising out of the [Foreclosure]" (the "Scheduled Claims Against the Collateral Agent").

10. On November 29, 2023, the Trustee filed his *Motion for Entry of (I) an Order, (A) Approving Bid and Noticing Procedures, (B) Scheduling an Auction and Hearing, and (C) Granting Related Relief; and (II) an Order (A) Approving Sale of Debtor Assets Free and Clear of All Liens, Claims, Encumbrances and Interests, and (B) Granting Related Relief* [Docket No. 151](the "Sale Motion") seeking an order ultimately authorizing the Trustee's sale of substantially all of the Debtor's assets.

11. On December 20, 2023, the Collateral Agent filed an objection to the Sale Motion [Docket No. 162] (the "Objection"), contending, in part, that the Assets are not property of the bankruptcy estate.

12. At least one party has expressed an interest to the Trustee in buying Debtor assets. In order to simplify any asset sale, and to avoid future litigation, the proposed settlement was negotiated at arms' length.

### IV.    PROPOSED SETTLEMENT

13. The Trustee and OnPoint have conferred regarding a potential settlement that allows the Trustee to (i) move forward with the sale of the Debtor's assets, including the Assets, in an expeditious manner, (ii) resolve potential claims related to the Foreclosure, and (iii) compensate the Estate, via surcharge, for liquidating the Collateral. The Proposed Settlement is evidenced and effectuated by and through the Agreement, and parties are cautioned that the Agreement controls over any inconsistency with this Motion. Nevertheless, and subject to the foregoing caution, the following is a summary of the key provisions of the Proposed Settlement and the Agreement:

- OnPoint will tender to the Trustee the Assets obtained as a result of the Foreclosure;

- OnPoint will withdraw its objection to the Sale Motion, subject to the terms of the Agreement;

- the Trustee, for the Estate, will release the Scheduled Claims Against the Collateral Agent in connection with the Foreclosure of the Debtor's intellectual property that occurred on January 5, 2023;

- the Trustee will amend the Sale Motion to carve-out from the Debtor assets being sold all other claims against OnPoint, if any, and such claims will be reserved to the Trustee for further investigation;

- if the Trustee sells some or all of the Assets, any proceeds therefrom will remain subject to OnPoint's asserted liens, further subject to the Trustee's proposed surcharge;

- upon sale of some or all of the Assets, Trustee will be entitled to recover as surcharge 20% of the proceeds of Collateral Agent's collateral, up to $160,000; and

- the Agreement is subject to approval by the Bankruptcy Court.

## V.     ARGUMENTS AND AUTHORITIES

14. Bankruptcy Rule 9019 provides that "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." FED. R. BANKR. P. 9019(a). Under that Rule, the Court should approve a settlement only if it is "fair and equitable and in the best interests of the estate." *In re Foster Mortgage Corp.*, 68 F.3d 914, 917 (5th Cir. 1995). The factors to consider include "(1) the probability of success in the litigation, with due consideration for the uncertainty in fact and law, (2) the complexity and likely duration of the litigation and any attendant expense, inconvenience and delay, and (3) all other factors bearing on the wisdom of the compromise." *Id*. Such other factors include the reasonable views of creditors, although such views are not binding, and "the extent to which the settlement is truly the product of arms-length bargaining, and not of fraud or collusion." *Id*. at 918. *See also Official Comm. Of Unsecured Creditors v. Cajun Elec. Power Coop. Inc. (In re Cajun Elec. Power Coop. Inc.)*, 119 F.3d 349,

356 (5th Cir. 1997); *Rivercity v. Herpel (In re Jackson Brewing Co.)*, 624 F.2d 559, 602 (5th Cir. 1960).

15. The Court need not conduct a mini-trial on the underlying claims; rather, the Court "must apprise itself of the relevant facts and law so that it can make an informed and intelligent decision." *In re Age Ref. Inc.*, 801 F.3d 530, 541 (5th Cir. 2015) (internal quotation omitted). The settlement need not result in the best possible outcome for the Estate, but must not "fall beneath the lowest point in the range of reasonableness." *Vaughn v. Drexel Burnham Lambert Group, Inc. (In re Drexel Burnham Lambert Group, Inc.)*, 134 B.R. 499, 505 (Bankr. S.D.N.Y. 1991).

16. Here, the Proposed Settlement is fair, equitable, and in the Estate's best interests, for at least the following reasons:

- The Proposed Settlement allows the sale of the Estate's assets to go forward as a package that may attract additional interest and higher bids at an auction;

- Even if the Scheduled Claims Against the Collateral Agent had merit, at least one likely result of a successful action would be the return of the Assets, not the avoidance of the original security interest. The Assets are being returned to the Estate and the Trustee has retained other potential causes of action against OnPoint;

- The Estate is being compensated, through surcharge, for the disposition of the collateral.

17. Accordingly, the Proposed Settlement satisfies the standard for approval under Rule 9019 and should be approved.

## VI. PRAYER

WHEREFORE, PREMISES CONSIDERED, the Trustee respectfully requests that the Court enter an order: (i) granting this Motion; (ii) approving the Proposed Settlement and the Agreement, and authorizing and directing the Trustee to execute, deliver, and perform under the Agreement; and (iii) granting the Trustee such other and further relief to which he may be justly entitled.

RESPECTFULLY SUBMITTED this 16th day of February, 2024.

By:   */s/ Thomas Berghman*
Davor Rukavina, Esq.
Texas Bar No. 24030781
Thomas D. Berghman, Esq.
Texas Bar No. 24082683
Conor P. White, Esq.
Texas Bar No. 24125722
500 North Akard St., Ste. 3800
Dallas, Texas 75201
Telephone: (214) 855-7500
Facsimile: (214) 978-4375
drukavina@munsch.com
tberghman@munsch.com
cwhite@munsch.com

**ATTORNEYS FOR
SCOTT M. SEIDEL, TRUSTEE**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on this the 16th day of February, 2024, true and correct copies of this document, with the exhibit attached hereto, were electronically served by the Court's ECF system on parties entitled to notice thereof and via U.S. Mail First Class postage pre-paid on the parties listed on the attached service list.

By: */s/ Thomas Berghman*
Thomas D. Berghman, Esq.