IN THE UNITED STATES
BANKRUPTCY COURT FOR
THE NORTHERN DISTRICT
OF TEXAS DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | CHAPTER 7 |
| | § | |
| WITH PURPOSE, INC. | § | CASE NO. 23-30246-mvl7 |
| | § | |
| Debtor.[1] | § | |
| | § | |

**MOTION OF TOBY NEUGEBAUER FOR RELIEF FROM THE AUTOMATIC STAY,
TO THE EXTENT APPLICABLE, TO ALLOW PAYMENT AND/OR ADVANCEMENT
OF DEFENSE COSTS AND OTHER LOSSES UNDER
<u>DIRECTORS AND OFFICERS INSURANCE POLICY</u>**

**If you object to the relief requested, you must respond in writing, specifically answering each paragraph of this pleading. Unless otherwise directed by the court, you must file your response with the clerk of the bankruptcy court within 14 days from the date you were served with this pleading. You must serve a copy of your response on the person who sent you the notice; otherwise, the court may treat the pleading as unopposed and grant the relief requested.**

Toby Neugebauer ("Mr. Neugebauer"), the former CEO of Debtor With Purpose, Inc. d/b/a Glorify (the "Debtor"), by and through his undersigned counsel, files this motion (this "<u>Motion</u>"), pursuant to sections 105(a) and 362(d) of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), Rule 4001 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), and the Local Rules of Bankruptcy Practice and Procedure in the United States Bankruptcy Court for the Northern District of Texas (the "<u>Local Rules</u>"), for the entry of an order, substantially in the form attached hereto (the "<u>Proposed Order</u>"), granting immediate relief from the automatic stay so that Mr. Neugebauer may receive payments, advances, and/or reimbursements of his defense

costs and other expenses, consistent with his rights under the policy. In support of this Motion, Mr. Neugebauer respectfully represents as follows:

## PRELIMINARY STATEMENT[1]

Mr. Neugebauer seeks access to the proceeds of ForeFront Portfolio 3.0 Policy No. 8262-7893 issued by the Federal Insurance Company ("Federal") to the Debtor, covering Directors & Officers and Entity Liability (the "Federal Policy"). The Federal Policy, in relevant part, provides coverage for certain Losses (as defined in the Federal Policy) including, but not limited to, Defense Costs (as defined by the Federal Policy) that Mr. Neugebauer has incurred, and will continue to incur in connection with the pending lawsuit, *Seven Talents, LLC, Rhythmic Capital Fund II, LLC, and J.I.G., LLC. V. Toby Neugebauer and Banzai Advisory Group, LLC.*, Case No. DC-23-02970, filed in District Court of Dallas County Texas (the "Lawsuit"). The Lawsuit appears to relate, at least in part, to Mr. Neugebauer's service as a former director and/or officer of the Debtor. Notice of the Lawsuit under the Policy was provided to Federal during the Policy's Policy Period of February 4, 2021, to February 4, 2022.

In light of the Debtor's bankruptcy petition and the automatic stay, Federal has requested that Mr. Neugebauer obtain an order from this Court: (i) confirming that the proceeds of the Policy are not subject to the automatic stay or, in the alternative, (ii) granting relief from the automatic stay. This relief should be granted.

*First*, the proceeds of the Federal Policy are not property of the Debtor's estate, and as a result, the automatic stay does not prevent Mr. Neugebauer access to these proceeds. Pursuant to

---

[1] Capitalized terms in this Preliminary Statement shall have the respective meanings ascribed to them in the body of this Motion.

the express and unambiguous terms of the Federal Policy, coverage of claims against the Debtor are subordinated to the coverage of claims against Mr. Neugebauer.

*Second*, in the alternative, this Court should grant relief from the automatic stay to allow Mr. Neugebauer access to the Federal Policy proceeds, consistent with the terms of the Federal Policy. Absent relief from the stay (or an order confirming that the stay does not apply), Mr. Neugebauer is at risk of harm because he relies on the proceeds of the Federal Policy to pay for his legal expenses and related costs in connection with the Lawsuit, and it would be inequitable to allow the automatic stay to frustrate the ability of Mr. Neugebauer to fund his legal expenses. By contrast, the Debtor will not suffer any prejudice from granting the requested stay relief because any interest that they might have in the proceeds of the Federal Policy is subordinated and subject to that of Mr. Neugebauer. Because the balance of hardships weighs decisively in Mr. Neugebauer's favor, relief from the stay is warranted, to the extent applicable.

## JURISDICTION

1. The Court has jurisdiction over the subject matter of this Motion pursuant to 28 U.S.C. §§ 157(b) and 1334(b). This matter constitutes a core proceeding under 28 U.S.C. § 157(b)(2). Venue is proper before this Court pursuant to 28 U.S.C. § 1409.

## BACKGROUND

2. On February 8, 2023, (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Texas (the "Court").

**A. The Policy**

3. Prior to the Petition Date, Federal issued the Federal Policy to the Debtor providing Directors & Officers and Entity Liability pursuant to the following Insuring Agreements:

### Insuring Clause (A): Individual Non-Indemnified Liability Coverage

(A) The Company shall pay, on behalf of an **Insured Person**, **Loss** on account of a **Claim** first made against the **Insured Person** during the **Policy Period**, or the Extended Reporting Period if applicable, to the extent that such **Loss** is not indemnified by an **Organization**.

### Insuring Clause (B): Individual Indemnified Liability Coverage

(B) The Company shall pay, on behalf of an **Organization**, **Loss** on account of a **Claim** first made against an **Insured Person** during the **Policy Period**, or the Extended Reporting Period if applicable, to the extent the **Organization** indemnifies the **Insured Person** for such **Loss** as permitted or required by law.

### Insuring Clause (C): Entity Liability Coverage

(C) The Company shall pay, on behalf of an **Organization**, **Loss** on account of a **Claim** first made against the **Organization** during the **Policy Period**, or the Extended Reporting Period if applicable.

Policy's D&O Part, Insuring Agreements (A)-(C).

4. Coverage provided the Company under the Policy is also subordinated to the coverage it provides to Insured Persons such as Mr. Neugebauer. Specifically, the "Priority of Payments Provision of the D&O Coverage Part provides the following:

X PRIORITY OF PAYMENTS

(A) In the event of **Loss** arising from a **Claim** for which payment is concurrently due under Insuring Clause (A), Individual Non-Indemnified Liability Coverage, and one or more of the other Insuring Clauses of this Coverage Part, the Company shall:

(1) first, pay **Loss** for which coverage is provided under Insuring Clause (A), Individual Non-Indemnified Liability Coverage, then

(2) with respect to whatever remaining amount of the Limit of Liability is available after payment under Subsection (A) above, pay such **Loss** for which coverage is provided under any other Insuring Clause.

(B) Except as otherwise provided in Subsection (A) above, the Company may pay covered **Loss** as it becomes due under this Coverage Part without regard to the potential for other future payment obligations under this Coverage Part.

*Id.* at Section X.

5. Accordingly, to the extent the Debtor has any interests in the Federal Policy pursuant to Insuring Agreement (B) or (C), such interests are entirely secondary and subordinated to the interests of Mr. Neugebauer in the Federal Policy proceeds under Insuring Agreement (A).

**B.  The Lawsuit**

6. On March 3, 2023, Seven Talents, LLC, Rhythmic Capital Fund II, LLC, and J.I.G., LLC, a group of former investors in the Debtor, brought suit against Mr. Neugebauer and others. On September 27, 2023, Plaintiffs filed an amended Complaint.

7. The Lawsuit alleges that Mr. Neugebauer fraudulently induced the plaintiff investors into investing over $16 million in the Debtor, which was a "start-up company." Mr. Neugebauer is an alleged co-founder of the Debtor.

8. Plaintiffs further allege that would not have invested in the Debtor but for Neugebauer's material misrepresentations. After Plaintiffs' investment, it is alleged that Neugebauer engaged in a scheme of self-dealing and behavior that culminated in the Debtor's demise.

9. Plaintiffs asserted the following causes of actions against Mr. Neugebauer: Fraudulent Inducement, Negligent Misrepresentation, and Exemplary Damages.

10. On April 12, 2023, Defendants Toby Neugebauer and Banzai Advisory Group, LLC, filed a Notice of Removal of the above-captioned action from the District Court of Dallas County, Texas to the United States Bankruptcy Court for the Northern District of Texas. Case no.

11. On October 18, 2023, the Bankruptcy Court remanded the case back to State Court

by virtue of a Motion to Remand filed by the Plaintiffs finding that: 1) the Plaintiffs claims "for negligent misrepresentation and fraudulent inducement against Neugebauer were "based on discrete wrongs that caused direct damages to them" by virtue of actions or representations occurring *prior* to the Plaintiffs' investment" are not claims of the bankruptcy estate; and 2) that although the Bankruptcy Court did have subject matter jurisdiction over the Plaintiffs' claims, it was going to exercise its discretion to abstain.

## RELIEF REQUESTED

12. By this Motion, Mr. Neugebauer seeks entry of the Proposed Order (i) confirming that the proceeds of the Federal Policy[2] are not property of the estate subject to the automatic stay or, in the alternative, (ii) granting relief from the automatic stay to allow Federal to make payments or advancements of Defense Costs or other Losses to Mr. Neugebauer, consistent with the terms and conditions of the Federal Policy.

## BASIS FOR RELIEF REQUESTED

13. The Court has broad discretion to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." *See* 11 U.S.C. § 105(a). Mr. Neugebauer submits that entry of the Proposed Order is necessary and appropriate to carry out the provisions of the Bankruptcy Code because Federal has conditioned its further payments of proceeds to Mr. Neugebauer on entry of the order. And, as discussed below, the automatic stay does not prohibit Federal from providing coverage to Mr. Neugebauer in accordance with the Federal Policy because the proceeds available under Insuring Agreement (A) are not property of the estate and, in any event, Mr. Neugebauer's rights thereto are superior to the

---

[2] Mr. Neugebauer reserves all of his rights with respect to any policies potentially applicable to cover defense costs and other losses that are not addressed in this Motion.

Debtor's rights in the Federal Policy's proceeds. Nevertheless, to the extent the automatic stay could be interpreted to prohibit Federal from providing coverage to Mr. Neugebauer, the Court should grant limited relief from the stay to permit the enforcement of the Federal Policy according to its terms.

A. **The Automatic Stay Does Not Apply to Proceeds Payable to Mr. Neugebauer from the Federal Policy Because Those Proceeds Are Not Estate Property**

14. When determining whether policy proceeds are property of the estate, courts are guided by the language and scope of the policy at issue. *See In re Allied Digital Techs. Corp.*, 306 B.R. 505, 509 (Bankr. D. Del. 2004). The prevailing view in this district and others is that, if a policy provides direct coverage to directors and officers that is superior to that of the debtor, then the policy proceeds are *not* property of the estate. *See, e.g., Downey*, 428 B.R. at 608; *In re World Health Alternatives, Inc.*, 369 B.R. 805, 811 (Bankr. D. Del. 2007); *Allied Digital Techs.*, 306 B.R. at 510. This principle is particularly appropriate if the policy (like the Federal Policy) contains an order of payment provisions that expressly subordinates a debtor's rights to policy proceeds to those of the debtor's directors and officers, and effectively allows the directors and officers to exhaust the policy's coverage. *See, e.g., World Health Alternatives*, 369 B.R. at 808 (finding that order of payment provision rendered subordinated coverage for debtor so remote that it was not reasonably probable that trustee would succeed on merits asserting that proceeds of policy were property of estate, in that "Trustee is no different than any third party plaintiff suing defendants covered by a wasting Policy"); *In re TierOne Corp.*, 2012 WL 4513554, at *3 (Bankr. D. Neb. Oct. 2, 2013) (finding that, "[t]he directors and officers have a right to make claims under the policies and to receive payment of the policy proceeds to the exclusion of the bankruptcy estate since they are the insureds who are first in line," and therefore, proceeds of the directors and officers policy were not property of estate).

15. Under the language of the Federal Policy and the facts present here, the Federal Policy proceeds payable to Mr. Neugebauer are not property of the Debtor's estate for several reasons. First, Mr. Neugebauer is entitled to coverage under Insuring Agreement (A), which provides direct coverage only to Insured Persons, not the Debtor. Furthermore, the Priority of Payments provision expressly provides that payments to Mr. Neugebauer under Insuring Agreement (A) shall be made before any other payments under Insuring Agreements (B) and (C) of the Federal Policy, thereby unambiguously subordinating the Debtor's rights in such proceeds. Accordingly, Insurance Agreement (A) proceeds plainly do not constitute property of the Debtor' estate.

16. Second, the potential for coverage to the Debtor under Insuring Agreement (B) does not alter this conclusion because the Debtor are highly unlikely to indemnify Mr. Neugebauer. Insuring Agreement (B) applies only to the extent of any indemnification or advancement the Debtor actually paid on behalf of the Insured Persons for losses on a covered claim. In several cases, this Court has made clear that indemnification coverage does not constitute property of the estate where indemnification is "hypothetical or speculative" and thus, "is no longer protecting the estate's other assets from diminution." *In re Downey Financial Corp.*, 428 B.R. 595, 606-607 (D. Del. 2010), and *In re Allied Digital Technologies Corp.,* 306 B.R. 505, 511-512 (Bankr. D. Del. 2004).

17. Here, the likelihood that the Debtor will indemnify Mr. Neugebauer, or any other Insured Person, is extremely remote. Mr. Neugebauer understands that the Debtor has not sought such coverage under Insuring Agreement (B). Moreover, the Debtor has not given any indication to Mr. Neugebauer that it has the intention, let alone the financial wherewithal, to advance his defense costs (or otherwise indemnify him) going forward. Because indemnification coverage is

speculative at best, Insuring Agreement (B) coverage provisions do not give the Debtor a property interest in the proceeds of the Federal Policy.[3]

18. Finally, Mr. Neugebauer is not aware of any pending Claims against the Debtor that would trigger coverage under Insuring Agreement (C), and, furthermore, any such claims would be stayed by section 362(a) of the Bankruptcy Code and subject to subordination under section 510(b) of the Bankruptcy Code. Thus, Insuring Agreement C proceeds, even if not contractually subordinated to Insuring Agreement (A) proceeds, are not necessary to protect the assets of the estate from diminution and are not property of the estate.

19. Notwithstanding the foregoing, and just like proceeds available under Insuring Agreement (B), the Federal Policy's Priority of Payments Provision unambiguously subordinates the Debtor' right to payment under Insuring Agreement (C) to Mr. Neugebauer's right to payment under Insuring Agreement (A) of the Federal Policy. Accordingly, if the policy proceeds were deemed property of estate, then the Debtor would be granted greater rights in the policy proceeds than it would have had outside of bankruptcy, contrary to established principles of bankruptcy law.

20. For these reasons, the Federal Policy proceeds are not property of the Debtor' estate, and thus, not subject to the automatic stay.

**B.    The Court Should, in the Alternative, Grant Relief from the Automatic Stay**

21. Even if the proceeds of the Federal Policy are subject to the automatic stay, the Court should grant relief from the stay so that Mr. Neugebauer can access the policy proceeds to pay for his defense costs and other covered Losses. *See In re Allied Digital Technologies Corp.,*

---

[3] There is an additional reason why the Debtor' potential coverage under Insuring Agreement (B)(1) should not preclude Mr. Neugebauer from obtaining coverage under Insuring Agreement (A): if the Debtor were to satisfy their obligations of advancement and indemnification to Mr. Neugebauer, Mr. Neugebauer presumably would no longer have any need for coverage from Federal under Insuring Agreement (A). In that situation, Federal would still be paying Mr. Neugebauer's losses, except it would be doing so indirectly through Insuring Agreement (B)(1) rather than directly through Insuring Agreement (A).

306 B.R. 505, 513 (holding in the alternative that, even if the policy proceeds were property of the estate, cause existed to lift the automatic stay). Courts in this and other districts have routinely granted such relief.[4]

22. Section 362(d)(1) of the Bankruptcy Code authorizes the Court to grant relief from the stay "for cause, including the lack of adequate protection of an interest in property of such property in interest[.]" 11 U.S.C. § 362(d)(1). In considering whether to grant relief from the stay under this provision, the Court should consider (1) "[w]hether any great prejudice to either the bankrupt estate or the debtor will result from a lifting of the stay" and (2) "[w]hether the hardship to the non-bankrupt party by maintenance of the stay considerably outweighs the hardship to the debtor." *In re Downey Fin. Corp.*, 428 B.R. 595, 609 (Bankr.D.Del.2010). As described below, these factors strongly weigh in favor of lifting the automatic stay.

23. First, there would not be any prejudice to the Debtor or its estate from lifting the stay to allow Federal to pay their coverage obligations to Mr. Neugebauer. Even if the Debtor's estate is deemed to have an interest in proceeds of the Federal Policy, that interest would not be impaired by lifting the automatic stay because the Debtor's interest is subordinated to that of Mr. Neugebauer. Stated simply, the Debtor would not be prejudiced by being held to the terms of its contract.

24. Second, absent stay relief, Mr. Neugebauer may suffer substantial and potentially irreparable harm. Without the Federal's Policy proceeds, Mr. Neugebauer would be denied resources to pay their attorney's fees and other defense costs in the Lawsuit, thereby undermining his ability to present an effective defense. Mr. Neugebauer thus "may suffer substantial and

---

[4] Refer to and incorporate the case law cited to in paragraph #14 above and the details regarding the Directors and Officers Policy related to the coverage at issue.

irreparable harm if prevented from exercising their rights to defense payments." *In re Allied Digital*, 306 B.R. at 514 (Bankr. D. Del. 2004); *Downey*, 428 B.R. at 610; *World Health Alternatives*, 369 B.R. at 809; *In re TierOne Corp.*, 2012 WL 4513554, at *2 and 3.

25. In short, the balance of equities is not a close question here and weighs heavily in favor of Mr. Neugebauer. Absent stay relief, Neugebauer may face significant and potentially irreparable harm, as he would be deprived of needed funds to which he is unambiguously entitled to fund the defense of the Lawsuit. For the foregoing reasons, Mr. Neugebauer respectfully requests that the Court modify the automatic stay, to the extent applicable, to allow Federal to advance and/or reimburse the defense costs and other losses pursuant to the terms of the Federal Policy.

## WAIVER OF BANKRUPTCY RULE 4001(a)(3)

26. Bankruptcy Rule 4001(a)(3) provides that "[a]n order granting a motion for relief from an automatic stay made in accordance with Rule 4001(a)(1) is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise." Fed. R. Bankr. P. 4001(a)(3). Mr. Neugebauer requests that any order granting this Motion and modifying the automatic stay, to the extent applicable, be effective immediately.

## NOTICE

27. Notice of this Motion has been given to: (i) counsel to the chapter 7 trustee; (ii) counsel to the Debtor; (iii) counsel to Federal; (iv) the Office of the United States Trustee for the District of Texas; and (v) all parties who have requested to receive notice in these cases pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, Mr. Neugebauer submits that no other or further notice is necessary.

28. No prior motion for the relief sought herein has been made by Mr. Neugebauer in

this or any other Court.

WHEREFORE, for the reasons stated above, Mr. Neugebauer respectfully requests the Court enter the Proposed Order and grant such other and further relief as is just and proper.

Respectfully submitted,

**ROBERTS MARKEL WEINBERG BUTLER HAILEY P.C.**

_/s/ Gregory B. Godkin_

**GREGORY B. GODKIN**
TBA No. 24002146
317 Grace Lane, Suite 140
Austin, Texas 78746
Telephone: (512) 279-7344
ggodkin@rmwbh.com

-and-

**THE TEXAS TRIAL GROUP, PC**
Ryan Downton (TX 24036500)
875 Carr 693, Ste. 103
Dorado, PR 00646
Telephone: (512) 680 7947
Email: ryan@thetexastrialgroup.com
**ATTORNEYS FOR MOVANT TOBY NEUGEBAUER**

## CERTIFICATE OF CONFERENCE

I hereby certify that I conferred with counsel to the Trustee on July 18, 2024 and the Trustee is still reviewing said Motion to determine whether he is opposed or unopposed.

*/s/ Ryan Downton*
RYAN DOWNTON

## CERTIFICATE OF SERVICE

I hereby certify that pursuant to the Rules, a true and correct copy of the foregoing instrument was served upon all counsel of record through the electronic filing service provider on July 22, 2024.

GREGORY B. GODKIN