CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**ENTERED**

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed January 24, 2025**

**United States Bankruptcy Judge**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | Case No. 23-30246-mvl-7 |
| WITH PURPOSE, INC., | § | |
| | § | (Chapter 7) |
| Debtor. | § | |
| | § | |

**ORDER GRANTING TRUSTEE'S MOTION FOR APPROVAL OF COMPROMISE AND SETTLEMENT WITH, AND SALE TO, JACKSON INVESTMENT GROUP, LLC**

CAME ON FOR HEARING the *Trustee's Motion for Approval of Compromise and Settlement Under Bankruptcy Rule 9019 and Sale of Assets* [docket no. 258] (the "Motion"), filed by Scott M. Seidel (the "Trustee"), the duly appointed Chapter 7 trustee of With Purpose, Inc. (the "Debtor"), the debtor in this bankruptcy case (the "Bankruptcy Case"), and of its bankruptcy estate (the "Estate"). By the Motion, the Trustee requests the Court's approval of the *Agreement* attached as Exhibit A to the Motion and introduced into evidence at said hearing (the "Agreement") between the Trustee and GloriFi Acquisitions, LLC (the "Agent"), as part of an overall settlement (the "Proposed Settlement") between the Trustee and Jackson Investment Group, LLC ("JIG").

Capitalized terms used in this Order and not defined herein have the meanings assigned to them in the Agreement. The Trustee provided proper, timely, adequate and sufficient notice of, and a fair and reasonable opportunity to object and be heard, with respect to the Motion and the hearings related thereto.

On January 22, 2025, the Court entered its *Memorandum Opinion Denying Conversion to Chapter 11 and Granting the Trustee's Compromise with Jackson Investment Group Pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure* [docket no. 396] (the "Memorandum Opinion"). For the reasons stated in the Memorandum Opinion,[1] including the Court's core jurisdiction to enter this Order, it is hereby:

ORDERED that the Motion is GRANTED as provided for herein; it is further

ORDERED that any objections to the Motion or the relief requested therein that have not been withdrawn, waived or settled and all reservations of rights are OVERRULED on the merits with prejudice; it is further

ORDERED that the Proposed Settlement is APPROVED; it is further

ORDERED that the Agreement is APPROVED and that it shall govern according to its terms, and that the Trustee is authorized and directed to immediately execute and deliver the Agreement and all related documents, and thereafter, is authorized without need for further order to implement, effectuate, and perform the Agreement; it is further

ORDERED that the Agreement shall be effective only upon the payment of the $6,100,000.00 consideration under the Agreement to the Trustee, less the $250,000.00 previously

[1] The findings and conclusions of law set forth herein and in the Memorandum Opinion constitute the Court's findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent any of the findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the conclusions of law constitute findings of fact, they are adopted as such. The Court's findings also shall include any oral findings of fact and conclusions of law made by the Court on December 6, 2024.

deposited as earnest money, immediately upon which the Trustee shall file a notice of the receipt of such funds with the Court; it is further

ORDERED that, without limiting the generality of the foregoing approval of the Agreement, the Agent shall at all times reasonably and timely consult with the Trustee with respect to material decisions, that are otherwise the Agent's decisions under the Agreement, regarding whether to prosecute Estate causes of action, not to prosecute them, negotiations regarding the same, and all issues related to potentially settling, abandoning, or otherwise disposing of Estate causes of action, which obligation shall be actionable under this Order even if not expressly stated in the Agreement, and which obligation the Agent agrees to pursuant to its signature to this Order below; it is further

ORDERED that the Agent shall have all authority and agency over Estate Causes of Action as provided for in the Agreement, including section 21 thereof, and may appear and be heard in any court, and prosecute any Estate Cause of Action, for and in the name of the Estate, subject to the Joint Prosecution Agreement, the Agreement, and all provisions of this Order applicable to the same; it is further

ORDERED that the $6,000,000.00 payment to the Trustee under section 17 of the Agreement shall be free and clear, unencumbered funds and property of the Estate; it is further

ORDERED that the sale of the following property of the Estate: (i) the Debtor's Estate's rights to the Agent under the Agreement and the Joint Prosecution Agreement; (ii) all rights of the Debtor and the Estate to the name "GloriFi," including in any trademark; and (iii) all stock, shares, or similar expressions of equity ownership in each of the Debtor's subsidiaries, shall, pursuant to 11 U.S.C §§ 363(b) and (f) (including but not limited to (f)(4)), be free and clear of all liens, claims, interests, and encumbrances of any kind or type, and the Trustee is authorized and directed to

execute and to deliver to the Agent such documents and instruments as may be prepared by the Agent and as may be reasonably necessary or advisable to evidence such sale, and that all such liens, claims, interests and encumbrances as may exist or be asserted against items (ii) and (iii) in this paragraph shall be adequately protected by attaching to the $100,000.00 payment to the Trustee under section 17 of the Agreement with the same validity, extent, and priority as otherwise exists, but subject to all defenses, avoidance actions, and other rights of the Trustee regarding the same, and that the Trustee may not use any portion of said $100,000.00 pending further order of the Court; it is further

ORDERED that the foregoing sale of property of the Estate within the meaning of 11 U.S.C. § 541(a) shall be without warranty and on an "as is, where is" basis; it is further

ORDERED that effective as of the closing date for the Agreement, the sale and assignment of the purchased Estate property to the Agent shall constitute a legal, valid and effective transfer, notwithstanding any requirement for approval or consent by any person, and will vest the Agent with all right, title and interest of the Debtor and Trustee in and to the purchased Estate property, free and clear of all liens, claims, interests and encumbrances of any kind or type pursuant to 11 U.S.C. § 363(f); it is further

ORDERED that all parties-in-interest, including each creditor, are COMMANDED and ENJOINED from interfering in any way with, or contesting the ownership of, or asserting any liens, claims, interests, and encumbrances against, the Agent or as to the purchased Estate property, and all persons or entities in possession or control of any of the purchased Estate property are directed to surrender possession or control to the Agent on the Agreement closing date or as soon thereafter as able; it is further

ORDERED that the provisions of this Order authorizing the sale and transfer of the purchased Estate property shall be self-executing, and: (i) all liens, claims, interests, and encumbrances on the purchased Estate property shall be unconditionally released, discharged and terminated as to the Agent and the purchased Estate property; (ii) neither the Trustee nor the Agent shall be required to execute or file releases, termination statements, assignments, consents or other instruments in order to effectuate, consummate or implement the provisions of this Order; and (iii) the Trustee and Agent shall be authorized, but not directed, to file any such releases, termination statements, assignments, consents or other instruments in any jurisdiction to record the release, discharge and termination of the liens, claims, interests, and encumbrances on the purchased Estate property pursuant to the terms of this Order including filing, registering or otherwise recording a certified copy of this Order which, once filed, registered or otherwise recorded, shall constitute conclusive evidence of the release of all liens, claims, interests, and encumbrances on the purchased Estate property; it is further

ORDERED that all governmental units are COMMANDED and ORDERED to effectuate the sale of the purchased Estate property including, if necessary, to accept for filing or recording this Order and any reasonably appropriate document or instrument from the Agent evidencing such sale, and this Order is deemed to be in recordable form sufficient to be placed in the filing or recording system of each and every federal, state, local, tribal or foreign government agency, department or office; it is further

ORDERED that any proceeds or recoveries that may be collected by Agent, including with respect to the payment of any Special Counsel's (as defined in the Agreement) fees or expenses and including with respect to the Preference (as defined in the Agreement), shall be property of the Estate, subject to the rights of the Agent thereto and subject to alleged security interests and

liens that may exist, and the Agent shall account to the Trustee and the Estate for all such proceeds or recoveries and may not effectuate a setoff against the same without approval of the Court; it is further

ORDERED that the Preference to be paid to the Agent, is fair and reasonable, and is APPROVED, without need for further application or order; it is further

ORDERED that, with respect to the Agent Expenses as provided in section 35 of the Agreement, the Court shall retain exclusive jurisdiction to determine any disputes regarding same, and that any of the Trustee or the Agent may seek one or more orders from this Court determining the same; it is further

ORDERED that the Agent shall have unavoidable, first-priority and perfected security interests and liens in all Unencumbered Net Proceeds (which, for the avoidance of doubt, does not include any of the $6,100,000.00 paid to the Trustee under section 17 of the Agreement), and unavoidable, second-priority and perfected security interests in all Encumbered Net Proceeds, as provided for in section 36 of the Agreement, without need for recording any U.C.C. financing statements, but which statements the Agent may record notwithstanding the automatic stay and without need for further order; it is further

ORDERED that, section 38 of the Agreement notwithstanding, the Trustee may not distribute any of the Unencumbered Net Proceeds without further order of the Court upon such motion as is appropriate, but the Trustee shall use his reasonable, good faith efforts to seek such relief when there are sufficient Unencumbered Net Proceeds, and the Agent may seek such relief at any time by appropriate motion; it is further

ORDERED that, with respect to any Encumbered Net Proceeds, the same may not be used or distributed by the Trustee pending an adjudication of alleged security interest and lien rights, and subject to the Estate's rights under 11 U.S.C. § 506(c); it is further

ORDERED that, for the avoidance of doubt, nothing in the Agreement or this Order permits the payment of any administrative expense, including professional fees, for which approval of the Court is otherwise required, unless and until such approval is otherwise sought and obtained as is otherwise appropriate; it is further

ORDERED that nothing in the Memorandum Opinion or this Order determines or prejudices any asserted security interest or lien against any Estate cause of action, and that all such alleged security interests and liens, as well as all defenses, avoidance actions, and other issues and claims related to the same are fully preserved; it is further

ORDERED that Claim No. 45, filed by JIG, is ALLOWED as a general unsecured claim in the amount of $10,000,000.00; it is further

ORDERED that, for the avoidance of doubt, the retention of Special Counsel (as defined in the Agreement) shall be subject to such approval by the Court as is otherwise appropriate; it is further

ORDERED that, for purposes of the investigation, prosecution, and potential recovery of Estate claims under the Agreement, the Trustee and the Agent shall share attorney-client and attorney work-product privileges with the Special Counsel; it is further

ORDERED that, for the avoidance of doubt, the Court's approval of the Agreement is *in toto* and the failure to specifically recite any provision of the Agreement in this Order in no way diminishes its effectiveness; it is further

ORDERED that the Agent is not a successor to, alter ego of or continuation of the Debtor under any theory of law or equity; it is further

ORDERED that the Agent is not assuming, nor be deemed to have assumed, any liability or obligation of the Debtor or its Estate; it is further

ORDERED that the automatic stay pursuant to 11 U.S.C. § 362 is hereby modified to the extent necessary, without further order of the Court, to allow the Agent to deliver any notice provided for in the Agreement and to take any and all actions permitted or required under the Agreement in accordance with the terms and conditions thereof; it is further

ORDERED that the Agent is a good-faith purchaser within the meaning of 11 U.S.C. § 363(m) and is entitled to the protections afforded thereby, and neither the Trustee nor the Agent have engaged in any conduct that would cause or permit the Agreement or any of the transactions contemplated thereby to be avoided or subject to monetary damages under 11 U.S.C. § 363(n), or that would prevent the application of 11 U.S.C. §§ 363(m) or 364(e); it is further

ORDERED that to the extent this Order is inconsistent with any prior order or pleading in this Chapter 7 case, the terms of this Order shall govern. To the extent there is any inconsistency between the terms of this Order, the Memorandum Opinion, the December 6, 2024 preliminary oral bench ruling, and the terms of the Asset Purchase Agreement, the terms of this Order shall govern; it is further

ORDERED that this Order constitutes a final order within the meaning of 28 U.S.C. § 158(a), and notwithstanding the provisions of Bankruptcy Rules 6004(h) and 6006(d), and pursuant to Bankruptcy Rules 7062 and 9014, and any applicable local rules, this Order shall not be stayed and shall be effective and enforceable immediately upon its entry, and time is of the

essence in closing the transactions referenced herein in order to preserve value for the Estate, and Trustee and Agent are hereby authorized to close the Agreement as soon as practicable; it is further

ORDERED that the Court shall retain jurisdiction over the Agreement and the parties to the Agreement in full, including to interpret and to enforce the Agreement, which jurisdiction shall be core, including to supervise the Agent, grant relief to the Agent, control all funds and proceeds collected by the Agent, to approve compromises reached by the Agent as provided for in the Agreement, and to remove the Agent as provided for in the Agreement.

### END OF ORDER ###

AGREED:

| | |
|---|---|
| **MUNSCH HARDT KOPF & HARR, P.C.**<br><br>By: /s/ Davor Rukavina<br>Davor Rukavina, Esq.<br>Texas Bar No. 24030781<br>Thomas D. Berghman<br>Texas Bar No. 24082683<br>Brenda L. Funk<br>Texas Bar No. 24012664<br>Conor P. White<br>Texas Bar No. 24125722<br>4000 Ross Tower<br>500 N. Akard Street<br>Dallas, Texas 75201-6659<br>Telephone: (214) 855-7500<br>Facsimile: (214) 855-7584<br>Email: drukavina@munsch.com<br><br>**COUNSEL FOR SCOTT SEIDEL, CHAPTER 7 TRUSTEE** | By: Paul M. Rosenblatt *(w/permission)*<br><br>**KILPATRICK TOWNSEND & STOCKTON LLP**<br><br>Paul M. Rosenblatt, Esq.<br>Northern District of Texas Bar No. 614522GA<br>1100 Peachtree Street NE, Suite 2800<br>Atlanta, GA 30309-4528<br>-and-<br>2001 Ross Avenue<br>Suite 4400<br>Dallas, TX USA 75201<br>Telephone: (404) 815-6321<br>Facsimile: (404) 541-3373<br>Email: prosenblatt@kilpatricktownsend.com<br><br>**COUNSEL TO JACKSON INVESTMENT GROUP, LLC AND GLORIFI ACQUISITIONS, LLC** |