**BONDS ELLIS EPPICH SCHAFER JONES LLP**
Joshua N. Eppich (TX 24050567)
Eric T. Haitz (TX 24101851)
C. Joshua Osborne (TX 24065856)
420 Throckmorton Street, Suite 1000
Fort Worth, Texas 76102
(817) 405-6900 telephone
(817) 405-6902 facsimile
Email: joshua@bondsellis.com
Email: eric.haitz@bondsellis.com
Email: c.joshosborne@bondsellis.com

*Co-Counsel for the Collateral Agent*

**THE TEXAS TRIAL GROUP, PC**
Ryan Downton (TX 24036500)
875 Carr 693, Ste. 103
Dorado, PR 00646
Telephone: (512) 680 7947
Email: ryan@thetexastrialgroup.com

*Co-Counsel for the Collateral Agent*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | Chapter 7 |
| WITH PURPOSE, INC., | § | |
| | § | Case No. 23-30246-mvl-7 |
| Debtor. | § | |

**COLLATERAL AGENT'S JOINDER IN DEBTOR'S EMERGENCY MOTION TO STAY PENDING APPEAL AND REQUEST FOR ALTERNATIVE RELIEF**

TO THE HONORABLE MICHELLE V. LARSON, U.S. BANKRUPTCY JUDGE:

COMES NOW WPI Collateral Management, LLC the collateral agent for certain secured creditors (the "Collateral Agent") in the above-styled bankruptcy case (the "Bankruptcy Case") and files this *Joinder in Debtor With Purpose Inc.'s Emergency Motion to Stay Pending Appeal and Request for Alternative Relief* ("Debtor's Motion to Stay"), respectfully stating as follows:

1.  The Debtor seeks an Order requiring the Trustee to file suit against the DEGA Defendants as part of the Debtor's Motion to Stay. The Collateral Agent joins that request and adopts the Debtor's arguments. However, rather than request an order requiring the Trustee to file a lawsuit, the Collateral Agent instead requests that the Court enter an order allowing the Collateral Agent to bring claims against the DEGA Defendants derivatively on behalf of the With Purpose,

1

Inc. Bankruptcy Estate because the Trustee has either refused to bring or indicated an intention to abandon such claims.

2. "[D]erivative standing is available to a creditor to pursue [claims] when it shows that a Chapter 7 trustee … is 'unable or unwilling' to do so. In so holding, we join those circuits that have addressed this issue and uniformly recognized the possibility of derivative standing in this context." *Racing v. North Dakota*, 540 F.3d 892, 898 (8th Cir. 2008), collecting cases including *La. World Exposition v. Fed. Ins. Co.*, 858 F.2d 233, 247-48 (5th Cir. 1988). To establish derivative standing, a creditor like the Collateral Agent must show:

> [T]o establish derivative standing, a creditor must show: (1) it petitioned the trustee to bring the claims and the trustee refused; (2) its claims are colorable; (3) it sought permission from the bankruptcy court to initiate an adversary proceeding; and (4) the trustee unjustifiably refused to pursue the claims. We expect in most cases creditors will readily satisfy the first three elements without much difficulty — petitioning the trustee and bankruptcy court ought to be mere formalities. And a creditor's claims are colorable if they would survive a motion to dismiss.

*Racing*, 540 F.3d at 890. Here, the Collateral Agent has established the first three elements "without much difficulty," because it: (1) made demand on the Trustee; (2) even the Trustee has admitted that claims are "colorable"; and (3) the Collateral Agent is now seeking permission from the Bankruptcy Court to initiate a lawsuit on behalf of the Estate.

3. "A creditor's request for derivative standing must be supported by competent evidence, for example, in the form of affidavits or through oral testimony at an evidentiary hearing." *Id.* Here, the Court heard nearly ten days of evidence concerning some of the claims the Collateral Agent seeks to bring. Of course, the Collateral Agent could not present evidence on other claims because it did not get an opportunity to conduct third-party discovery and obtain evidence from potential defendants like Citadel and Strive.

4. The Eighth Circuit went on to explain, "The real challenge for the creditor will be to persuade the bankruptcy court that the trustee unjustifiably refuses to bring its claims." *Id.* The

Trustee has argued in the past that he cannot bring claims against the DEGA Defendants because of: (1) lack of resources; and (2) his agreement with the Jackson Investment Group ("JIG"). While such excuses may justify the Trustee's refusal to bring claims *himself* on the Estate's behalf, they fall into the category of "unjustifiable refusal" in the derivative context. The Sixth Circuit addressed a similar situation in *In re Trailer Source*, 555 F.3d 231, 243 (6th Cir. 2009):

> [A] trustee in Chapter 7 proceedings may decline to pursue meritorious and potentially sizeable claims simply because there are inadequate funds in the estate to pay litigation expenses. Indeed, that appears to be the case here. The trustee explained that he 'didn't have any money in the case' and that 'economics' was part of reason that he did not pursue the avoidance claims…

*Id.* at 243. But the court went on to authorize derivative standing for a creditor:

> Just as conflicts of interest may lead to under-enforcement of avoidance claims by debtors-in-possession in Chapter 11 proceedings, a lack of available funds may lead to under-enforcement by trustees in Chapter 7 proceedings. In this situation, we believe that bankruptcy courts should be able to authorize derivative standing for creditors willing and able to prosecute colorable claims that may enhance the value of the bankruptcy estate in Chapter 7 proceedings.

*Id.* at 244. Here, the Collateral Agent is a creditor that is willing and able to "prosecute colorable claims" derivatively on behalf of the Estate.

5. The Eighth Circuit did not set forth "the type of factual showing that would demonstrate a trustee unjustifiably refuses to pursue a creditor's claims," but noted, "a trustee almost certainly abuses his discretion by refusing to bring a creditor's claim that, if successful, would *clearly* benefit the estate." *Racing Servs.,* 540 F.3d at 900 (emphasis in original). Here, there is no doubt that the Collateral Agent's successful prosecution of claims seeking over a billion dollars in damages would *clearly* benefit the Estate.

6. The Collateral Agent proposes to derivatively pursue any claims against the DEGA Defendants that the Court rules it does not own following the Court's ruling on the matters at issue in the adversary proceeding trial that took place from December 9 to 12, 2024 (the "Claim

3

Ownership Trial") including, but not limited to, any of the four currently pending Arbitrations (as noted in Collateral Agent trial exhibits 210 to 213), breach of fiduciary duty claims, commercial tort claims, RICO claims, and breach of contract claims. The Collateral Agent would pursue such claims utilizing a hybrid fee arrangement previously agreed to by the Trustee in connection with the now abandoned 9019 Agreement between the Trustee and the Collateral Agent [Dkt. 223-1], with a potential litigation funding agreement supporting the hourly component of the hybrid fees and all expenses. As with any derivative claim, the Collateral Agent proposes to return 100% of proceeds of the derivative litigation to the Estate after payment of all attorneys' fees (and reimbursement of any litigation funding pursuant to its terms).

7. The Collateral Agent's pursuit of the derivative claims will cause no delay to the Estate because the derivative claims will be initiated at the same time the Estate initiates claims against Mr. Neugebauer and any of the dozens of others who received demand letters from the Estate's proposed special counsel.

8. Finally, to the extent any person argues that the Court should not grant derivative standing because the Trustee believes the Collateral Agent improperly filed a lawsuit attempting to pursue Estate claims (which it did not), "bankruptcy courts may retroactively grant a creditor derivative standing." *Racing Servs.*, 540 F.3d at 903–04; *See also Springs East Land Co. v. Goss (In re Ellicott Springs Resources, LLC)*, 485 B.R. 626, 639 (Bankr. D. Colo. 2013) (In most cases, regardless of whether a creditor seeks permission before or after filing its complaint, the bankruptcy court will expend similar resources when considering the creditor's request to proceed derivatively…. [Any other ruling] confuses the effect of filing a suit with the effect of its prosecution—only the latter threatens the efficient administration of the bankruptcy estate."). In other words, to the extent the Court rules that any of the claims currently pending in either the

Georgia or Delaware Litigation belong to the Estate, the Court should award the Collateral Agent derivative standing to pursue them given the Trustee's stated intention to abandon such claims rather than pursue them as a result of its agreement with JIG. *See Artesanias Hacienda Real S.A. De C.V. v. North Mill Capital, LLC (In re Wilton Armetale, Inc.)*, 968 F. 3d 273 (3rd Cir. 2020) (In vacating dismissal of creditor's lawsuit: "[w]hen the trustee formally abandoned the estate's claims against those defendants, he returned the power to pursue those claims to the creditor").

## CONCLUSION

9. The Collateral Agent has met its burden to obtain derivative standing. Accordingly, to the extent the Court decides not to order the Trustee to file any lawsuits, the Collateral Agent asks for the Court's permission to derivatively pursue any and all claims against the DEGA Defendants that it does not own as a result of the Court's ruling on the Claim Ownership Trial for the Estate's benefit. The Collateral Agent also asks that the Court enter an order allowing it to pursue all claims derivatively for the Estate immediately to avoid any potential limitations issue, with the ability to substitute itself as Plaintiff for all claims the Court decides the Collateral Agent owns in the Court's ruling on the Claim Ownership Trial.

Dated: February 2, 2025                    Respectfully submitted,

*/s/ Ryan Downton*

**BONDS ELLIS EPPICH SCHAFER JONES LLP**

Joshua N. Eppich (TX 24050567)
Eric T. Haitz (TX 24101851)
C. Joshua Osborne (TX 24065856)
420 Throckmorton Street, Suite 1000
Fort Worth, Texas 76102
(817) 405-6900 telephone
(817) 405-6902 facsimile
Email: joshua@bondsellis.com

Email: eric.haitz@bondsellis.com
Email: c.joshosborne@bondsellis.com

-and-

**THE TEXAS TRIAL GROUP, PC**
Ryan Downton (TX 24036500)
875 Carr 693, Ste. 103
Dorado, PR 00646
Telephone: (512) 680-7947
Email: ryan@thetexastrialgroup.com

*Counsel for the Collateral Agent*

## CERTIFICATE OF SERVICE

I certify that on February 2, 2025, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Northern District of Texas.

*/s/ Eric T. Haitz*

Eric T. Haitz