Davor Rukavina
Texas Bar No. 24030781
Thomas D. Berghman
Texas Bar No. 24082683
Conor P. White
Texas Bar No. 24125722
MUNSCH HARDT KOPF & HARR, P.C.
500 N. Akard Street, Suite 4000
Dallas, Texas 75201-6659
Telephone: (214) 855-7500
Facsimile: (214) 855-7584

COUNSEL FOR
SCOTT M. SEIDEL, TRUSTEE

Chase J. Potter
Texas State Bar No. 24088245
potter@imcplaw.com
Joshua L. Shepherd
Texas State Bar No. 24058104
shepherd@imcplaw.com
IACUONE MCALLISTER POTTER PLLC
Energy Square One
4925 Greenville Ave., Suite 1112
Dallas, Texas 75206
Telephone: (214) 432-1536

COUNSEL FOR THE AGENT AND
SPECIAL COUNSEL FOR THE TRUSTEE

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **In re:** | § | |
| | § | **Chapter 7** |
| **WITH PURPOSE, INC.,** | § | |
| | § | **Case No. 23-30246-mvl-7** |
| **Debtor.** | § | |

# TRUSTEE'S NOTICE REGARDING DATA HOSTING PLATFORM AND MOTION TO PAY ASSOCIATED EXPENSES

**NO HEARING WILL BE CONDUCTED HEREON, AND ANY HEARING SCHEDULED HEREON MAY BE CANCELLED WITHOUT FURTHER NOTICE, UNLESS A WRITTEN RESPONSE IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT, 1100 COMMERCE STREET, SUITE 1254, DALLAS, TEXAS 75242 BEFORE CLOSE OF BUSINESS ON SEPTEMBER 15, 2026, WHICH IS AT LEAST 21 DAYS FROM THE DATE OF SERVICE HEREOF.**

**ANY RESPONSE SHALL BE IN WRITING AND FILED WITH THE CLERK, AND A COPY SHALL BE SERVED UPON COUNSEL FOR THE MOVING PARTY PRIOR TO THE DATE AND TIME SET FORTH HEREIN. IF A RESPONSE IS FILED A HEARING MAY BE HELD WITH NOTICE ONLY TO THE OBJECTING PARTY.**

**IF NO HEARING ON SUCH NOTICE OR MOTION IS TIMELY REQUESTED, THE RELIEF REQUESTED SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT OR THE NOTICED ACTION MAY BE TAKEN, AND THE HEARING SCHEDULED ON THIS MOTION MAY BE CANCELLED, WITHOUT FURTHER NOTICE.**

TO THE HONORABLE MICHELLE V. LARSON,
UNITED STATES BANKRUPTCY JUDGE:

Scott M. Seidel (the "Trustee"), the duly appointed chapter 7 trustee in the above-captioned bankruptcy case (the "Bankruptcy Case"), files this *Notice Regarding Data Hosting Platform and Motion to Pay Associated Expenses* (the "Motion"), respectfully stating as follows:

## I. JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## II. BACKGROUND

2. On February 8, 2023 (the "Petition Date"), With Purpose, Inc. (the "Debtor") filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code[1], thereby initiating the Bankruptcy Case and creating its bankruptcy estate (the "Estate").

3. On March 9, 2023, the Trustee filed his *Revised Application to Employ Munsch Hardt Kopf & Harr, P.C. as General Counsel* [Dkt. No. 35] seeking to employ the law firm of Munsch Hardt Kopf & Harr, P.C. ("General Counsel" or "Munsch Hardt") as the Trustee's general counsel. On May 19, 2023, the Court entered its *Order Approving Trustee's Revised Application to Employ Munsch Hardt Kopf & Harr, P.C. as General Counsel* [Dkt. No. 52]. The Court authorized the Trustee to retain Munsch Hardt as general counsel as of February 10, 2023.

4. Upon his appointment, the Trustee spent significant time locating and collecting documents from numerous repositories. First and foremost, the Trustee collected a sizable hard drive containing a substantial amount of the Debtor's electronic information from Toby

[1] 11 U.S.C. §§ 101, *et seq.*

Neugebauer, and ingested a multitude of documents from certain of the Debtor's former employees' email domains. Further, a former director and officer of the Debtor provided a thumb drive to the Trustee containing highlighted and specific information relevant to claims and investigations. The Trustee further undertook 2004 examinations of relevant parties with non-Debtor email domains for collection, including former directors and officers, the client file of the Debtor's former counsel, and the Debtor's former auditor. The Trustee likewise issued requests for information and bank records from the Debtor's multiple banks pursuant to Section 542, including Frost Bank, Silicon Valley Bank, Origin Bank, Evolve Bank, and Transpecos Bank. All told, the Trustee has expended substantial time and effort to collect the Debtor's electronic information and records (collectively, the "Data"), efforts which continue as reasonable and necessary.

5. In total, the Data is comprised of 1,165,463 individual documents, requiring 375.80 gigabytes of electronic storage space (which equates to more than 1/3 of a terabyte of storage space). In order to store and manage this massive amount of Data, the Trustee utilizes CS DISCO ("DISCO"), a well-known cloud-based e-discovery platform, to host the Data in a designated database (the "DISCO Database").

6. DISCO charges for its services based upon the amount of data which a customer hosts on its platform. In the instant case, hosting the 375.80 gigabytes of Data results in an expense to the Estate of $7,516.00 per month[2], or $90,192.00 a year (the "DISCO Expense"). Throughout the Bankruptcy Case, Munsch Hardt has maintained the administrative privileges with DISCO for

[2] This rate is approximately 1/3 less than the typical rate charged by DISCO, a result achieved through successful negotiations by the Trustee, through counsel.

the DISCO Database. Historically, Munsch Hardt has paid the DISCO Expense monthly, followed by application to the Court for approved reimbursement by the Estate.

7. On January 24, 2025, the Court entered its *Order Granting Trustee's Motion for Approval of Compromise and Settlement With, and Sale To, Jackson Investment Group, LLC* [Dkt. No. 399] (the "9019 Order"), thereby approving the *Agreement* [Dkt. No. 409-1] (the "JIG 9019") between the Trustee and GloriFi Acquisitions, LLC (the "Agent").

8. Thereafter, by Order entered on May 22, 2025 [Dkt. No. 537], the Court approved the Trustee's retention of the law firm of Iacuone McAllister Potter PLLC ("Special Counsel" or "IMcP"), to serve as special counsel to the Trustee for the Estate.

9. Represented by Special Counsel, the Trustee instituted multiple different adversary proceedings against multiple different defendants in order to pursue valuable Estate causes of action. Whether pending before this Court, the District Court, or in arbitration, there remain many separate and active proceedings (collectively, the "Litigation").

## III. RELIEF REQUESTED

### A. Notice of Transfer of Administrative Privileges

10. By this Motion, the Trustee hereby provides Notice that, while still under the ultimate control of the Trustee, the administrative privileges to the DISCO Database have been transferred from Munsch Hardt, as General Counsel, to IMcP, Special Counsel. It is critical that the Trustee have the ability to retain and continue to use the Data in connection with the prosecution of the Litigation and the liquidation of the Estate causes of action. To this end, it is more efficient for IMcP, as counsel primarily responsible for the Litigation, to have the administrative privileges to the DISCO Database. Accordingly, in the best interests of the Estate, the Trustee has made the decision to transfer these administrative privileges from his General

Counsel to his Special Counsel.

**B. Payment of the DISCO Expense**

11. The DISCO Expense constitutes an expense incurred in connection with the Litigation. In turn, the terms of the JIG 9019 state: "Expenses and costs incurred by Special Counsel in pursuit of the litigation pursuant to the JPA shall be paid by the Estate ("Special Counsel Expenses"), including from the $6M Payment." [Dkt. No. 409-1, ¶ 34].

12. By this Motion, pursuant to section 363(b)(1) of the Bankruptcy Code, the Trustee also seeks the authority to pre-pay the DISCO Expense for hosting the Data in the DISCO Database for the next twelve (12) months. With this request, the Trustee seeks authority from the Court to pay, without the need for any further order of this Court (other than the Court's order granting this Motion), an amount of up to $150,000.00 for the DISCO Expense.

13. The Trustee, "after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). "Section 363 of the Bankruptcy Code addresses the debtor's use of property of the estate and incorporates a business judgment standard. . . . The business judgment standard in section 363 is flexible and encourages discretion." *ASARCO, Inc. v. Elliott Mgmt. (In re Asarco, L.L.C.)*, 650 F.3d 593, 601 (5th Cir. 2011).

14. Here, in connection with the prosecution of the Litigation expressly authorized and contemplated under the JIG 9019 for the benefit of the Estate, it is imperative that the Data be maintained in the DISCO Database for immediate use by the Trustee and Special Counsel. As such, the Trustee's proposed use of Estate funds to pay the DISCO Expenses constitutes a sound business purpose and reasonable business judgment.

15. As referenced above, the current monthly charge results in an annual DISCO

Expense of $90,192.00. That said, the Trustee anticipates that through the normal course of discovery in the various proceedings comprising the Litigation, additional documents will necessarily be added to the Data and stored in the DISCO Database. Indeed, the Trustee is actively engaged in the exchange of discovery with multiple defendants wherein Special Counsel anticipates large sets of documents will be produced. Accordingly, the cost of the DISCO Database will likely increase due to the greater storage space required to host these additions to the Data. It is this anticipated increase that gives rise to the Trustee's request for authority to utilize up to $150,000.00 for the DISCO Expense. Moreover, the Trustee reserves the right to file any supplemental motion(s) to authorize the payment of other costs associated with the Data or the DISCO Database moving forward, as may be necessary.

## IV. CONCLUSION AND PRAYER

WHEREFORE, premises considered, the Trustee respectfully requests that this Court enter an order: (a) approving the Motion; (b) authorizing the Trustee to pay the DISCO Expenses, in an amount of up to $150,000.000, pursuant to section 363(b)(1) of the Bankruptcy Code; and (c) granting all other and further relief to which the Trustee may be entitled to at law or in equity.

**[*Remainder of page left intentionally blank*]**

Dated: August 25, 2026

Respectfully submitted,

*/s/ Chase J. Potter*

Chase J. Potter
Texas Bar No. 24088245
E-Mail: potter@imcplaw.com
Joshua L. Shepherd
Texas State Bar No. 24058104
E-Mail: shepherd@imcplaw.com
IACUONE MCALLISTER POTTER PLLC
Energy Square One
4925 Greenville Ave., Suite 1112
Dallas, Texas 75206
Telephone: (214) 432-1536

COUNSEL FOR THE AGENT AND
SPECIAL COUNSEL FOR THE TRUSTEE

**AND**

Davor Rukavina
Texas Bar No. 24030781
Thomas D. Berghman
Texas Bar No. 24082683
Conor P. White
Texas Bar No. 24125722
MUNSCH HARDT KOPF & HARR, P.C.
500 N. Akard Street, Suite 4000
Dallas, Texas 75201-6659
Telephone: (214) 855-7500
Facsimile: (214) 855-7584

COUNSEL FOR SCOTT M. SEIDEL, TRUSTEE

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on August 25, 2026, he caused true and correct copies of the foregoing document, and the accompanying proposed order, to be served (i) via the Court's CM/ECF system on all parties entitled to notice thereby, and (ii) via first-class United States mail, postage prepaid, upon the parties identified on the attached service list who are not registered CM/ECF participants.

By: */s/ Chase J. Potter*
Chase J. Potter